UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Veolia Propreté, formerly known as CGEA
Onyx, S.A. and SARP Industries Mexico S.A.      :    07 CV 5598 (AKH)
de C.V.,                                              ECF CASE
                           Plaintiffs,       :

          -against-                               :    PETITION TO
                                                     CONFIRM AN
                                                     ARBITRAL AWARD
Valores Ecológicos S.A. de C.V. and Hector      :
Vargas Garza,
                                                              :
                       Defendants.
                                                              :
-----------------------------------------------------------------x

Petitioners, Veolia Propreté, formerly known as CGEA Onyx, S.A. and SARP Industries Mexico S.A. de C.V., allege as follows:

## NATURE OF THE PROCEEDINGS

1.     This is a proceeding under the Federal Arbitration Act, 9 U.S.C. §§ 1 to 208, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 350 U.N.T.S. 3 ("the New York Convention").

2.     This petition seeks to confirm in the United States an arbitral award ("the Final Award") that was rendered on April 5, 2007, in New York, New York by a three-member arbitral panel of the Court of Arbitration of the International Chamber of Commerce ("the ICC Tribunal").  <u>Veolia Propreté, formerly known as CGEA Onyx, S.A. and SARP Industries Mexico S.A. de C.V. v. Valores Ecológicos S.A. de C.V. and Hector Vargas Garza.</u>; ICC Case No. 12 125/JNK/EBS.  A true and certified copy of the Final Award is included as Exhibit A.

3.     The Final Award of the ICC Tribunal, which concluded five years of arbitral proceedings, awarded petitioners Veolia Propreté and SARP Industries Mexico S.A. de C.V. (collectively "Veolia") $6,287,099.88 in damages and €2,943,624.40 in attorneys' fees and costs.

Final Award, Exhibit A, ¶ 279.  These amounts are to bear interest at the rate of 5% from the date of the Award.  Final Award, Exhibit A, ¶ 279

4. In addition to damages, Valores Ecológicos S.A. de C.V. and Hector Vargas Garza (collectively "Vargas") were ordered to pay Veolia $280,000 for the ICC's and the Tribunal's administrative expenses, which Veolia had already paid to the ICC.  Final Award, Exhibit A, ¶ 279(d).

## THE PARTIES

5. Petitioner Veolia Propreté, formerly known as Onyx S.A., CGEA Onyx S.A., and Compagnie Générale d'Enteprises Automobiles, S.A., is a corporation organized under the laws of the Republic of France with its head office located in Nanterre, France.  Veolia is an international waste management company with operations in the United States, Brazil and Hong Kong.

6. Petitioner SARP Industries Mexico S.A. de C.V. ("SARP") is a wholly owned subsidiary of Veolia Propreté established under the laws of Mexico with offices in San Pedro Garza Garcia, Mexico.

7. Defendant Valores Ecológicos S.A. de C.V. is a holding company organized under the laws of the United Mexican States with offices located in San Pedro Garza Garcia, Mexico.

8. Defendant Hector Vargas Garza is a citizen of Mexico.  Vargas Garza and his family own Valores Ecológicos S.A. de C.V.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203.

10. This Court has jurisdiction over the Vargas parties by virtue of their agreement to submit to arbitration in the state of New York.

11. Venue is proper pursuant to 28 U.S.C. § 1391(d) and 9 U.S.C. § 204.

## FACTUAL BACKGROUND

12. On August 26, 2000, Veolia entered into an Agreement for the Purchase of Stock of Residuos Industriales Multiquím, S.A. de C.V. ("the Stock Purchase Agreement" or "SPA") (Exhibit B) whereby Veolia purchased a thirty percent share of a waste treatment and confinement company located in Mexico known as Residuos Industriales Multiquím, S.A. de C.V. ("RIMSA") from Valores Ecológicos S.A. de C.V. and Hector Vargas Garza (collectively "Vargas").

13. Around this same time, Veolia also purchased a sixty percent interest in RIMSA from Waste Management Inc. and Chemical Waste Management, Inc.

14. The remaining ten percent share of RIMSA is held by Vargas.

15. The stock purchase transaction closed on November 15, 2000 ("Closing").

16. The SPA provides that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement or the breach thereof shall be finally settled by arbitration in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce ("ICC")." SPA § 10.12. The SPA further provides that the place of the arbitration will be New York City and the governing law shall be that of the State of New York. SPA §§ 10.4, 10.12.

17. On May 7, 2002, Veolia submitted a Request for Arbitration to the Secretariat of the International Court of Arbitration of the International Chamber of Commerce ("the ICC Secretariat"). Demand for Arbitration of 5/7/02 (Exhibit C). The dispute giving rise to the demand centered around a number of misrepresentations that were made by Vargas to Veolia

regarding RIMSA's financial condition and the status of its compliance with Mexican environmental laws as well as other breaches of the representations and warranties in the SPA.

18. The ICC Tribunal was appointed to hear the dispute. Pursuant to the terms of the arbitration clause of the SPA, § 10.12, Veolia and Vargas each appointed one of the three arbitrators. Vargas appointed Steven A. Hammond, Esq. as an arbitrator. Letter from T. Barry Kingham to ICC of 6/13/02 (Exhibit D) at 2. Veolia originally chose Steve Abrams as an arbitrator, see Demand for Arbitration at 8, but Vargas objected to Mr. Abrams serving as an arbitrator in both the arbitration between Veolia and Vargas and the arbitration between Veolia and Waste Management. See Letter from T. Barry Kingham to ICC of 6/13/02 (Exhibit D) at 1. Veolia therefore appointed Job Taylor III, Esq. as an arbitrator. See Letter from Briana Young to ICC of 8/21/2002 (Exhibit E). Pursuant to the terms of the SPA, the party-appointed arbitrators selected Lawrence W. Newman, Esq. to serve the third arbitrator and Chairman of the ICC Tribunal. See Facsimile from ICC to Jan Paulsson, Esq. *et al.* of 1/7/03 (Exhibit F) at 11.

19. On January 30, 2003, with Vargas' consent, Veolia submitted an Amended Request for Arbitration in which it fully laid out the claims and issues to be addressed by the arbitration. Amended Request for Arbitration of 1/30/03 (Exhibit G). Vargas filed an Answer and Counterclaim on March 14, 2003. Letter from T. Barry Kingham to Lawrence W. Newman, Esq. *et al.* of 3/14/03 (Exhibit H).

20. Pursuant to Article 18 of the ICC Rules of Arbitration, the ICC Tribunal drafted the Terms of Reference, which included "a summary of the parties' respective claims and of the relief sought," a "list of issues to be determined" as well as "the particulars of the applicable procedural rules of the arbitration." ICC Rules of Arbitration, Art. 18 (Exhibit I). On March 24, 2003, the parties and the ICC Tribunal met to finalize and sign the Terms of Reference that

would guide the issues to be addressed in the arbitration.  See Procedural Order No. 5 of 4/2/03 (Exhibit J); Terms of Reference (Exhibit K).  Veolia Propreté and Vargas submitted initial memorials on January 16, 2004 and January 26, 2004, respectively, and Reply Memorials on September 17, 2004.

21.     Over the course of the next two and one half years the parties engaged in discovery, including the exchange of documents, exchange of witness statements, site testing, expert reports on both liability and damages and extensive briefing.

22.     The ICC Tribunal held eleven days of hearings on the merits in New York on January 10-14, 2005, March 7-10, 2005, and March 14-15, 2005.  Counsel for both sides made arguments and testimony was received from both fact witnesses and expert witnesses.  After the hearing, the parties submitted post-hearing briefing in the form of findings of fact and conclusions of law.

23.     The ICC Tribunal formally closed the proceedings on December 5, 2006.

24.     On April 5, 2007, the ICC Tribunal issued its Final Award.  The ICC Secretariat notified the parties of the Final Award on April 12, 2007.  Because one page of the Final Award was inadvertently omitted in the April 12 notification, the ICC Secretariat provided the parties with a complete original of the Final Award on May 2, 2007.

## **LEGAL REQUIREMENTS**

25.     The Final Award and the arbitral proceedings that gave rise to the Final Award satisfy all of the requirements of the New York Convention and the Federal Arbitration Act for confirmation of a foreign arbitral award.  See New York Convention art. V; 9 U.S.C. § 1 et seq.

26.     There are no grounds for refusing to recognize the Final Award, as set forth in Article V of the New York Convention.  See New York Convention art. V; 9 U.S.C. § 207.

27.     The Final Award is final and enforceable.  Article 28 of the ICC Rules of Arbitration (Exhibit I) provides:

> Notification, Deposit and Enforceability of the Award
>
> * * *
>
> 6.  Every Award shall be binding on the parties.  By submitting the dispute to arbitration under these Rules, the parties undertake to carry out any Award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made.

**WHEREFORE**, Veolia moves for an order:

(1)     confirming the Final Award against Vargas;

(2)     awarding Veolia $6,287,099.88 in damages as set forth in the Final Award;

(3)     awarding Veolia and €2,943,624.40 in costs and fees as set forth in the Final Award;

(4)     awarding Veolia $280,000 in arbitration costs paid to the ICC; and

(5)     awarding Veolia further relief including costs, expenses and attorneys' fees incurred in this confirmation as may be just, proper, necessary and in conformity with the Final Award.

JONES DAY

Dated: New York, New York          By:     s/ Lynn M. Marvin
June 12, 2007                              Lynn M. Marvin (LM-2281)
                                           222 East 41st Street
                                           New York, New York 10017-6702

                                           Thomas F. Cullen, Jr.
                                           Beth Heifetz
                                           51 Louisiana Avenue, N.W.
                                           Washington, D.C. 20001-2113