| NOMRE DEL APODERADO: | NUMERO Y FECHA DE LAS ESCRITI PUBLICAS QUE CONTIENEN PODERES QUE SUBSISTEN: |
|---|---|
| 1. ROGELIO CANTU PEREZ | 17,737 de mayo 13 de 1997 |
| 2. JOSE LUIS TORRES CERDA | 17,951 de agosto 28 de 1997 |
| 3. SERGIO SANCHEZ RODRIGUEZ | 18,354 de enero 27 de 1998 |
| 4. ENRIQUE ALVARADO RAMIREZ | 18,356 de enero 27 de 1998 |
| 5. ALFREDO CONTRERAS CAVAZOS | 18,357 de enero 27 de 1998 |
| 6. SALOMON ROJAS PENA | 18,360 de enero 27 de 1998 |
| 7. MIGUEL ANGEL ARAOZ PATINO | 18,363 de enero 27 de 1998 |
| 8. GERARDO LOPEZ DE LA ROSA | 18,371 de enero 27 de 1998 |
| 9. ALBERTO CUERVO PEREZ | 18,373 de enero 27 de 1998 |
| 10. HECTOR RENE LOPEZ DINO | 18,374 de enero 27 de 1998 |
| 11. VICTOR HUGO REYES CANTU | 18,377 de enero 27 de 1998 |
| 12. DAGOBERTO TREVINO RODRIGU' | 18,382 de enero 27 de 1998 |
| 13. GERARDO VAZQUEZ FALCON | 18,412 de febrero 10 de 1998 |
| 14. VICTOR PRIETO OLGUIN | 19,327 de enero 19 de 1999 |
| 15. JOSE JUAN GONZALEZ ALVAREZ | 19,637 de mayo 10 de 1999 |
| 16. ROBERTO CANTU FLORES | 19,673 de mayo 26 de 1999 |
| 17. LUIS MARTIN ESPINOSA GUTIERF | 19,674 de mayo 26 de 1999 |
| 18. LEOPOLDO CERVANTES LEON | 19,271 de diciembre 21 de 1998 |
| 19. CANDELARIO FLORES BARCENAS | 2,534 de marzo 29 del 2000 |
| 20. ALEJANDRO SANCHEZ FRANCO | 2,535 de marzo 29 del 2000 |

CGEA0041220

**QUINTO:** Se designan Apoderdos de la Sociedad a los Señores Lic. Héctor Vargas Aguirre, Doctor Juan Antonio Cuéllar López y Roberto Salazar Villarreal y se le otorgan los siguientes poderes y facultades:

**a) Poder General para Pleitos y Cobranzas,** el cual podrán ejercer conjunta o separadamente, que se le concede con todas las facultades generales y las especiales que requieran cláusula especial, de acuerdo con lo previsto en los artículos 2,448 (dos mil cuatrocientos cuarenta y ocho) párrafo primero y 2,481 (dos mil cuatrocientos ochenta y uno) del Código Civil del Estado de Nuevo León, sus correlativos los artículos 2,554 (dos mil quinientos cincuenta y cuatro) párrafo primero y 2,587 (dos mil quinientos ochenta y siete) del Código Civil Federal, y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, estando facultado, por consiguiente, entre otras cosas, para representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, sea de la especie y de la denominación que fueren, y frente a todo tipo de personas morales y físicas; para presentar toda clase de demandas; contestarlas, desistirse de ellas cuando en su opinión fuere conveniente y seguirlas en todas sus instancias; para interponer recursos o defensas; para ofrecer y desahogar pruebas; para interrogar o tachar testigos; para renunciar a términos o a plazos, para renunciar a competencias o jurisdicciones cuando sea permitido por la ley; para comprometer en árbitros o someterse a procedimientos arbitrales; para absolver y articular posiciones; para impugnar o recusar jueces, para recibir pagos; para presentar denuncias, acusaciones o querellas de naturaleza penal y para desistirse de ellas; para convertirse en tercero coadyuvante en el ejercicio de la acción penal y conceder perdones; para presentar demandas de amparo y desistirse de ellas cuando convenga a los intereses de la poderdante; para representar a la Sociedad conforme y para los efectos de los artículos (11) once, (46) cuarenta y seis, (47) cuarenta y siete, (134) ciento treinta y cuatro fracción (III) Tercera, (523) quinientos veintitrés, (692) seiscientos noventa y dos, fracciones (I, II y III) Primera, Segunda y Tercera, (786) setecientos ochenta y seis, (787) setecientos ochenta y siete, (873) ochocientos setenta y tres, (874) ochocientos setenta y cuatro, (876) ochocientos setenta y seis, (878) ochocientos setenta y ocho, (880) ochocientos ochenta, (883) ochocientos ochenta y tres, (884) ochocientos ochenta y cuatro y demás relativos de la Ley Federal del Trabajo, para comparecer ante las Juntas de Conciliación y Arbitraje con la representación patronal y la representación legal de la empresa para todos los efectos de acreditar la personalidad y la capacidad en juicio o fuera de él, con facultades para articular y absolver posiciones, para desahogar la prueba confesional en todas sus partes; para comparecer con toda la representación legal bastante y suficiente a la audiencia de conciliación, de demanda y excepciones y de ofrecimiento y admisión de pruebas, así como para acudir a la audiencia de desahogo de pruebas; asimismo con facultades para proponer arreglos conciliatorios, celebrar transacciones, para tomar toda clase de decisiones para negociar y suscribir convenios laborales y en general, para incoar procesos y acciones de naturaleza civil, mercantil, penal, laboral, administrativa o de cualesquiera otras especies, entendiéndose que la enumeración de facultades contenida en este inciso es de carácter ejemplificativo y de ninguna manera limitativo.

**b) Poder General para Actos de Administración Laboral,** el cual podrán ejercer conjunta o separadamente de acuerdo con lo previsto en los numerales 11 (once), 786 (setecientos ochenta y seis) y 787 (setecientos ochenta y siete) de la Ley Federal del Trabajo; incluyendo

expresamente, pero sin que ello sea limitativo, facultades para actos de administración en materia laboral tales como la ocupación y distribución de trabajadores, la determinación de las tareas que corresponden a cada puesto o área de trabajo y su remuneración y, en su caso, la desocupación o promoción de todo tipo de trabajadores, pudiendo, por ende, negociar, celebrar, terminar o rescindir toda clase de contratos o convenios de trabajo; proponer arreglos conciliatorios, absolver posiciones para desahogar la prueba confesional y representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, de naturaleza judicial, administrativa o del trabajo, sean de la especie y de la denominación que fueren y frente a todo tipo de personas morales y físicas, para cualquier trámite y/o procedimiento laboral administrativo y, en general, obligar a la Sociedad en materia laboral en todo aquello que competa a la administración.

c) **Poder General para Actos de Administración,** el cual podrán ejercer conjunta o separadamente de acuerdo con lo previsto en el segundo párrafo del artículo 2,448 (dos mil cuatrocientos cuarenta y ocho) del Código Civil del Estado de Nuevo León, su correlativo párrafo segundo del artículo 2,554 (dos mil quinientos cincuenta y cuatro) del Código Civil Federal y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos.

d) **Poder General Cambiario** el cual deberán ejercer conjuntamente cualesquiera dos de los Apoderdos designados en este Acuerdo, en los términos de los artículos 9 (noveno) fracción I y 85 (ochenta y cinco) de la Ley General de Títulos y Operaciones de Crédito, que incluye, entre otras, facultades para suscribir, emitir, endosar, aceptar, protestar, avalar, presentar para aceptación y pago y, en general, para negociar títulos de crédito, así como para abrir y cerrar cuentas bancarias a nombre de la Sociedad, girar cheques en contra de dichas cuentas y retirar fondos de ellas.

e) Los Apoderados Lic. Héctor Vargas Aguirre, Doctor Juan Antonio Cuéllar López y C.P. Roberto Salazar Villarreal tendrán facultades para otorgar poderes generales o especiales concediendo facultades y poderes de entre los señalados en los incisos a), b), y c) arriba precisados, con o sin facultades de substitución, así como para revocar los poderes que hayan sido otorgados; lo anterior, siempre con apego a las limitaciones señaladas en el inciso e) de esta resolución.

**SEXTO:**    Expresamente se resuelve que tanto los Poderes que subsisten conforme al ACUERDO CUARTO, como los otorgados en esta Asamblea estarán sujetos, en cuanto a su ejercicio, a las limitaciones que establecen los Estatutos Sociales de la Sociedad.

III.- Con respecto al desahogo del TERCER PUNTO contenido en la Orden del Día, la Asamblea por unanimidad de votos, salvando el suyo los interesados, tomó los siguientes ACUERDOS:

CGEA0041222

**SEPTIMO:**    Se designa al ING. HECTOR VARGAS GARZA como PRESIDENTE EJECUTIVO de la Sociedad

**OCTAVO:**    Se designa al LIC. HECTOR VARGAS AGUIRRE como VICE PRESIDENTE DE DESARROLLO DE NEGOCIOS de la Sociedad el cual auxiliará al Presidente Ejecutivo en sus labores.

**NOVENO:**    Se designa al DR. JUAN ANTONIO CUELLAR LOPEZ como DIRECTOR GENERAL de la Sociedad

**DECIMO:**    Se designa Apoderado de la Sociedad al Señor Jean Alain Jullien a quien se le otorgan los siguientes poderes y facultades, los cuales en cuanto a su ejercicio tendrán las limitaciones que establecen los Estatutos Sociales de la Sociedad :

a) **Poder General para Pleitos y Cobranzas**, que se le concede con todas las facultades generales y las especiales que requieran cláusula especial, de acuerdo con lo previsto en los artículos 2,448 (dos mil cuatrocientos cuarenta y ocho) párrafo primero y 2,481 (dos mil cuatrocientos ochenta y uno) del Código Civil del Estado de Nuevo León, sus correlativos los artículos 2,554 (dos mil quinientos cincuenta y cuatro) párrafo primero y 2,587 (dos mil quinientos ochenta y siete) del Código Civil Federal, y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, estando facultado, por consiguiente, entre otras cosas, para representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, sea de la especie y de la denominación que fueren, y frente a todo tipo de personas morales y físicas; para presentar toda clase de demandas; contestarlas, desistirse de ellas cuando en su opinión fuere conveniente y seguirlas en todas sus instancias; para interponer recursos o defensas; para ofrecer y desahogar pruebas; para interrogar o tachar testigos; para renunciar a términos o a plazos, para renunciar a competencias o jurisdicciones cuando sea permitido por la ley; para comprometer en árbitros o someterse a procedimientos arbitrales; para absolver y articular posiciones; para impugnar o recusar jueces, para recibir pagos; para presentar denuncias, acusaciones o querellas de naturaleza penal y para desistirse de ellas; para convertirse en tercero coadyuvante en el ejercicio de la acción penal y conceder perdones; para presentar demandas de amparo y desistirse de ellas cuando convenga a los intereses de la poderdante; para representar a la Sociedad conforme y para los efectos de los artículos (11) once, (46) cuarenta y seis, (47) cuarenta y siete, (134) ciento treinta y cuatro fracción (III) Tercera, (523) quinientos veintitrés, (692) seiscientos noventa y dos, fracciones (I, II y III) Primera, Segunda y Tercera, (786) setecientos ochenta y seis, (787) setecientos ochenta y siete, (873) ochocientos setenta y tres, (874) ochocientos    setenta y cuatro, (876) ochocientos setenta y seis, (878) ochocientos setenta y ocho, (880) ochocientos ochenta, (883) ochocientos ochenta y tres, (884) ochocientos ochenta y cuatro y demás relativos de la Ley Federal del Trabajo, para comparecer ante las Juntas de Conciliación y Arbitraje con la representación patronal y la representación legal de la empresa para todos los efectos de

CGEA0041223

acreditar la personalidad y la capacidad en juicio o fuera de él, con facultades para articular y absolver posiciones, para desahogar la prueba confesional en todas sus partes; para comparecer con toda la representación legal bastante y suficiente a la audiencia de conciliación, de demanda y excepciones y de ofrecimiento y admisión de pruebas, así como para acudir a la audiencia de desahogo de pruebas; asimismo con facultades para proponer arreglos conciliatorios, celebrar transacciones, para tomar toda clase de decisiones para negociar y suscribir convenios laborales y en general, para incoar procesos y acciones de naturaleza civil, mercantil, penal, laboral, administrativa o de cualesquiera otras especies, entendiéndose que la enumeración de facultades contenida en este inciso es de carácter ejemplificativo y de ninguna manera limitativo.

b) **Poder General para Actos de Administración Laboral**, de acuerdo con lo previsto en los numerales 11 (once), 786 (setecientos ochenta y seis) y 787 (setecientos ochenta y siete) de la Ley Federal del Trabajo; incluyendo expresamente, pero sin que ello sea limitativo, facultades para actos de administración en materia laboral tales como la ocupación y distribución de trabajadores, la determinación de las tareas que corresponden a cada puesto o área de trabajo y su remuneración y, en su caso, la desocupación o promoción de todo tipo de trabajadores, pudiendo, por ende, negociar, celebrar, terminar o rescindir toda clase de contratos o convenios de trabajo; proponer arreglos conciliatorios, absolver posiciones para desahogar la prueba confesional y representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, de naturaleza judicial, administrativa o del trabajo, sean de la especie y de la denominación que fueren y frente a todo tipo de personas morales y físicas, para cualquier trámite y/o procedimiento laboral administrativo y, en general, obligar a la Sociedad en materia laboral en todo aquello que competa a la administración.

c) **Poder General para Actos de Administración**, de acuerdo con lo previsto en el segundo párrafo del artículo 2,448 (dos mil cuatrocientos cuarenta y ocho) del Código Civil del Estado de Nuevo León, su correlativo párrafo segundo del artículo 2,554 (dos mil quinientos cincuenta y cuatro) del Código Civil Federal y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos.

d) **Poder General Cambiario** en los términos de los artículos 9 (noveno) fracción I y 85 (ochenta y cinco) de la Ley General de Títulos y Operaciones de Crédito, que incluye, entre otras, facultades para suscribir, emitir, endosar, aceptar, protestar, avalar, presentar para aceptación y pago y, en general, para negociar títulos de crédito, así como para abrir y cerrar cuentas bancarias a nombre de la Sociedad, girar cheques en contra de dichas cuentas y retirar fondos de ellas.

e) El Apoderado Sr. Jean Alain Jullien tendrá facultades para otorgar poderes generales o especiales concediendo facultades y poderes de entre los señalados en los incisos a), b), c) y d) arriba precisados, con o sin facultades de substitución, así como para revocar los poderes que hayan sido otorgados; lo anterior,

DECIMO PRIMERO: Se otorga a los señores Jean-Alain Jullien y/o Pascal Gauthier y/o Jean-Jacques Grimaux y/o Pierre Rellet, con las limitaciones que establecen los estatutos de esta Sociedad, poder cambiario especial con la finalidad de que en nombre de Residuos

CGEA0041224

Industriales Multquim, S.A. de C.V. puedan llevar a cabo las acciones conducentes para abrir cuentas bancarias en cualquier institución de crédito mexicana o extranjera, autorizar a otras personas para que con su firma puedan disponer de los recursos depositados en las cuentas, efectuar depósitos de cualquier tipo, hacer retiros, librar cheques, dar instrucciones para que se efectúen transferencias electrónicas de fondos y, en general, girar instrucciones relativas a la disposición de las cantidades depositados en la cuenta o cuentas de la Sociedad en México y/o en el extranjero.

DECIMO SEGUNDO: Se otorgan a los señores Pascal Gauthier, Jean-Jacques Grimaux y Pierre Rellet los siguientes poderes para que los ejerzan de forma conjunta o separada, los cuales en cuanto a su ejercicio tendrán las limitaciones que establecen los Estatutos Sociales de la Sociedad:

a) **Poder General para Pleitos y Cobranzas,** que se le concede con todas las facultades generales y las especiales que requieran cláusula especial, de acuerdo con lo previsto en los artículos 2,448 (dos mil cuatrocientos cuarenta y ocho) párrafo primero y 2,481 (dos mil cuatrocientos ochenta y uno) del Código Civil del Estado de Nuevo León, sus correlativos los artículos 2,554 (dos mil quinientos cincuenta y cuatro) párrafo primero y 2,587 (dos mil quinientos ochenta y siete) del Código Civil Federal, y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, estando facultado, por consiguiente, entre otras cosas, para representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, sea de la especie y de la denominación que fueren, y frente a todo tipo de personas morales y físicas; para presentar toda clase de demandas; contestarlas, desistirse de ellas cuando en su opinión fuere conveniente y seguirlas en todas sus instancias; para interponer recursos o defensas; para ofrecer y desahogar pruebas; para interrogar o tachar testigos; para renunciar a términos o a plazos, para renunciar a competencias o jurisdicciones cuando sea permitido por la ley; para comprometer en árbitros o someterse a procedimientos arbitrales; para absolver y articular posiciones; para impugnar o recusar jueces, para recibir pagos; para presentar denuncias, acusaciones o querellas de naturaleza penal y para desistirse de ellas; para convertirse en tercero coadyuvante en el ejercicio de la acción penal y conceder perdones; para presentar demandas de amparo y desistirse de ellas cuando convenga a los intereses de la poderdante; para representar a la Sociedad conforme y para los efectos de los artículos (11) once, (46) cuarenta y seis, (47) cuarenta y siete, (134) ciento treinta y cuatro fracción (III) Tercera, (523) quinientos veintitrés, (692) seiscientos noventa y dos, fracciones (I, II y III) Primera, Segunda y Tercera, (786) setecientos ochenta y seis, (787) setecientos ochenta y siete, (873) ochocientos setenta y tres, (874) ochocientos    setenta y cuatro, (876) ochocientos setenta y seis, (878) ochocientos setenta y ocho, (880) ochocientos ochenta, (883) ochocientos ochenta y tres, (884) ochocientos ochenta y cuatro y demás relativos de la Ley Federal del Trabajo, para comparecer ante las Juntas de Conciliación y Arbitraje con la representación patronal y la representación legal de la empresa para todos los efectos de acreditar la personalidad y la capacidad en juicio o fuera de él, con facultades para articular y absolver posiciones, para desahogar la prueba confesional en todas sus partes; para comparecer con toda la representación legal bastante y suficiente a la audiencia de conciliación, de demanda y excepciones y de ofrecimiento y admisión de pruebas, así como para acudir a la audiencia de desahogo de pruebas; asimismo con facultades para proponer arreglos conciliatorios, celebrar transacciones, para tomar toda clase de

decisiones para negociar y suscribir convenios laborales y en general, para incoar procesos y acciones de naturaleza civil, mercantil, penal, laboral, administrativa o de cualesquiera otras especies, entendiéndose que la enumeración de facultades contenida en este inciso es de carácter ejemplificativo y de ninguna manera limitativo.

b) Poder General para Actos de Administración Laboral, de acuerdo con lo previsto en los numerales 11 (once), 786 (setecientos ochenta y seis) y 787 (setecientos ochenta y siete) de la Ley Federal del Trabajo; incluyendo expresamente, pero sin que ello sea limitativo, facultades para actos de administración en materia laboral tales como la ocupación y distribución de trabajadores, la determinación de las tareas que corresponden a cada puesto o área de trabajo y su remuneración y, en su caso, la desocupación o promoción de todo tipo de trabajadores, pudiendo, por ende, negociar, celebrar, terminar o rescindir toda clase de contratos o convenios de trabajo; proponer arreglos conciliatorios, absolver posiciones para desahogar la prueba confesional y representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, de naturaleza judicial, administrativa o del trabajo, sean de la especie y de la denominación que fueren y frente a todo tipo de personas morales y físicas, para cualquier trámite y/o procedimiento laboral administrativo y, en general, obligar a la Sociedad en materia laboral en todo aquello que competa a la administración.

c) Los poderes precisados en los incisos a) y b) anteriores se otorgan en el entendido de que los apoderados contarán con facultades de delegación.

DECIMO TERCERO: Se otorga al Dr. Juan Antonio Cuéllar López  Poder Especial para actos de administración y de dominio, suficiente y cumplido en cuanto a derecho proceda, para que el apoderado pueda gestionar y obtener de las autoridades competentes, sean éstas federales, estatales o municipales, los permisos o autorizaciones que permitan a Residuos Industriales Multiquim, S.A. de C.V. destinar al uso y operación del confinamiento que actualmente tiene autorizado esa empresa en el municipio de Mina, N.L. una superficie de al menos 700 hectáreas de las que forman parte del predio identificado como "Parcela No. 39" la cual tiene una superficie de aproximadamente 1,625 hactáreas, misma que colinda con el confinamiento de Residuos Industriales Multiquim, S.A de C.V. y cuya propiedad actual es de la empresa Inmobiliaria Confinamina, S.A. de C.V., quedando autorizado el apoderado para adquirir la citada extensión de terreno mediante la permuta que haga a favor de Inmobiliaria Confinamina S.A. de C.V. de una extensión de superficie equivalente de la que forme parte de la superficie de terreno propiedad de Residuos Industriales Multiquim, S.A. de C.V. y respecto de la cual esta última cuenta con autorización para destinar a uso de confinamiento pero que, por las condiciones montañosas de parte del terreno, no utiliza dicha actualmente dicha porción para ese efecto.  El apoderado queda autorizado para llevar a cabo las gestiones y trámites que correspondan para subdividir y, en su caso, fusionar el predio actualmente autorizado para uso y operación de confinamiento, para el efecto de que con la superficie que se incorpore en los términos aquí autorizados y reducido de la superficie por la que aquélla se permute, la extensión total del predio destinado a usarse  y operarse como confinamiento de substancias peligrosas corresponda al total de la superficie aprobada para ese efecto. Del uso de este poder el apoderado  deberá informar al Consejo de Admnistración.  No obstante lo anterior, en caso de que la autorización o permiso que haya de obtenerse de las autoridades competentes para los efectos aquí mencionados haya de imponer  condiciones o limitaciones que resulten más gravosas que las que actualmente se aplican al predio en que se opera el

presente confinamiento, el apoderado requerirá de la previa aprobación del consejo de administración para el ejercicio del presente poder.

IV.- Por lo que toca al CUARTO PUNTO de la Orden del Día, el Presidente de la Asamblea informó que se había presentado una propuesta en la que se mencionaba que, a fin de cumplir con lo establecido en el párrafo 9) inciso u) de la Cláusula VIGÉSIMA de los estatutos recién reformados de esta Sociedad, era necesario que esta Asamblea apruebe que los diversos contratos mencionados en dicha Cláusula forman parte del curso ordinario de negocios de la sociedad.

La Asamblea comentó ampliamente la propuesta presentada y, por unanimidad de votos tomó el siguiente ACUERDO:

DECIMO CUARTO: Para los efectos del párrafo 9) inciso u) de la Cláusula VIGÉSIMA de los estatutos reformados de Residuos Industriales Multiquim, S.A de C.V., esta Asamblea, por unanimidad de votos de sus accionistas, aprueba como contratos que forman parte del curso ordinario de negocios de la sociedad los siguientes:

(i) el que haya de celebrarse por la sociedad con Sarp Industries, S.A o alguna de sus filiales, para el suministro de servicios administrativos y una contraprestación de hasta el 2% sobre el monto de las ventas de la sociedad;

(ii) el que haya de celebrarse por la sociedad con Inmobiliaria Confinamina, S.A de C.V. por el suministro de materias primas a partir de junio 26 del 2000, a precios de mercado no inferiores a los precios actuales; y

(iii) el Contrato que haya de celebrarse con Valores Ecológicos, S.A de C.V. o alguna de sus filiales, para el suministro de servicios administrativos a la sociedad por un plazo de 3 (tres) años a partir de la fecha de esta asamblea o hasta el momento en que Valores Ecológicos, S.A de C.V. enajene sus acciones en Residuos Industriales Multiquim,S.A. de C.V., lo que ocurra primero.

V.- Con respecto al desahogo del QUINTO y último PUNTO contenido en la Orden del Día, la Asamblea por unanimidad de votos, tomó el siguiente ACUERDO:

DECIMO QUINTO: Se designan a los Señores Lic. LUIS SANTOS THERIOT, Lic. JOSE GUADALUPE GONZALEZ MERAZ y Lic. ALEJANDRO MARTIN SANCHEZ FRANCO como DELEGADOS ESPECIALES de la presente Asamblea, a fin de que en forma conjunta o separada ocurran ante el Notario Público de su elección a protocolizar en lo conducente el Acta que se levante de la presente Asamblea, revocar designaciones y poderes e instituir a los funcionarios y apoderados designados, otorgarles los poderes y facultades en los términos acordados en esta Asamblea, y en general para gestionar la inscripción en el Registro Público de la Propiedad y del Comercio, correspondiente del Testimonio que de

CGEA0041227

dicha protocolización se expida, en caso de así considerarse necesario o conveniente, formalizando los Acuerdos adoptados.-

No habiendo otro asunto que tratar, se dio por terminada la presente Asamblea que se suspendió por el término prudente para que el Secretario procediera a levantar la presente Acta por duplicado; acto seguido el Secretario dio lectura a la misma, y por unanimidad de votos se aprobó, firmándose por el Presidente y el Secretario de la Asamblea, todos los representantes de los accionistas y el Comisario.-

Se hace constar que todos los representantes de los accionistas estuvieron presentes desde el inicio de la presente Asamblea hasta su total terminación, así como en el momento de tomarse todos y cada uno de los ACUERDOS adoptados.-

Se agrega al Apéndice de la presente Acta, un ejemplar de la misma en papel simple, adjuntándose a esta última las Cartas Poder exhibidas, la Lista de Asistencia suscrita por los Asistentes y debidamente certificada por los Escrutadores designados y demás documentos presentados en la Asamblea. Todo ello forma el expediente de esta Asamblea que se conserva en el archivo de la Secretaría.-

Se concluyó la Asamblea a las 14:00 horas del día, mes y año al principio señalados.-

_____
SR. JEAN ALAIN JULLIEN
PRESIDENTE

_____
LIC. LUIS SANTOS THERIOT
SECRETARIO

VALORES ECOLOGICOS, S.A. DE C.V.
C.V. Representada
por el LIC. HECTOR VARGAS
AGUIIRRE

INMOBILIARIA CONFINAMINA, S.A. DE
Representada por el Lic. JOSE      GUADALUPE
GONZALEZ MERAZ

_____

CGEA0041228

SARP INDUSTRIES MEXICO, S.A. DE C.V.
Representada por el LIC. LUIS SANTOS THERIOT

SR. ALBERTO VAZQUEZ
COMISARIO

LIC. ANDRES GONZALEZ SANDOVAL
COMISARIO

ACTA ASAMBLEA ORDINARIA
NOVIEMBRE 14, 2000

CGEA0041229

LISTA DE ASISTENCIA

A LA ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS DE RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. CELEBRADA A LAS 13:00 HORAS DEL DIA 14 DE NOVIEMBRE DEL 2000, EN LAZARO CARDENAS 2400 DESPACHO B-21, SAN PEDRO GARZA GARCIA, N.L., DOMICILIO SOCIAL.-

| ACCIONISTA | SERIE F-I | SERI F-II | SERIE V-I | SERIE V-II | FIRMA |
|---|---|---|---|---|---|
| SARP INDUSTRIES MEXICO S.A. DE C.V. *representada por Luis Santos Theriot* | 1200 | | 3600 | | |
| INMOBILIARIA CONFINAMIA S.A. DE C.V. *representado por Luis Gpe Gzz Maria* | 600 | | 1800 | | |
| VALORES ECOLOGICOS, S.A. DE C.V. *representada por Hector Vargas Aguirre* | | 200 | | 600 | |
| TOTALES | 1800 | 200 | 5400 | 600 | |

EL suscrito designado ESCRUTADOR para verificar el Quórum de Asistencia a la Asamblea de relación, HAGO CONSTAR que, habiendo revisado el Libro de Registro de Acciones, las Cartas Poder exhibidas y esta Lista de Asistencia se encuentran representadas la totalidad de las 8,000 acciones del Capital Social Total de RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V., mismas que representan el 100% del capital social suscrito y pagado de la Sociedad.

C.P. ROBERTO SALAZAR VILLARREAL
ESCRUTADOR

CGEA0041230

**PROXY/CARTA PODER**

San Pedro Garza García, N.L.

November/Noviembre 8, 2000

MR.(SR). HECTOR VARGAS AGUIRRE

Present./Presente

Dear sir:

Muy señor nuestro:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you attend the General Ordinary Shareholders' Meeting of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. that will take place on November 14, 2000 representing 800 shares issued by the company RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. and owned by VALORES ECOLOGICOS, S.A. DE C.V. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting.

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 800 acciones emitidas por la citada sociedad RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. propiedad de VALORES ECOLOGICOS, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Sincerely,

Atentamente,

VALORES ECOLOGICOS, S.A. DE C.V

By/Por: ING. HECTOR VARGAS GARZA
Position/Cargo: Sole Administrator/Administrador Unico

Testigo/Witness

Testigo/Witness

CGEA0041231



## PROXY/CARTA PODER

San Pedro Garza García, N.L.

November/Noviembre 8, 2000

MR.(SR.) LUIS SANTOS THERIOT

Present./Presente.

| | |
|---|---|
| Dear sir: | Muy señor nuestro: |
| Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you can attend the General Ordinary Shareholders' Meeting of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. that will take place on November 14, 2000 representing 4,800 shares issued by the company RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. and owned by SARP INDUSTRIES MEXICO, S.A. DE C.V. and so that threeat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting. | Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 4,800 acciones emitidas por la citada sociedad RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. propiedad de SARP INDUSTRIES MEXICO, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse. |
| Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy. | Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder. |
| Sincerely, | Atentamente, |

SARP INDUSTRIES MEXICO, S.A. DE C.V.

By/Por: JEAN-ALAIN JULLIEN
Position/Cargo: President of the Board of Directors/
Presidente del Consejo de Administración

Testigo/Witness                    Testigo/Witness

Compagnie Générale d'Entreprises Automobiles
Société anonyme au capital de 105 064 768 euros • Siret 572 221 034 00778 • R.C.S 572 221 034 Nanterre
Siege Social  -Parc des Fontaines- • 169, avenue Georges Clemenceau • 92735 Nanterre Cedex

VIVE!

CGEA0041232

## PROXY/CARTA PODER

San Pedro Garza García, N.L.

November/Noviembre 8, 2000

MR.(SR.)JOSE GUDALUPE GONZALEZ MERAZ

Present./Presente.

Dear sir:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you can appear before the General Ordinary Shareholders' Meeting of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. that will take place on November 14, 2000 representing 2,400 shares issued by the company RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. and owned by INMOBILIAIRA CONFINAMINA, S.A. DE C.V. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Muy señor nuestro:

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 2,400 acciones emitidas por la citada sociedad RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. propiedad de INMOBILIARIA CONFINAMINA, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Sincerely,

Atentamente,

INMOBILIARIA CONFINAMINA, S.A. DE C.V.

By/Por: ING. ABELARDO R. CAVAZOS GARZA
Position/Cargo: Sole Administrator/Administrador Unico

Testigo/Witness

Testigo/Witness

CGEA0041233

**(TRANSLATION FOR INFORMATION PURPOSES ONLY)**

**RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V.**
**MINUTE OF THE GENERAL ORDINARY SHAREHOLDERS' MEETING**
**NOVEMBER 14, 2000**

In the City of San Pedro Garza García, N.L., corporate domicile of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. being the 13:00 hours of November 14, 2000 the shareholders and the representatives of the shareholders, whose names and signatures appear in the Attendance List prepared and certified by the appointed Teller whose original is attached to the file of the duplicate of this minute, gathered in Lázaro Cárdenas 2400 Edificio Losoles Office B-21 in order to hold a General Ordinary Shareholders' Meeting to which the aforesaid were duly called. Messrs. Jean-Allain Jullien and Lic. Luis Santos Theriot, respectively as President and Secretary of the Board of Directors of the Corporation as well Messrs. Alberto Vázquez and Lic. Andrés González Sandoval, Examiners of the Corporation, and Messrs. Ing. Héctor Vargas Garza, Lic. Héctor Vargas Aguirre, Dr. Juan Antonio Cuellar López, and C.P. Roberto Salazar Villarreal attended the Meeting as guests.

The Meeting was presided by Mr. Jean-Allain Jullien, as Chairman of the Board of Directors, and Mr. Luis Santos Theriot, in his character of Secretary of the Board of Directors, acted with that same position in the Meeting according to the By-laws.

Due to the proposal of the President, by unanimous vote the Meeting appointed Mr. C.P. Roberto Salazar Villarreal was appointed as Teller who accepted that position and proceeded to verify the corresponding Attendance List, the Registry of Shares, and the Proxies that were shown, certifying that the 8,000 Shares in which the total corporate stock of the Corporation is divided were legally represented and consequently the quorum referred by the By-laws in order to legitimately declare installed a Meeting, distributed as follows:

| SHAREHOLDERS | | SHARES | | |
|---|---|---|---|---|
| | SERIES F-I | SERIES F-II | SERIES V-I | SERIES V-II |
| SARP INDUSTRIES MEXICO, S.A. DE C.V. | 1200 | | 3600 | |
| INMOBILIARIA CONFINAMINA, S.A. DE C.V. | 600 | | 1800 | |
| VALORES ECOLOGICOS. S.A. DE C.V. | | 200 | | 600 |
| TOTALS | 1800 | 200 | 5400 | 600 |

As a consequence of the certification of the teller regarding the representation of 100% of the shares that form the total subscribed and paid capital stock of the Corporation, the President declared the meeting legally installed and able to treat and resolve the issues that originated it, even though there was no publication of a previous Call, according to the By-laws.

CGEA0041234

Afterwards, the Secretary read the following:-

## AGENDA:

I.- RATIFICATION OF THE APPOINTMENT OF THE BOARD OF DIRECTORS AND EXAMINER AND DETERMINATION OF THEIR FEE.

II.- REVOCATION OF THE POWERS GRANTED BY THE CORPORATION.

III.- APPOINTMENT OF SEVERAL OFFICERS OF THE CORPORATION AND GRANTING OF POWERS IN FAVOR OF SEVERAL PERSONS.

IV.- PRESENTATION OF A PROPOSAL TO APPROVE AGREEMENTS TO BE EXECUTED BY THE CORPORATION.

V.- APPOINTMENT OF SPECIAL DELEGATE OR DELEGATES TO FORMALIZE THE RESOLUTIONS ADOPTED, IF APPLICABLE.

I.- Regarding the FIRST POINT of the Agenda the Secretary informed to the Shareholders that a proposal regarding the ratification of the Board of Directors and the Examiners as well as the determination of their fees was submitted to this Meeting .

After discussing the aforesaid proposal, as well as the determination of the corresponding fees, the Meeting by unanimous vote adopted the following RESOLUTIONS:

FIRST: The following Board of Directors and Examiners whose positions will be effective beginning on this date are appointed:

## BOARD OF DIRECTORS

| DIRECTOR OF THE SERIES FI AND VI | | ALTERANTES OF THE SERIES FI AND VI |
|---|---|---|
| JEAN ALAIN JULLIEN | PRESIDENT | VACANT |
| PASCAL GAUTHIER | MEMBER | VACANT |
| JEAN JACQUES GRIMAUX | MEMBER | VACANT |
| PIERRE RELLET | MEMBER | VACANT |

| DIRECTOR OF THE SERIES FII AND VII | ALTERANTES OF THE SERIES FII AND VII |
|---|---|
| ING. HECTOR VARGAS GARZA | LIC. JOSE DE JESUS VARGAS AGUIRRE |

LIC. LUIS SANTOS THERIOT    SECRETARY (BUT NOT DIRECTOR)

| EXAMINER THE SERIES FI AND VI | EXAMINER OF THE SERIES FII AND VII |
|---|---|
| MR. ALBERTO VAZQUEZ | LIC. ANDRES GONZALEZ SANDOVAL |

CGEA0041235

SECOND: The Board of Directors appointed according to the previous RESOLUTION shall have the power, authority, and obligations contained in the by-laws. Similarly the appointed Examiners of the Corporation shall have the obligations and attributions contained in the by-laws and this Assembly takes note of the Directors' and Examiners' decision to waive their right to receive any fee for the performance of their position is accepted, same that is thanked to them by this Meeting.

THIRD: The members of the Board and Examiners appointed are herein waived according to the previous RESOLUTIONS from providing the corresponding guarantee for the performance of their positions in the terms of the law.

II. Regarding the SECOND POINT of the Agenda, the Meeting by the unanimous vote of the present adopted the following RESOLUTION:

FOURTH: All the appointments and powers granted by the Corporation up to this date are revoked except for the following that will subsist:

| NAME OF THE ATTORNEY: | NUMBER AND DATE OF THE PUBLIC DEED THAT CONTAINS THE POWERS OF ATTORNEY THAT SUBSIST. |
| --- | --- |
| 1. ROGELIO CANTU PEREZ | 17,737; May 13, 1997 |
| 2. JOSE LUIS TORRES CERDA | 17,951; August 28, 1997 |
| 3. SERGIO SANCHEZ RODRIGUEZ | 18,354; February 27, 1998 |
| 4. ENRIQUE ALVARADO RAMIREZ | 18,356; January 27, 1998 |
| 5. ALFREDO CONTRERAS CAVAZOS | 18,357; January 27, 1998 |
| 6. SALOMON ROJAS PENA | 18,360; January 27, 1998 |
| 7. MIGUEL ANGEL ARAOZ PEÑA | 18,363; January 27, 1998 |
| 8. GERARDO LOPEZ DE LA ROSA | 18,371; January 27, 1998 |
| 9. ALBERTO CUERVO PEREZ | 18,373; January 27, 1998 |
| 10. HECTOR RENE LOPEZ DINO | 18,374; January 27, 1998 |
| 11. VICTOR HUGO REYES CANTU | 18,377; January 27, 1998 |
| 12. DAGOBERTO TREVIÑO RODRIGUEZ | 18,382; January 27, 1998 |
| 13. GERARDO VAZQUEZ FALCON | 18,412; February 10, 1998 |
| 14. VICTOR PRIETO OLGUIN | 19,327; January 19, 1999 |
| 15. JOSE JUAN GONZALEZ ALVAREZ | 19,637; May 10, 1999 |
| 16. ROBERTO CANTU FLORES | 19,673; May 26, 1999 |
| 17. LUIS MARTIN ESPINOZA GUTIERREZ | 19,674; May 26, 1999 |
| 18. LEOPOLDO CERVANTES LEON | 19,271; December 21, 1998 |
| 19. HECTOR VARGAS AGUIRRE | 2,381; February 8, 2000 |
| 20. JUAN ANTONIO CUELLAR LOPEZ | 2,381; February 8, 2000 |
| 21. ROBERTO SALAZAR VILLARREAL | 2,381; February 8, 2000 |
| 22. CANDELARIO FLORES BARCENAS | 2,534; March 29, 2000 |
| 23. ALEJANDRO SANCHEZ FRANCO | 2,535; March 29, 2000 |

FIFTH: Messrs Lic. Héctor Vargas Aguirre, Dr. Juan Antonio Cuéllar López and Roberto Salazar Villarreal arer herein appointed as attorneys of the Corporation and are granted with the following powers of attorney:

a) **General Power of Attorney for Lawsuits and Collections**, which they can exercise jointly or separately and that is conferred with all the general and special powers which must be expressly granted, as provided in Articles 2,448 (two thousand four hundred and forty eight), first paragraph and 2,481 (two thousand

CGEA0041236

four hundred and eighty one) of the Civil Code for the State of Nuevo Leon, and their corresponding Articles 2,554 (two thousand five hundred and fifty four), first paragraph, and 2,587 (two thousand five hundred and eighty seven) of the Civil Code for the Federal District and the correlative articles of the other civil codes of the federal states of the United Mexican States; being authorized, consequently and among other powers, to represent the Corporation before all kinds of authorities, bureaus, legal entities and organisms of federal, state or municipal level, notwithstanding their kind and name that they might be, and before any kind of individual or legal entity; to file all kinds of suits, answer them and voluntarily dismiss them whenever it be considered convenient and pursue them in all their instances; to file appeals or remedies; to offer and carry out evidence; to interrogate witnesses and disqualify them; to waive terms or times; to waive any jurisdiction or competence whenever permitted by Law; to compromise and submit to arbitral proceedings; to make and answer interrogatories; to challenge or object judges; to receive payments; to make assignment of assets; to file denouncements, accusations or complaints of criminal nature and to dismiss them; to assist the Government Attorney as a co-party in criminal proceedings and to grant pardons; to file habeas corpus ("amparo") suits and dismiss them whenever convenes the Principal's interests; to represent the Corporation pursuant to and for the effects of the articles (11) eleven, (46) forty six, (47) forty seven, (134) one hundred and thirty four section (III) three, (523) five hundred and twenty three, (692) six hundred and ninety two, sections (I, II, and III) First, Second and Third, (786) seven hundred and eighty six, (787) seven hundred and eighty seven, (873) eight hundred and seventy three, (874) eight hundred and seventy four, (876) eight hundred and seventy six, (878) eight hundred and seventy eight, (880) eight hundred and eighty and other corresponding of the Federal Labor Law, to appear before the Local Board of Settlement and Arbitration with the employer's representation and the legal representation of the corporation for all the effect to establish the legal status and capacity in trial or out of it, with powers to make and answer interrogatories and carry out the interrogatories in all its parts; to appear with the entire and sufficient legal representation to the hearing of settlement, suit and remedies and offering of evidence, as to appear to the hearing for the carrying out of evidence; likewise, with powers to propose settlements, to make transactions, to negotiate and sign labor agreements and, in general, to initiate proceedings and actions of civil, commercial, criminal, labor, administrative or any other nature, being understood that the powers contained in this section are merely descriptive and not limited under any circumstance.

b) **General Power of Attorney for Acts of Labor Administration**, that they can exercise jointly or separately and that is granted pursuant to that foreseen in articles 11 (eleven), 786 (seven hundred and eighty six) and 787 (seven hundred and eighty seven) of the Federal Labor Law, including expressly, but without being limited to, authorities to perform administration acts on labor matters such as the hiring and distribution of employees, the establishment of the duties that correspond to each position or labor areas and their compensation and, if applicable, the firing or promotion for all kind of workers and being able, as a consequence, to negotiate, execute, terminate and rescind all kind of labor contracts or agreements, to propose conciliatory settlements, to answer interrogatories in order to carry out depositions in all their parts and to represent the Corporation before all kinds of federal, state or municipal authorities, bureaus, entities and organisms, either judicial, administrative or of Labor nature, notwithstanding their kind and name that they might have and before any type of entity and individual, for any procedure and/or labor administrative proceeding and, in general, to bind the Corporation on labor matters in everything that concerns its administration.

c) **General Power of Attorney for acts of Administration.** That they may exercise jointly or separately in the terms of the second paragraph of Article 2448 of the Civil Code in force in the State of Nuevo Leon, its correlative second paragraph of Article 2,554 of the Civil Code for the Federal District, and the corresponding provisions of the other civil codes in effect in the whole territory of the Mexican Republic.

d) **General Power of Attorney for Negotiable Instruments.** That may be exercised jointly by any two of the attorneys mentioned above in the terms of Articles 9 and 85 of the General Law of Negotiable Instruments and Credit Operations, including, among others, the power to subscribe, issue, endorse, accept, be

CGEA0041237

surety, guarantee and present for acceptance and payment, and, in general, to negotiate with all types of negotiable instruments as well as to open and close bank accounts on behalf of the Corporation, write or draw checks against such accounts or withdraw funds from them.

f) The attorneys Lic. Héctor Vargas Aguirre, Dr. Juan Antonio Cuéllas López and C.P. Roberto Salazar Villarreal are granted with the authority to grant general or special powers of attorney, granting powers or authorities from among the above stated on a), b), c), and d) sections, with or without substitution, and to revoke those powers so granted; the aforesaid, limited to the content of subsection e) of this resolution.

**SIXTH:** It is herein established that the powers of attorney that subsist according to the FOURTH RESOLUTION as well as those granted by this Meeting will be subject to the limitations mentioned by the By-laws of the Corporation.

III. Regarding the THIRD POINT of the Agenda, the Meeting by unanimous vote adopted the following RESOLUTIONS:

**SEVENTH:** ING. HECTOR VARGAS GARZA is herein appointed as EXECUTIVE PRESIDENT of the Corporation.

**EIGHT:** LIC. HECTOR VARGAS AGUIRRE is appointed as VICE PRESIDENT FOR THE DEVELOPMENT OF BUSINESSES of the Corporation who will support the Executive President on his work.

**NINTH:** DR. JUAN ANTONIO CUELLAR LOPEZ is appointed as GENERAL DIRECTOR of the Corporation.

**TENTH:** Mr. Jean Alain Jullien is appointed as Attorney of the Corporation and is granted with the following powers of attorney with the limitations set forth by the corporate by-laws:

**a) General Power of Attorney for acts of Administration.** In the terms of the second paragraph of Article 2448 of the Civil Code in force in the State of Nuevo Leon, its correlative second paragraph of Article 2.554 of the Civil Code for the Federal District, and the corresponding provisions of the other civil codes in effect in the whole territory of the Mexican Republic.

**b) General Power of Attorney for Acts of Labor Administration,** pursuant to that foreseen in articles 11 (eleven), 786 (seven hundred and eighty six) and 787 (seven hundred and eighty seven) of the Federal Labor Law, including expressly, but without being limited to, authorities to perform administration acts on labor matters such as the hiring and distribution of employees, the establishment of the duties that correspond to each position or labor areas and their compensation and, if applicable, the firing or promotion for all kind of workers and being able, as a consequence, to negotiate, execute, terminate and rescind all kind of labor contracts or agreements, to propose conciliatory settlements, to answer interrogatories in order to carry out depositions in all their parts and to represent the Corporation before all kinds of federal, state or municipal authorities, bureaus, entities and organisms, either judicial, administrative or of Labor nature, notwithstanding their kind and name that they might have and before any type of entity and individual, for any procedure and/or labor administrative proceeding and, in general, to bind the Corporation on labor matters in everything that concerns its administration.

**c) General Power of Attorney for Negotiable Instruments.** In the terms of Articles 9 and 85 of the General Law of Negotiable Instruments and Credit Operations, including, among others, the power to subscribe, issue, endorse, accept, be surety, guarantee and present for acceptance and payment, and, in general, to negotiate

with all types of negotiable instruments as well as to open and close bank accounts on behalf of the Corporation, write or draw checks against such accounts or withdraw funds from them.

d) **General Power of Attorney for Lawsuits and Collections**, which is conferred with all the general and special powers which must be expressly granted, as provided in Articles 2,448 (two thousand four hundred and forty eight), first paragraph and 2,481 (two thousand four hundred and eighty one) of the Civil Code for the State of Nuevo Leon, and their corresponding Articles 2,554 (two thousand five hundred and fifty four), first paragraph, and 2,587 (two thousand five hundred and eighty seven) of the Civil Code for the Federal District and the correlative articles of the other civil codes of the federal states of the United Mexican States; being authorized, consequently and among other powers, to represent the Corporation before all kinds of authorities, bureaus, legal entities and organisms of federal, state or municipal level, notwithstanding their kind and name that they might be, and before any kind of individual or legal entity; to file all kinds of suits, answer them and voluntarily dismiss them whenever it be considered convenient and pursue them in all their instances; to file appeals or remedies; to offer and carry out evidence; to interrogate witnesses and disqualify them; to waive terms or times; to waive any jurisdiction or competence whenever permitted by Law; to compromise and submit to arbitral proceedings; to make and answer interrogatories; to challenge or object judges; to receive payments; to make assignment of assets; to file denouncements, accusations or complaints of criminal nature and to dismiss them; to assist the Government Attorney as a co-party in criminal proceedings and to grant pardons; to file habeas corpus ("amparo") suits and dismiss them whenever convenes the Principal's interests; to represent the Corporation pursuant to and for the effects of the articles (11) eleven, (46) forty six, (47) forty seven, (134) one hundred and thirty four section (III) three, (523) five hundred and twenty three, (692) six hundred and ninety two, sections (I, II, and III) First, Second and Third, (786) seven hundred and eighty six, (787) seven hundred and eighty seven, (873) eight hundred and seventy three, (874) eight hundred and seventy four, (876) eight hundred and seventy six, (878) eight hundred and seventy eight, (880) eight hundred and eighty and other corresponding of the Federal Labor Law, to appear before the Local Board of Settlement and Arbitration with the employer's representation and the legal representation of the corporation for all the effect to establish the legal status and capacity in trial or out of it, with powers to make and answer interrogatories and carry out the interrogatories in all its parts; to appear with the entire and sufficient legal representation to the hearing of settlement, suit and remedies and offering of evidence, as to appear to the hearing for the carrying out of evidence; likewise, with powers to propose settlements, to make transactions, to negotiate and sign labor agreements and, in general, to initiate proceedings and actions of civil, commercial, criminal, labor, administrative or any other nature, being understood that the powers contained in this section are merely descriptive and not limited under any circumstance.

e) The attorney is granted with the authority to grant general or special powers of attorney, granting powers or authorities from among the above stated on a), b), c), and d) sections, with or without substitution, and to revoke those powers so granted.

ELEVENTH: Messrs Jean-Alain Jullien and/or Pascal Gauthier and/or Jean-Jacques Grimaux and/or Pierre Rellet are granted with a special power of attorney so that they can perform the required actions in order to open bank accounts on behalf of Residuos Industriales Multiquim, S.A. de C.V. in any Mexican or foreign credit institution, authorize other persons so that with their signature they can dispose of the amounts deposited in the accounts, make deposits of any type, make withdrawals, to issue checks, give instructions so that wire transfers are made, and, in general, to give instructions regarding the disposal of the amounts deposited in the account or accounts of the Corporation in México and/or abroad.

TWELFTH: Messrs. Pascal Gauthier, Jean-Jacques Grimaux, and Pierre Rellet are granted with the following powers of attorney that they will be able to exercise jointly or separately:

CGEA0041239

**a) General Power of Attorney for Lawsuits and Collections,** which is conferred with all the general and special powers which must be expressly granted, as provided in Articles 2,448 (two thousand four hundred and forty eight), first paragraph and 2,481 (two thousand four hundred and eighty one) of the Civil Code for the State of Nuevo Leon, and their corresponding Articles 2,554 (two thousand five hundred and fifty four), first paragraph, and 2,587 (two thousand five hundred and eighty seven) of the Civil Code for the Federal District and the correlative articles of the other civil codes of the federal states of the United Mexican States; being authorized, consequently and among other powers, to represent the Corporation before all kinds of authorities, bureaus, legal entities and organisms of federal, state or municipal level, notwithstanding their kind and name that they might be, and before any kind of individual or legal entity; to file all kinds of suits, answer them and voluntarily dismiss them whenever it be considered convenient and pursue them in all their instances; to file appeals or remedies; to offer and carry out evidence; to interrogate witnesses and disqualify them; to waive terms or times; to waive any jurisdiction or competence whenever permitted by Law; to compromise and submit to arbitral proceedings; to make and answer interrogatories; to challenge or object judges; to receive payments; to make assignment of assets; to file denouncements, accusations or complaints of criminal nature and to dismiss them; to assist the Government Attorney as a co-party in criminal proceedings and to grant pardons; to file habeas corpus ("amparo") suits and dismiss them whenever convenes the Principal's interests; to represent the Corporation pursuant to and for the effects of the articles (11) eleven, (46) forty six, (47) forty seven, (134) one hundred and thirty four section (III) three, (523) five hundred and twenty three, (692) six hundred and ninety two, sections (I, II, and III) First, Second and Third, (786) seven hundred and eighty six, (787) seven hundred and eighty seven, (873) eight hundred and seventy three, (874) eight hundred and seventy four, (876) eight hundred and seventy six, (878) eight hundred and seventy eight, (880) eight hundred and eighty and other corresponding of the Federal Labor Law, to appear before the Local Board of Settlement and Arbitration with the employer's representation and the legal representation of the corporation for all the effect to establish the legal status and capacity in trial or out of it, with powers to make and answer interrogatories and carry out the interrogatories in all its parts; to appear with the entire and sufficient legal representation to the hearing of settlement, suit and remedies and offering of evidence, as to appear to the hearing for the carrying out of evidence; likewise, with powers to propose settlements, to make transactions, to negotiate and sign labor agreements and, in general, to initiate proceedings and actions of civil, commercial, criminal, labor, administrative or any other nature, being understood that the powers contained in this section are merely descriptive and not limited under any circumstance.

**b) General Power of Attorney for Acts of Labor Administration,** pursuant to that foreseen in articles 11 (eleven), 786 (seven hundred and eighty six) and 787 (seven hundred and eighty seven) of the Federal Labor Law, including expressly, but without being limited to, authorities to perform administration acts on labor matters such as the hiring and distribution of employees, the establishment of the duties that correspond to each position or labor areas and their compensation and, if applicable, the firing or promotion for all kind of workers and being able, as a consequence, to negotiate, execute, terminate and rescind all kind of labor contracts or agreements, to propose conciliatory settlements, to answer interrogatories in order to carry out depositions in all their parts and to represent the Corporation before all kinds of federal, state or municipal authorities, bureaus, entities and organisms, either judicial, administrative or of Labor nature, notwithstanding their kind and name that they might have and before any type of entity and individual, for any procedure and/or labor administrative proceeding and, in general, to bind the Corporation on labor matters in everything that concerns its administration.

**c)** The powers of attorney mentioned on subsections a) and b) above are granted to the referred attorneys wiith authority so that they can delegate them.

THIRTEENTH: Dr. Juan Antonio Cuéllar López is granted with a Special power of attorney for acts of management and disposal of property, sufficient and complied as may be necessary under law, so that the attorney may request and obtain before the competent authorities, from the federal, state or municipal level, the permits or authorizations that allow Residuos

CGEA0041240

Industriales Multiquim, S.A. de C.V. to use for the operation of the confinement that such company has already authorized in the municipality of Mina, N.L. a surface area of at least 700 hectares from those that form part of the real estate identified as "Parcela No. 39" that has a surface area of approximately 1,625 hectares, same that borders the confinement of Residuos Industriales Multiquim, S.A. de C.V. whose current ownership of Inmobiliaria Confinamina, S.A. de C.V., being herein authorized the attorney to acquire the aforesaid extension of property through the interchange that it makes in favor of Inmobiliaria Confinamina, S.A. de C.V. of an extension equivalent of the one that is part of the property of Residuos Industriales Multiquim. S.A. de C.V. and from which the latter has authorization to use for confinement but that, due to the mountains found on part of the property, such portion is not currently used for such purpose. The attorney is herein authorized to perform the procedures that correspond in order to divide and, if applicable, merge the property currently authorized for use and operation for confinement, for the effect that the with the surface area that is added in the terms herein set forth and reduced from the surface from which it is changed the total extension of the property to be used and operated as confinement of dangerous substances corresponds to the total surface approved for such effect. The attorney shall inform to the Board of Directors about the use of this power. Nonetheless, if the authorization or permit to be obtained from the competent authorities for the effects herein mentioned should include conditions or limitations that may be more than the ones that are currently applied, the attorney will need a previous approval from the Board of Directors in order to exercise this power.

IV. Regarding the FOURTH POINT of the Agenda, the President of the Meeting informed that a proposal has been submitted stating that in order to comply with the content of paragraph 9) subsection u) of the TWENTIETH Clause of the amended by-laws of this Corporation, it would be necessary that this Meeting approves that the different agreements mentioned in the aforesaid Clause form part of the ordinary line of business of the Corporation.

The Meeting discussed the proposal and by unanimous vote adopted the following RESOLUTION:

FOURTEENTH: For the effects of paragraph 9 subsection u) of the TWENTIETH Clause of the amended by-laws of Residuos Industriales Multiquim. S.A. de C.V., this Meeting, by unanimous vote of its shareholders, approves as agreements that form part of the ordinary line of business of the Corporation the following:

(i) the agreement to be executed by the Corporation with Sarp Industries, S.A. or an affiliate so that it renders administrative services in exchange of a consideration of up to 2% over the value of the sales of the Corporation;

(ii) the agreement to be executed by the Corporation with Inmobiliaria Confinamina, S.A. de C.V. so that it supplies raw materials beginning on June 26.2000 with market prices that are not lower than the current prices; and

(iii) the agreement to be executed with Valores Ecológicos, S.A. de C.V. or an affiliate so that it supplies administrative services to the Corporation for a term of 3 (three) years beginning on the date of this Meeting or until the moment in which Valores Ecológicos, S.A. de C.V. sells its shares of Residuos Industriales Multiquim, S.A. de C.V., whatever happens first.

V. Regarding the FIFTH and last POINT of the Agenda, the Meeting by unanimous vote adopted the following RESOLUTION:

CGEA0041241

FIFTEENTH. Messrs. LIC. LUIS SANTOS THERIOT, LIC. JOSE GUADALUPE GONZALEZ MERAZ, and LIC. ALEJANDRO MARTIN SANCHEZ FRANCO are appointed as SPECIAL DELEGATES of this Meeting so that in a joint or separate form they appear before the Notary Public of their choice in order to protocolize the required parts of this Minute, revoke the appointments and powers referred above, institute the appointed officers and attorneys, grant them the authority and powers agreed by this Meeting, and in general to perform the required procedures in order to file the corresponding Public Deed of the aforesaid protocolization in the Public Registry of Property and Commerce, in case that would be necessary or convenient, formalizing the adopted Resolutions.

Without any other issue to deal with, this Meeting finished after being suspended by the proper time so that the Secretary could draft this Minute; following the Secretary read it and it was approved by unanimous vote, and was signed by the President and Secretary of the Meeting, all the representatives of the shareholders, and the Examiner.

It is herein set forth that all the representatives of the shareholders were present since the beginning of this Meeting until it finished, as well as in the moment of taking each and every one of the adopted RESOLUTIONS.

A copy of this Minute in simple paper, the shown proxies, the Attendance List signed by the Attendants and duly certified by the appointed examiners and the other documents shown in the Meeting are added as attachments of this Minute. The aforesaid forms the file of this Meeting that is kept in the files of the Secretaryship.

The Meeting was adjourned at the 14:00 hours of the day, month, and year mentioned at the beginning.

| | |
|---|---|
| ING. HECTOR VARGAS GARZA<br>PRESIDENT | LIC. ALEJANDRO MARTIN SANCHEZ<br>FRANCO<br>SECRETARY |
| VALORES ECOLOGICOS, S.A. DE C.V.<br>Represented by MR. HECTOR VARGAS<br>AGUIRRE | INMOBILIARIA CONFINAMINA, S.A. DE<br>C.V.<br>Represented by MR. JOSE GUADALUPE<br>GONZALEZ MERAZ |
| SARP INDUSTRIES MEXICO, S.A. DE<br>C.V.<br>Represented by MR. LUIS SANTOS<br>THERIOT | C.P. AMEL CIENFUEGOS PECINO<br>EXAMINER |

LIC. ANDRES GONZALEZ SANDOVAL
EXAMINER

CGEA0041242

## ATTENDANCE LIST

TO THE GENERAL ORDINARY SHAREHOLDERS' MEETING OF RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. THAT TOOK PLACE AT THE 13:00 HOURS OF NOVEMBER 14, 2000 IN LAZARO CARDENAS 2400 OFFICE B21, SAN PEDRO GARZA GARCIA, N.L. CORPORATE DOMICILE.

| SHAREHOLDERS | SERIES F-I | SERIES F-II | SHARES<br>SERIES V-I | SERIES V-II |
|---|---|---|---|---|
| SARP INDUSTRIES MEXICO. S.A. DE C.V. | 1200 | | 3600 | |
| INMOBILIARIA CONFINAMINA, S.A. DE C.V. | 600 | | 1800 | |
| VALORES ECOLOGICOS, S.A. DE C.V. | | 200 | | 600 |
| TOTALS | 1800 | 200 | 5400 | 600 |

The undersigned appointed as Teller in order to verify the Attendance Quorum of this Meeting, CERTIFIES that, after revising the Book of Registry of Shares, the proxies submitted and this Attendance List the totality of the 8,000 shares of the Total Capital Stock of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V., same that represent 100% of the subscribed and paid capital stock of the Corporation, is represented.

C.P. ROBERTO SALAZAR VILLARREAL
TELLER

CGEA0041243

**INMOBILIARIA CONFINAMINA, S.A. DE C.V.**
**ACTA DE ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS**
**OCTUBRE 25, 2000**

En la ciudad de San Pedro Garza Garcia, N.L., domicilio social de **INMOBILIARIA CONFINAMINA, S.A. DE C.V.** siendo las (10:30) horas del dia (25) de octubre del (2000) se reunieron en Lázaro Cárdenas 2400 Edificio Losoles Despacho PB-5, los representantes de accionistas cuyos nombres y firmas aparecen en la Lista de Asistencia al efecto preparada y certificada por los Escrutadores designados, de la cual el original se agrega al expediente del duplicado de la presente Acta, con el objeto de celebrar una Asamblea General Ordinaria de Accionistas a la cual fueron debidamente citados.- Se encontraron presentes los Señores Ing. ABELARDO RAUL CAVAZOS GARZA y C.P. RAUL SALINAS GARZA, Administrador Unico y Comisario de la Sociedad, respectivamente. Asistió también el Señor LIC. GUILLERMO VARGAS AGUIRRE, en calidad de invitado.-

Presidió la Asamblea el Sr. Ing. ABELARDO RAUL CAVAZOS GARZA, en su calidad de Administrador Unico de la Sociedad y el Sr. LIC. HECTOR VARGAS AGUIRRE fue nombrado por la Asamblea por unanimidad como Secretario, de conformidad con los Estatutos Sociales de la Sociedad.

A propuesta del Presidente, por unanimidad de votos la Asamblea designó Escrutadores a los Señores LIC. CTOR VARGAS AGUIRRE y LIC. GUILLERMO VARGAS AGUIRRE quienes aceptaron sus cargos y procedieron a verificar la correspondiente Lista de Asistencia, el Registro de Acciones y las Cartas Poder exhibidas, certificando que en la Asamblea de relación se encontraron legalmente representadas las 500 Acciones en que se encuentra dividido el capital social total de la Sociedad y por ende el quórum a que se refieren los Estatutos Sociales para declarar legitimamente instalada la Asamblea, distribuidas de la siguiente manera:

| ACCIONISTAS | ACCIONES |
|---|---|
| VALORES ECOLOGICOS, S.A. DE C.V. Representada por el LIC. HECTOR VARGAS AGUIRRE | 495 |
| MINERA LA FE DEL NORTE, S.A. DE C.V. Representada por el LIC. GUILLERMO VARGAS AGUIRRE | 5 |
| TOTAL CAPITAL SOCIAL | 500 |

En virtud de la certificación de los Escrutadores respecto de haberse encontrado representado el 100% de las acciones representativas del Capital Social total de la Sociedad, el Presidente declaró legalmente instalada la Asamblea y apta para tratar y resolver los asuntos que la motivan, a pesar de no haberse publicado Convocatoria previa, de conformidad con lo dispuesto por los Estatutos Sociales.

Acto seguido, el Secretario dio lectura, a la siguiente:-

**ORDEN DEL DIA:**

I.-PROPOSICION, DISCUSION Y APROBACION EN SU CASO DEL PROYECTO QUE PRESENTA EL ADMINISTRADOR UNICO DE LA SOCIEDAD PARA AUMENTAR EL CAPITAL SOCIAL EN SU PARTE VARIABLE.

CGEA0041244