01 2003 11:59 FAX 33 1 49532933  COUR ARBITRAGE  ☑001/015
Case 1:07-cv-05598-AKH   Document 6-5   Filed 06/14/2007   Page 1 of 15
33 1 49532933

07-01-03 12:15 RCVD



# ICC
**International Chamber of Commerce**

*The world business organization*

## International Court of Arbitration • Cour internationale d'arbitrage

| TRANSMISSION BY TELECOPIER |
| TRANSMISSION PAR TELECOPIE |

| To | : Jan Paulsson, Esq. | Fax | : | 01 44 56 44 00 |
| | Joseph A. Huse, Esq. | | | |
| | Briana Young, Esq. | | | |
| | T. Barry Kingham, Esq. | | | 00 1 212 697 1559 |

| FROM: | Rohini Rangachari | Fax | : | 00 33 1 49 53 57 80 |
| | | Phone | : | 00 33 1 49 53 29 53 |

SECRETARIAT OF THE ICC INTERNATIONAL COURT OF ARBITRATION
SECRETARIAT DE LA COUR INTERNATIONALE D'ARBITRAGE DE LA CCI

| DATE | : | 7 January 2003 | REF.: | 12 125/JNK |

**Number of pages (including cover sheet):**

*(If any pages are missing or illegible, please call the number indicated above).*
*(En cas de pages manquantes ou illisibles, veuillez appeler le numéro indiqué ci-dessus).*

*The information contained in this fax is confidential information only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the postal service. Thank you.*

*Les informations contenues dans cette télécopie sont confidentielles et sont destinées à l'usage exclusif du(des) destinataire(s). La personne qui reçoit cette télécopie et qui n'est pas le destinataire, l'un de ses employés, ou un mandataire habilité à remettre ce message au destinataire est avisé qu'il est interdit d'en divulguer ou d'en reproduire le contenu. Si vous avez reçu cette communication par erreur, nous vous saurions gré de nous le faire connaître par téléphone dans les meilleurs délais et de nous retourner celle-ci par voie postale. Merci.*

**ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI**
38, Cours Albert 1er, 75008 Paris, France
Telephone +33 1 49 53 28 28   Fax +33 1 49 53 29 29 / +33 1 49 53 29 33
Website www.iccarbitration.org   E-mail arb@iccwbo.org



**International Chamber of Commerce**

*The world business organization*

### International Court of Arbitration • Cour internationale d'arbitrage

7 January 2003/nn

**12 125/JNK**

1. CGEA ONYX, S.A., formerly known as COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. (France) 2. SARP INDUSTRIES, S.A. (France) 3. SARP INDUSTRIES MEXICO S.A. DE C.V. (Mexico) vs/ 1. MR. HECTOR VARGAS GARZA (Mexico) 2. VALORES ECOLOGICOS S.A. DE C.V. (Mexico)

---

Counsel in charge of the file: Ms. Jennifer Kirby (dir. tel n° 01 49 53 28 32 - dir. fax n° 01 49 53 57 80)

Mr. Jan Paulsson
Mr. Joseph A. Huse
Ms. Briana Young
FRESHFIELDS BRUCKHAUS DERINGER
69 boulevard Haussmann
Paris 75008
France

T. Barry Kingham, Esq.
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
U.S.A.

9-1-03
BY called ICC to ask for invoice directly to CGEA Onyx. Rai~ will arrange

*By fax 01 44 56 44 00*

29-1-03

*By fax 00 1 212 697 1559*

Dear Madam,
Dear Sirs,

The Secretariat gratefully acknowledges receipt of US$ 89 500 paid by Claimants, representing the balance of the provisional advance fixed by the Secretary General at US$ 92 000.

As the provisional advance has been fully paid, in accordance with Article 13 of the Rules, the file is being transmitted to the Arbitral Tribunal today.

The parties should henceforth correspond directly with the Arbitral Tribunal and send copies of their correspondence to the other parties and to the Secretariat.

In conformity with Article 30(3) of the Rules, the parties are invited to pay within **30 days** from the day following the date of receipt of this letter, the advance on costs fixed by the Court at US$ 380 000, subject to later readjustments, in the following manner:

- Claimants:     US$  98 000    (US$ 190 000 less US$ 92 000 already paid)
- Respondents:   US$ 190 000

.../...

---

**ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI**

38, Cours Albert 1er, 75008 Paris, France
Telephone +33 1 49 53 28 28    Fax +33 1 49 53 29 29 / +33 1 49 53 29 33
Website www.iccarbitration.org    E-mail arb@iccwbo.org

12 125/JNK                                                          Page 2
--------------------------------------------------------------------------

by bank check in favor of the ICC or by transfer to our account N° 240-224534.61R:

at
UBS SA
35, rue des Noirettes
Case postale 2600
1211 Geneva 2
Switzerland

Swift Code : UBSWCHZH12A

Please include the reference 12 125/JNK/Claimants or 12 125/JNK/Respondents on your payment for its prompt and accurate crediting.

Please be advised that in the above-referenced matter, pursuant to Article 9(2) of the Rules, the Secretary General, on 18 December 2002, confirmed Lawrence W. Newman, Esq. as Chairman of the Arbitral Tribunal upon the joint proposal of the co-arbitrators.

Please find enclosed a copy of the Declaration of Acceptance and Statement of Independence as well as the *curriculum vitae* of Mr. Newman.

As provided in Article 9(2) of the Rules, such confirmation shall be reported to the Court.

As the provisional advance has been fully paid, in accordance with Article 13 of the Rules, the file shall be transmitted to the Arbitral Tribunal.

The parties should henceforth correspond directly with the Arbitral Tribunal and send copies of their correspondence to the other parties and to the Secretariat.

Yours sincerely,

*Rohini Rangachari*

Rohini Rangachari
Assistant Counsel
Secretariat
ICC International Court of Arbitration

Encl.: Copy of Declaration of Acceptance and Statement of Independence and
       *curriculum vitae* of Lawrence W. Newman, Esq.

c.c.:  Lawrence W. Newman, Esq. (*without enclosure*)
       Job Taylor, III, Esq.
       Steven A. Hammond, Esq.



**International Chamber of Commerce**

*The world business organization*

International Court of Arbitration          Cour internationale d'arbitrage

CASE N° __12 125 / JNK__

## ARBITRATOR'S DECLARATION OF ACCEPTANCE AND STATEMENT OF INDEPENDENCE

*(Please mark the relevant box or boxes)*

I, the undersigned,

Name __Newman__          First Name __Lawrence W.__

## ACCEPTANCE

[X]  hereby declare that **I accept** to serve as arbitrator under the ICC Rules of Arbitration in the instant case. In so declaring, I confirm that I have familiarized myself with the requirements of the ICC Rules of Arbitration and am able and available to serve as an arbitrator in accordance with all of the requirements of those Rules and accept to be remunerated in accordance therewith.

## INDEPENDENCE

*(If you accept to serve as arbitrator, please also check one of the two following boxes. The choice of which box to check will be determined after you have taken into account, inter alia, whether there exists any past or present relationship, direct or indirect, with any of the parties or their counsel, whether financial, professional or of another kind and whether the nature of any such relationship is such that disclosure is called for pursuant to the criteria set out below. Any doubt should be resolved in favor of disclosure.)*

[ ]  **I am independent** of each of the parties and intend to remain so; to the best of my knowledge, there are no facts or circumstances, past or present, that need be disclosed because they might be of such nature as to call into question my independence in the eyes of any of the parties.

OR

[X]  **I am independent** of each of the parties and intend to remain so; **however,** in consideration of Article 7, paragraphs 2 & 3 of the ICC Rules of Arbitration*, I wish to call your attention to the following facts or circumstances which I hereafter disclose because they might be of such a nature as to call into question my independence in the eyes of any of the parties. (Use separate sheet if necessary.) See attached memorandum dated **November 5, 2002.**

## NON-ACCEPTANCE

[ ]  hereby declare that **I decline** to serve as arbitrator in the subject case. (If you wish to state the reasons for checking this box, please do so.)

Date: __December 6, 2002__          Signature: *[signature]*

*Article 7 (2): "Before appointment or confirmation, a prospective arbitrator shall sign a statement of independence and disclose in writing to the Secretariat any facts or circumstances which might be of such a nature as to call into question the arbitrator's independence in the eyes of the parties. The Secretariat shall provide such information to the parties in writing and fix a time limit for any comments from them."

Article 7 (3): "An arbitrator shall immediately disclose in writing to the Secretariat and to the parties any facts or circumstances of a similar nature which may arise during the arbitration."

# MEMORANDUM

<u>VIA E-MAIL</u>

DATE:    November 5, 2002

TO:    Steven A. Hammond
       Job Taylor, III

FROM:    Lawrence W. Newman

RE:    ICC Arbitration 1. CGEA Onyx, S.A. (formerly known as Compagnie Generale d'Enterprises Automobiles, S.A. (France), 2. SARP Industries, S.A. (France), 3. SARP Industries Mexico S.A. de C.V. (Mexico) vs. 1. Mr. Hector Vargas Garza (Mexico) 2. Valores Ecologicos S.A. de C.V. (Mexico)

Gentlemen:

At your request I have caused a computer search to be done with respect to the parties and counsel in the above arbitration in which you have asked that I serve as chairman of the arbitration panel of which you are both members.

I have ascertained that Baker & McKenzie neither acts, nor has acted, for any of the entities referred to in the caption above.

I understand, however, the claimant companies are subsidiaries or affiliates of Vivendi Universal and that one of the respondents is a subsidiary or affiliate of Waste Management, Inc.

With respect to Waste Management and its subsidiaries, I understand that the Mexico City, Hong Kong, Singapore, San Diego, Chicago offices and possibly others have done work for them, although I also understand that currently little work is being done by the firm. There was a small litigation matter in which this office acted for Waste

[NYC] 390282.1

Management (then known as WMX) a few years ago and in which I was peripherally involved. That matter has been closed for some time and I recall very little about it.

With respect to Vivendi Universal and various of its subsidiaries and affiliates, various offices of our firm have done work for them. Those offices have included the Paris, Prague, Santiago, Rio de Janeiro, Singapore, Sidney, Warsaw, Manila, Hong Kong, Bangkok offices and possibly others. I am not aware that any work for Vivendi or its subsidiaries has been done in the New York office. I was counsel a few years ago in an arbitration against Vivendi. The arbitration ended with an award in May of 1999.

With respect to the law firms involved in this case, I am, of course, acquainted with both the Freshfields and Curtis law firms and know, or know of, lawyers in them. I have, however, no current or previous connections with these firms.

I believe that I am, subject to the disclosures made above, independent of the parties involved in the arbitration and of their counsel. As a condition to acceptance of my appointment, I ask that the arbitrating parties agree that I will be acting in a personal capacity as an arbitrator and that my appointment will not constitute a retainer by them of the law firm of Baker & McKenzie and that no attorney-client relationship between Baker & McKenzie and the parties to the arbitration will be created by my appointment. Accordingly, my acting as arbitrator will not prevent Baker & McKenzie for acting for clients in matters that may be adverse to the parties in the arbitration, or their parents or affiliates, provided that such matters do not directly relate to the dispute that I will be hearing and that do not involve me personally. My acceptance of the appointment will also be conditioned on the agreement of the parties that they will not seek to disqualify Baker & McKenzie in each matter as a consequence of my appointment as arbitrator.

[NYC] 390282.1

# ICC
**International Chamber of Commerce**
*The world business organization*

International Court of Arbitration          Cour internationale d'arbitrage

CASE N° _l&l&S / JNK_

*For the __confidential__ use of the ICC International Court of Arbitration and communication to the parties. To be completed in English.*

## CURRICULUM VITAE

NAME: Newman                          FIRST NAME: Lawrence W.

DATE OF BIRTH: July 1, 1935            NATIONALITY(IES): USA

PERSONAL ADDRESS:  860 Fifth Avenue
                   Apt. 5L
                   New York, NY 10021

TELEPHONE: 212-439-8586        TELEFAX:

E-MAIL:

BUSINESS ADDRESS *(Including company or firm name where applicable)*:

c/o Baker & McKenzie
805 Third Avenue
29th Floor
New York, NY 10022

TELEPHONE: 212-891-3970    TELEFAX: 212-421-2329    MOBILE: 917-415-1002

E-MAIL: lwn@bakernet.com        WEBSITE:

*Please indicate which address you wish to be used for correspondence:*

☐ PERSONAL                              ☒ BUSINESS

6/00

CASE N° _____                                                        Page 2

*For the confidential use of the ICC International Court of Arbitration and communication to the parties. To be completed in English.*

ACADEMIC DEGREES / QUALIFICATIONS:

AB Harvard College, LLB
Harvard Law School,
--

CURRENT PROFESSIONAL ACTIVITY(IES) AND POSITION(S):

Partner - Baker & McKenzie

PROFESSIONAL EXPERIENCE:

Assistant US Attorney
United States Attorneys Office for the Southern District of New York, 1964-69
Associate and Partner of Baker & McKenzie 1969 to date

ADDITIONAL INFORMATION *(Use separate sheet if necessary)*:

See attached Curriculum Vitae

LANGUAGES *(Mark, as appropriate, if you consider that you are able to conduct arbitration proceedings and to draft an award in the languages listed without the assistance of an interpreter or translator):*

☐ ARABIC    ☒ ENGLISH    ☐ FRENCH    ☐ GERMAN
☐ ITALIAN   ☐ RUSSIAN    ☐ SPANISH   ☐ OTHER _____

Please indicate other languages of which you have good knowledge: French, Spanish, Portuguese

Date: __December 6, 2002__                Signature: _____

# Baker & McKenzie

## Lawrence W. Newman
Partner

**Practice Group**
Litigation

**Practice Focus:**
International commercial litigation and arbitration, including matters involving foreign law and languages.

**Practice Description:**
Mr. Newman was the founder, with the late Professor Henry de Vries, of the New York litigation department, which has concentrated over the past two and a half decades on international litigation and arbitration. Mr. Newman and his colleagues achieved international prominence in the 1980s, when the New York litigation department represented more claimants against the government of Iran arising out of the revolution in that country than any other law office in the world. Mr. Newman has handled cases in trial and appellate courts in New York and other states of the United States involving such matters as contract and fraud disputes and violations of the federal securities laws and of the Racketeer Influenced and Corrupt Organizations (RICO) Act. Mr. Newman has represented clients in arbitrations under the rules of major international arbitration organizations in Europe and the United States.

**Representative Cases:**
Mr. Newman successfully represented the Eastman Kodak Company in litigation with its former Bolivian distributor and the E.I. duPont Company in its dispute with its former distributor from Ecuador. Mr. Newman also represented, at the trial and appellate levels, Rockwell International Corporation in the suit in which it obtained an injunction against payment of an international letter of credit by Citibank. He represented BellSouth International Corporation in a fraud case in which it obtained an arbitration award of nearly $20 million against the company now known as Vivendi Universal arising out of the sale of an interest in a French cellular telephone company.

Among arbitration matters involving power projects in which Mr. Newman has acted as counsel was the dispute in which he represented the nuclear power consortium company, Kernkraftwerk Graben, in an arbitration against Freeport Uranium Recovery Corporation, in which Graben obtained an award terminating its long-term contract for the purchase of uranium fuel. He has also been principal trial counsel for Nuclear Electric Insurance Limited (NEIL) in several arbitrations involving coverage under business interruption insurance policies issued by NEIL to nuclear power plant operators. All of these arbitrations have ended in awards in favor of NEIL.

**Publications and Presentations:**

[NYC] 358426.1

Mr. Newman is the co-author of *Newman's Litigating International Commercial Disputes* (West Group, 1996), and *The Practice of International Litigation* (2nd edition); he is the editor of *Enforcement of Foreign Judgments* (two volumes), *Attachment of Assets*, and the forthcoming *Securing and Enforcing Judgments in Latin America*. He is the co-editor, with Professor Andreas Lowenfeld and Chief Judge John M. Walker, Jr. of the Second Circuit Court of Appeals, of *Revolutionary Days – The Iran Hostage Crisis and the Hague Claims Tribunal: a Look Back*. He has been, since 1982, the author of a column, "International Litigation," in the *New York Law Journal*. He has lectured on international litigation and arbitration before bar association and law school audiences in the United States, Europe, Latin America and Asia, including at the law schools of Harvard, Columbia, NYU, Vanderbilt, Denver, Tulane, Indiana, Cardozo, as well as the Institut des Sciences Politiques in Paris.

**Professional Memberships:**
For several years, Mr. Newman was the Chairman of the United States Iranian Claimants Committee, the national organization of attorneys representing claimants against the government of Iran. Mr. Newman is a member of numerous bar associations, including the American Bar Association, the Association of the Bar of the City of New York, the International Bar Association, the Union Internationale des Avocats, the American Society of International Law, the American Foreign Law Association, and the Inter-American Bar Association. He has been active on committees of those associations concerning international litigation and arbitration. He was the Program Chair for the 2001 Second Circuit Judicial Conference, on transnational legal issues.

**Bar Admission and Education:**
Mr. Newman is admitted to practice in the District of Columbia and New York. He is a graduate of Harvard College and Harvard Law School. Prior to joining Baker & McKenzie, he was, for five years, an Assistant U.S. Attorney in the United States Attorney's Office for the Southern District of New York, where he specialized in the investigation and trial of securities fraud cases.

**Contact Information:**
Lawrence W. Newman
Baker & McKenzie
805 Third Avenue
New York, NY 10022
Telephone: 212-891-3970
Telefax: 212-421-2329
E-Mail: lwn@bakernet.com
Website: www.bakernet.com

[NYC] 358426.1



**International Chamber of Commerce**

*The world business organization*

## International Court of Arbitration • Cour internationale d'arbitrage

7 January 2003/an

**12 125/JNK**

1. CGEA ONYX, S.A., formerly known as COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. (France) 2. SARP INDUSTRIES, S.A. (France) 3. SARP INDUSTRIES MEXICO S.A. DE C.V. (Mexico) vs/ 1. MR. HECTOR VARGAS GARZA (Mexico) 2. VALORES ECOLOGICOS S.A. DE C.V. (Mexico)

Counsel in charge of the file: Ms. Jennifer Kirby (dir. tel n° 01 49 53 28 32 - dir. fax n° 01 49 53 57 80)

Lawrence W. Newman, Esq.
BAKER & McKENZIE
805 Third Avenue, 29th Floor
New York, NY 10022
U.S.A.

*By DHL and fax 00 1 212 421 2329*

Job Taylor, III, Esq.
LATHAM & WATKINS
885 Third Avenue
Suite 1000
New York, NY 10022
U.S.A.

*By DHL and fax 00 1 212 751 4864*

Steven A. Hammond, Esq.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
U.S.A.

*By DHL and fax 00 1 212 422 4726*

Dear Sirs,

In accordance with Article 13 of the ICC Rules, the Secretariat herewith forwards to you the file in the above-referenced case. The file consists of the documents on the attached list.

The Secretariat takes this opportunity to draw your attention to the following points:

### I.  Constitution of the Arbitral Tribunal:

On 18 December 2002, the Secretary General of the Court, in accordance with Article 9(2) of the Rules, confirmed Lawrence W. Newman, Esq. as Chairman of the Arbitral Tribunal, upon joint nomination of the co-arbitrators.

On 6 September 2002, the ICC International Court of Arbitration (the "Court") confirmed Job Taylor III, Esq. as co-arbitrator upon joint nomination of Claimants.

On 6 September 2002, the ICC International Court of Arbitration (the "Court") also confirmed Steven Alan Hammond, Esq. as co-arbitrator upon joint nomination of Respondents.

.../...

**ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI**

38, Cours Albert 1er, 75008 Paris, France
Telephone +33 1 49 53 28 28    Fax +33 1 49 53 29 29 / +33 1 49 53 29 33
Website www.iccarbitration.org    E-mail arb@iccwbo.org

12 125/JNK                                                                                               Page 2
------------------------------------------------------------------------------------------

11.   Names and addresses of the parties to the proceedings:

- Claimants:

  CGEA ONYX, S.A., formerly known as COMPAGNIE GENERALE D'ENTREPRISES
  AUTOMOBILES, S.A.
  36-38 avenue Kléber
  75799 Paris Cedex 16
  France

  SARP INDUSTRIES, S.A.
  Zone Portuaire de Limay
  Porcheville
  Route de Hazay
  78520 Limay
  France

  SARP INDUSTRIES MEXICO S.A. DE C.V.
  Av. Lazaro Cardenas, Pte. 2400
  Office N° PD6D
  Residential San Agustin
  66260 San Pedro Garza Garcia N.L.
  Mexico

Represented by:

  Mr. Jan Paulsson
  Mr. Joseph Huse
  Ms. Briana Young
  FRESHFIELDS BRUCKHAUS DERINGER
  69 boulevard Haussmann
  75008 Paris
  France

- Respondents:

  MR. HECTOR VARGAS GARZA
  Avenue Lazaro Cardenas 2400 PB 7
  Col. Residencial San Agustin
  66260 San Pedro Garza Garcia N.L.
  Mexico

  VALORES ECOLOGICOS S.A. DE C.V.
  Avenue Lazaro Cardenas 2400 PB
  7, Col. Residencial San Agustin
  66260 San Pedro Garza Garcia N.L.
  Mexico

                                                                                                      .../...

12 125/JNK                                                                Page 3
-------------------------------------------------------------------------------

Represented by:

T. Barry Kingham, Esq.
CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP
101 Park Avenue
New York, New York 10178
U.S.A.

### III. Place of Arbitration:

New York City is the place of arbitration.

### IV. Financial Status of the File:

Based on the information in the Secretariat's possession, the Secretary General fixed the provisional advance at US$ 92 000, which is intended to cover the costs of this arbitration until the Terms of Reference have been drawn up, in accordance with Article 30(1) of the Rules.

The provisional advance has been fully paid by Claimants.

The Court, at its session of 2 August 2002, fixed the advance on costs at US$ 380 000, subject to later readjustments. To date, the advance on costs has been paid by the parties in the following manner:

- Claimants:      US$ 92 000
- Respondents:    US$      0

As indicated in Article 30(2) of the Rules and Article 1(4) of Appendix III, the advance on costs covers the fees of the Arbitral Tribunal, the reimbursable expenses and the ICC administrative expenses.

Depending on the evolution of the matter, the Court may readjust the advance on costs at a later date.

The amount in dispute is presently quantified at US$ 31 527 268 (*i.e.* US$ 31 527 268 for the principal claims).

The Secretariat encourages the Arbitral Tribunal to state the amount in dispute in the Terms of Reference as precisely as possible. Furthermore, during the course of the proceedings, the Arbitral Tribunal should inform the Secretariat of any change in the amount in dispute in order to permit the Court to consider whether any adjustment of the advance on costs is appropriate.

### V. Procedure:

Your first task is to establish the Terms of Reference and the provisional timetable, in accordance with Article 18 of the Rules. In this regard, we draw your attention to the time limit of **two months** within which the Terms of Reference must be transmitted to the Court.

.../...

The Court attaches particular importance to the rapid resolution of arbitrations conducted under its Rules. You should therefore make every effort to finalize the Terms of Reference within the period provided for in the Rules. Although extensions of time may be granted by the Court, avoidable delay in the completion of the Terms of Reference may be taken into account by the Court in fixing the arbitrators' fees (see Article 2(2) of Appendix III). Moreover, Article 12(2) of the Rules provides that an arbitrator shall be replaced when the Court decides that he is not fulfilling his functions within the prescribed time limits.

You are also advised that:

(i)  when drawing up the Terms of Reference, or as soon as possible thereafter, the Arbitral Tribunal, after having consulted with the parties, shall establish in a separate document a provisional timetable that it intends to follow for the conduct of the arbitration and shall communicate it to the Court and the parties (see Article 18(4) of the Rules);

(ii) in accordance with Article 24(1) of the Rules, the time limit within which the Arbitral Tribunal must render its Final Award is six months, running from the date of the last signature of the Terms of Reference, or in case of application of Article 18(3) of the Rules, from the date of the Secretariat's notification to the Arbitral Tribunal of the Court's approval of the Terms of Reference;

(iii) although the Rules permit this time limit to be extended by the Court if necessary, we would like to emphasize the importance of conducting the arbitration proceedings as rapidly as may be reasonably possible in the circumstances; and

(iv) when the Arbitral Tribunal has declared the proceedings closed according to Article 22(1) of the Rules, it shall indicate to the Secretariat an approximate date by which the draft Award will be submitted to the Court for approval (see Article 22(2) of the Rules).

### VI. Payment of fees and reimbursement of expenses:

As a general indication, on the basis of the information available at present, the fees of an arbitrator may vary between US$ 39 514 and US$ 172 596 for this matter, in view of the amount in dispute.

With regard to remuneration, we urge you to familiarize yourself with the relevant provisions of the Rules and the scale of arbitrator's fees contained in Appendix III thereto. Please note, in particular, that the arbitrator's fees are fixed exclusively by the Court and that separate fee arrangements between the parties and the arbitrators are not permitted. Arbitral fees are moreover fixed only at the end of the proceedings, although advances and reimbursement of expenses may be granted upon the completion of concrete steps in the arbitration.

When the Arbitral Tribunal is composed of three members, unless the arbitrators inform us in writing that they have agreed to a different allocation, the Court normally fixes the fees of the arbitrators so that the Chairman receives 40% of the total fees and each co-arbitrator receives 30%. However, the Court may decide upon a different allocation based on the circumstances of the case.

Please find enclosed a note concerning the reimbursement of arbitrators' expenses.

.../...

12 125/JNK                                Page 5

---

We also draw your attention to Article 2(9) of Appendix III of the Rules, which states that the amounts paid to the arbitrators do not include any possible value-added taxes (VAT), and that the recovery of any such taxes payable by the arbitrators in respect of their fees is a matter solely between the arbitrators and the parties.

### VII. Correspondence:

The parties should henceforth correspond directly with the Arbitral Tribunal and send copies of their correspondence to the other parties <u>and</u> to the Secretariat. The Arbitral Tribunal is invited to send a copy of all their correspondence with the parties to the Secretariat.

Yours sincerely,

*Rohini Rangachari*

Rohini Rangachari
Assistant Counsel
Secretariat
International Court of Arbitration of the ICC

Encl.:- Copy of the Secretariat's letter of today to the parties
        - List of Documents and documents mentioned therein
        - Note regarding Personal and Arbitral Tribunal Expenses (*all enclosures by DHL only*)

c.c.:   - Mr. Jan Paulsson
        - Mr. Joseph Huse
        - Ms. Briana Young
        - T. Barry Kingham, Esq. (*all without enclosures*)