

**International Chamber of Commerce**

*The world business organization*

International Court of Arbitration • Cour internationale d'arbitrage

JONES DAY
Reçu le

17 AOUT 2007

16 August 2007/ml:mo'b

**12 125/JNK/EBS/VRO**

1. VEOLIA PROPRETE S.A, formerly known as CGEA ONYX, S.A. (France) 2. SARP INDUSTRIES, S.A. (France) 3. SARP INDUSTRIES MEXICO S.A. DE C.V. (Mexico) vs/ 1. MR. HECTOR VARGAS GARZA (Mexico) 2. VALORES ECOLOGICOS S.A. DE C.V. (Mexico)

------

Counsel in charge of the file: Ms. Victoria Orlowski (dir. tel: 33 1 49 53 28 32 - dir. fax: 33 1 49 53 57 80)
Assistant Counsel responsible for the file: Ms. Michele E. O'Brien (dir. Tel: 33 1 49 53 29 53)
Email: ica5@iccwbo.org

Thomas F. Cullen, Jr., Esq.
Beth Heifetz, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001, U.S.A.

*By DHL*

Dr. Michael Bülher
Mr. Pierre Heitzman
JONES DAY
120, rue du Faubourg Saint Honoré
75008 Paris

*By DHL*

MR. HECTOR VARGAS GARZA
Battalon de San Patricio # 109
Edificio Dataflux Piso 15
Col Valle Oriente
San Pedro Garza Garcia
Nuevo Leon
Mexico 66260

*By DHL*

VALORES ECOLOGICOS S.A. DE C.V.
Battalon de San Patricio # 109
Edificio Dataflux Piso 15
Col Valle Oriente
San Pedro Garza Garcia
Nuevo Leon
Mexico 66260

*By DHL*

Dear Madame, Dear Sirs,

The Secretariat sends you the original of the Addendum dated 14 August 2007 rendered by the Arbitral Tribunal in the above-referenced matter.

.../...

ICC International Court of Arbitration • Cour internationale d'arbitrage de la CCI
38, Cours Albert 1er, 75008 Paris, France
Telephone +33 1 49 53 28 28   Faxes +33 1 49 53 29 29 / +33 1 49 53 29 33
Website www.iccarbitration.org   E-mail arb@iccwbo.org

12 125/JNK/EBS

---

This notification of the Addendum is made by the Secretariat pursuant to Article 28 of the Rules. The Addendum was approved by the Court at its session of 3 August 2007.

Yours faithfully,

Victoria Orlowski
Counsel
Secretariat of the ICC International Court of Arbitration

Encl.: Original of the Addendum dated 14 August 2007

c.c.: Lawrence W. Newman
Job Taylor III, Esq.
Steven Alan Hammond, Esq.
(*by fax without enclosure*)



**International Chamber of Commerce**
*The world business organization*

**International Court of Arbitration** • **Cour internationale d'arbitrage**

# ADDENDUM

# TO FINAL

# AWARD

**ICC International Court of Arbitration** • **Cour internationale d'arbitrage de la CCI**
38, Cours Albert 1er, 75008 Paris, France
Tel. +33 1 49 53 28 28   Fax +33 1 49 53 29 33
Web site www.iccarbitration.org    E-mail arb@iccwbo.org

## ICC INTERNATIONAL COURT OF ARBITRATION

### CASE No. 12 125/JNK/EBS

| | |
|---|---|
| 1. VEOLIA PROPRETE (formerly known as CGEA ONYX S.A.) | (France) |
| 2. SARP INDUSTRIES, S.A. | (France) |
| 3. SARP INDUSTRIES MEXICO S.A. DE C.V. | (Mexico) |

**vs/**

| | |
|---|---|
| 1. Mr. Hector Vargas Garza | (Mexico) |
| 2. VALORES ECOLOGICOS S.A. DE C.V. | (Mexico) |

This document is an original of the Addendum to the Final Award rendered in conformity with the Rules of the ICC International Court of Arbitration.

IN THE MATTER OF AN ARBITRATION
PURSUANT TO THE RULES OF ARBITRATION
OF THE INTERNATIONAL CHAMBER OF COMMERCE

BETWEEN

VEOLIA PROPRETÉ, formerly known as ONYX, S.A. (FRANCE),
SARP INDUSTRIES, S.A. (FRANCE), and SARP INDUSTRIES MEXICO
S.A. DE C.V. (MEXICO)

Claimants,

AND

VALORES ECOLOGICOS S.A. DE C.V. and HECTOR VARGAS GARZA,

Respondents.

ICC Ref: 12/125/JNK/EBS

## ADDENDUM

**Counsel for Claimants:**

Thomas F. Cullen, Jr., Esq.
Beth Heifetz
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
USA

Dr. Michael Bühler
Me. Pierre Heitzmann
JONES DAY
120, rue du Faubourg Saint Honoré
Paris 75008
France

**Tribunal:**
Lawrence W. Newman, Esq., Chairman
Steven Hammond, Co-arbitrator
Job Taylor III, Co-arbitrator

**Respondents:**

Hector Vargas Garza
Valores Ecológicos S.A. de C.V.
Battalón de San Patricio # 109
Edificio Dataflux Piso 15
Col Valle Oriente
San Pedro Garza Garcia
Nuevo Leon, México 66260

NYCDMS/1055469.1

## I. INTRODUCTION

1. This Decision relates to Claimants' request for correction of the Final Award issued on April 5, 2007, (the "Award") made pursuant to Rule 29 of the ICC Rules of Arbitration.

## II. PROCEDURAL BACKGROUND

2. The Claimants received the Final Award on 4 May 2007 and Respondents received it on 3 May 2007. Accordingly, any application pursuant to Article 29 of the Rules was due by 3 June 2007 for Claimants and 2 June 2007 for Respondents.

3. On May 16, 2007, Claimants timely submitted to the Secretariat (with copies to Respondents and to the Tribunal) a request for correction of the Award rendered in the above-referenced arbitration (the "Request"). The Request was made pursuant to Article 29 of the ICC Rules of Arbitration. Claimants' Request was transmitted to the Tribunal on May 23, 2007.

4. The Arbitral Tribunal's Addendum with respect to their Application was originally due by 20 July 2007. However, the Court, at its session of 20 July 2007, extended that time limit for rendering the Addendum until 30 September 2007.

5. The law firm that previously represented Respondents during the course of the arbitration, Curtis, Mallet-Prevost, Colt & Mosle LLP, informed the Tribunal by letter on May 25, 2007 that it no longer represented Respondents in these proceedings.

6. Therefore, on May 30, 2007, the Tribunal forwarded Claimants' Request directly to Respondents and permitted Respondents until June 20, 2007 to submit any comments.

## III. POSITIONS OF THE PARTIES

### A. Claimants

7. In their Request, Claimants took the position that the Tribunal erred in naming Banco Mercantil Del Norte S.A. Institucion De Banc Multiple, Grupo Financiero Banorte ("Banco

Mercantil"), as the escrow agent and in ordering Banco Mercantil to release the funds to the Claimants. Instead, Claimants proffer that the correct escrow agent is UBS AG, and it is UBS AG that should be ordered to release the funds in the escrow account to Claimants pursuant to the Tribunal's Award.

8.  In the Award, the Tribunal ordered the release of $4,875,000 plus interest currently being held in an escrow account to Claimants in partial satisfaction of the damages awarded to Claimants. (Award ¶ 263). Paragraph 263 of the Award refers to an escrow account at Banco Mercantil Del Norte S.A. Institucion De Banc Multiple, Grupo Financiero Banorte ("Banco Mercantil"), as contemplated by Section 1.2 of the Stock Purchase Agreement ("SPA"). As set out in Claimants' request for correction, at the time of Closing, the parties substituted UBS AG, New York for Banco Mercantil as the escrow agent. This substitution is evidenced by the Executed Escrow Agreement of 11/14/00 (Attachment B to Claimants' Request for Correction) and the "Flow of Funds Memorandum" (Attachment C to Claimants' Request for Correction).

9.  The escrow agent, UBS AG, would not release the funds to Claimants because the Award did not name it as the escrow agent. Therefore, Claimants requested that the Tribunal issue a correction to the Award pursuant to Article 29 of the ICC Rules identifying UBS AG as the escrow agent holding the escrow account and ordering UBS AG to release the escrow account to Claimants.

**B.    Respondents**

10. A copy of Claimants' Request was mailed to the Respondents at the above listed address on May 30, 2007. Respondents were given until June 20, 2007 to submit comments on the Request. Respondents did not respond to the letter and have not submitted comments to the Tribunal.

3

## IV. DECISION

11. Having considered Claimants' request and the documents cited therewith, the Tribunal concludes that the Award did in fact erroneously refer to Banco Mercantil as the escrow agent. It is clear that at the time of Closing, the parties deposited the $4,875,000 into an escrow account at UBS AG and not at Banco Mercantil.

12. Therefore, the Tribunal hereby amends the Award as follows: Paragraph 263 of the Award is amended by replacing "the Banco Mercantil Del Norte S.A. Institucion De Banc Multiple, Grupo Financiero Banorte" with "UBS AG, New York." Revised paragraph 263 will now read:

> The Tribunal also orders the release to Claimants of the balance in the escrow account at UBS AG, New York, pursuant to Section 1.2 of the SPA. According to the parties' own agreement, that amount (Mx$46,800,000 or converted into US$ at a rate of Mx$9.6 to US$1, US$4,875,000) was intended to "serve as security for any claims that Buyer may have against Seller under the indemnification provisions of the [SPA]" (Section 1.2 of the SPA). The Tribunal finds that Claimants are entitled to the entire amount found in the escrow account at the date of its release to Claimants, including any interest the escrow account has borne from 2000 until the date the funds contained therein are actually released to Claimants. Therefore, upon the issuance of the Award, the entirety of this amount is ordered to be returned to Claimants in payment of part of the damages to which they are entitled under this Award. The Tribunal also orders Respondents to consent to and refrain from taking any action that would pose any impediment to the release of the funds from the escrow account to Claimants.

4

NYCDMS/1055469.1

V.   CONCLUSION

13.  For the foregoing reasons, the Claimants' Request is granted and the Award is amended as set forth above.

Place of arbitration: New York, New York
Dated: 14 day of August, 2007


_____
Lawrence W. Newman
Chairman, For the Tribunal

_____
Steven Hammond
Arbitrator

_____
Job Taylor III
Arbitrator

5

NYCDMS/1055469.1