DECIMO:    El Consejo de Administración designado conforme al ACUERDO precedente tendrá los poderes, facultades y obligaciones contenidos en los Estatutos Sociales. Por su parte, el Comisario de la Sociedad designado tendrá las obligaciones y atribuciones contenidas en los Estatutos Sociales y se acepta la renuncia de los Consejeros y los Comisarios a percibir remuneración alguna por el desempeño de sus funciones, lo cual les es agradecido plenamente por la presente Asamblea.-

DECIMO
PRIMERO:    Se establece la cantidad de $1,000.00 como el monto de la garantía que deberán otorgar los Consejeros y Comisario para caucionar su función en los términos de los Estatutos Sociales.-

VI.- Con respecto al desahogo del SEXTO y último PUNTO contenido en la Orden del Día, la Asamblea por unanimidad de votos, tomó el siguiente ACUERDO:

DECIMO
SEGUNDO:    Se designan a los Señores LIC. HECTOR VARGAS AGUIRRE Y    LIC. GUILLERMO VARGAS AGUIRRE como DELEGADOS ESPECIALES de la presente Asamblea, a fin de que en forma conjunta o separada ocurran ante el Notario Público de su elección a protocolizar en lo conducente el Acta que se levante de la presente Asamblea y gestionar la inscripción en el Registro Público de la Propiedad y del Comercio, correspondiente del Testimonio que de dicha protocolización se expida, en caso de así considerarse necesario o conveniente, formalizando los Acuerdos adoptados.-

lo habiendo otro asunto que tratar, se dió por terminada la presente Asamblea que se suspendió por el término rudente para que el Secretario procediera a levantar la presente Acta por duplicado; acto seguido el Secretario dió lectura a la misma, y por unanimidad de votos se aprobó, firmándose por el Presidente y el Secretario de la Asamblea, todos los representantes de los accionistas y el Comisario, de conformidad con lo dispuesto por los Estatutos Sociales y Artículo 194 de la Ley General de Sociedades Mercantiles.-

Se hace constar que todos los representantes de los accionistas estuvieron presentes desde el inicio de la presente Asamblea hasta su total terminación, así como en el momento de tomarse todos y cada uno de los ACUERDOS adoptados.-

CGEA0041260

· · agrega al Apéndice de la presente Acta, un ejemplar de la misma en papel simple, adjuntándose a esta
.ma las Cartas Poder exhibidas, la Lista de Asistencia suscrita por los Asistentes y debidamente certificada
por los Escrutadores designados y demás documentos presentados en la Asamblea. Todo ello forma el
expediente de esta Asamblea que se conserva en el archivo de la Secretaría.-

Se concluyó la Asamblea a las  13:00 horas del día, mes y año al principio señalados.-

_____          _____
ING. ABELARDO RAÚL CAVAZOS GARZA          LIC. HÉCTOR VARGAS AGUIRRE
        PRESIDENTE                                 SECRETARIO

_____          _____
VALORES ECOLOGICOS. S.A. DE C.V.          MINERA LA FE DEL NORTE, S.A. DE C.V.
:presentada por el LIC. HÉCTOR VARGAS     Representada  por  el  LIC.  GUILLERMO
AGUIRRE                                   VARGAS AGUIRRE

                    _____
                    C.P. RAUL SALINAS GARZA
                           COMISARIO

CGEA0041261

INMOBILIARIA CONFINAMINA, S.A. DE C.V.

ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS

NOVIEMBRE, 14, 2000

SEÑORES ACCIONISTAS

De acuerdo con las facultades y obligaciones que me conceden los Estatutos de esta Sociedad , así como los artículos 164,166,169 y demás relativos de la Ley General de Sociedades Mercantiles, procedí a realizar un examen de las operaciones de la Sociedad respecto del Ejercicio Social Parcial del año 2000 el cual comprende del 1° de Enero del 2000 al 31 de octubre del 2000.

Con base en dicho examen, me permito informar a la Asamblea lo siguiente:

Me cercioré de la subsistencia de las garantías a que se refiere el artículo 152 de la Ley General de Sociedades Mercantiles.

II.    Recibí mensualmente del Administrador Unico la información suficiente sobre el Estado de Situación Financiera, así como el Estado de Resultados de cada mes.

III.   Realice personalmente, un examen de las operaciones, documentación y registros que lleva la empresa, a mi juicio con suficiente extensión para cumplir con la obligación de vigilar las operaciones de la empresa.

IV.    En mi opinión las políticas, criterios contables y de información seguidos por la Sociedad son adecuadas y suficientes.

V.     En mi opinión el informe rendido por el Administrador Unico a esta Asamblea es veraz y da una información suficiente sobre las operaciones de la empresa.

VI.    Por todo lo anteriormente expuesto y con base en los Estados Financieros emitido por la Sociedad me permito recomendar a esta honorable Asamblea sea aprobado el Informe rendido por el Administrador Unico, así como también ratificar todos los actos y acuerdos tomados por el Administrador Unico durante el periodo mencionado.

Atentamente

C.P. RAUL SALINAS GARZA
COMISARIO

CGEA0041262

## LISTA DE ASISTENCIA

A LA ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS DE INMOBILIARIA CONFINAMINA, S.A. DE C.V. CELEBRADA A LAS 12:00 HORAS DEL DIA 14 DE NOVIEMBRE DEL 2000, EN LAZARO CARDENAS 2400 DESPACHO PB-5, SAN PEDRO GARZA GARCIA, N.L., DOMICILIO SOCIAL.-



| ACCIONISTAS | ACCIONES PARTE FIJA SERIE A | FIRMAS |
|---|---|---|
| VALORES ECOLOGICOS, S.A. DE C.V. Representada por el LIC. HÉCTOR VARGAS AGUIRRE | 495 | |
| MINERA LA FE DEL NORTE, S.A. DE C.V. Representada por el LIC. GUILLERMO VARGAS AGUIRRE | 5 | |

| ACCIONISTAS | ACCIONES PARTE VARIABLE SERIE B | FIRMAS |
|---|---|---|
| VALORES ECOLOGICOS, S.A. DE C.V. Representada por el LIC. HÉCTOR VARGAS AGUIRRE. | 3,270,000 | |

TOTAL CAPITAL SOCIAL      __3,270,500__

Los suscritos designados ESCRUTADORES para verificar el Quórum de Asistencia a la Asamblea de relación, HACEMOS CONSTAR que, habiendo revisado el Libro de Registro de Acciones, las Cartas Poder exhibidas y esta Lista de Asistencia, se encuentran representadas la totalidad de las 3,270,500 acciones del Capital Social Total de INMOBILIARIA CONFINAMINA, S.A. DE C.V., mismas que representan el 100% del capital social suscrito y pagado de la Sociedad.

LIC. GUILLERMO VARGAS AGUIRRE
ESCRUTADOR

LIC. HECTOR VARGAS AGUIRRE
ESCRUTADOR

**CGEA0041263**

**PROXY/CARTA PODER**

San Pedro Garza García, N.L.

November/Noviembre 8, 2000

MR.(SR).HECTOR VARGAS AGUIRRE

Present./Presente.

Dear sir:

Muy señor nuestro:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you can attend the General Ordinary Shareholders' Meeting of INMOBILIARIA CONFINAMINA, S.A. DE C.V. that will take place on November 14, 2000 representing 495 Series "A" shares and 3,270,000 Series "B" shares, all of them issued by the company INMOBILIARIA CONFINAMINA, S.A. DE C.V. and owned by VALORES ECOLOGICOS, S.A. DE C.V. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting. Additionally you are expressly authorized so that in our name and representation you may approve the sale of shares representing the capital stock of INMOBILIARIA CONFINAMINA, S.A. DE C.V., that the shareholder MINERA LA FE DEL NORTE, S.A. DE C.V. wishes to make in favor of COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. and so that you irrevocably waive our right to acquire the aforesaid shares whose transfer is pretended.

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada INMOBILIARIA CONFINAMINA, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 495 acciones Serie "A" y 3,270,000 acciones Serie "B", todas emitidas por la citada sociedad INMOBILIARIA CONFINAMINA, S.A. DE C.V., propiedad de VALORES ECOLOGICOS, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse. Adicionalmente de manera expresa se autoriza a Usted para que en nuestro nombre y representación apruebe la venta de acciones representativas del capital social de INMOBILIARIA CONFINAMINA, S.A. DE C.V., que pretende realizar la accionista MINERA LA FE DEL NORTE, S.A. DE C.V. en favor de COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. y para que renuncie de manera irrevocable al derecho que nos corresponda para adquirir las citadas acciones que se pretendan transmitir.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Sincerely,

Atentamente,

VALORES ECOLOGICOS, S.A. DE C.V.

By/Por: ING. HECTOR VARGAS GARZA
Position/Cargo: Sole Administrator/Administrador Unico

Testigo/Witness

Testigo/Witness

CGEA0041264

## PROXY/CARTA PODER

San Pedro Garza García, N.L.

November/Noviembre 8, 2000

**MR.(SR).GUILLERMO VARGAS AGUIRRE**

Present./Presente.

Dear sir:

Muy señor nuestro:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you attend the General Ordinary Shareholders' Meeting of INMOBILIARIA CONFINAMINA, S.A. DE C.V. that will take place on November 14, 2000 representing 5 Series "A" shares issued by the company INMOBILIARIA CONFINAMINA, S.A. DE C.V. and owned by MINERA LA FE DEL NORTE, S.A. DE C.V. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting. Additionally you are expressly authorized so that, in case the corresponding proposal is submitted to the Meeting, in our name and representation you may approve the sale of shares representing the capital stock of INMOBILIARIA CONFINAMINA, S.A. DE C.V., that the shareholder VALORES ECOLOGICOS, S.A. DE C.V. wishes to make in favor of SARP INDUSTRIES MEXICO, S.A. DE C.V. and so that you irrevocably waive our right to acquire the aforesaid shares whose transfer is pretended

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada INMOBILIARIA CONFINAMINA, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 5 acciones Serie "A" emitidas por la citada sociedad INMOBILIARIA CONFINAMINA, S.A. DE C.V., propiedad de MINERA LA FE DEL NORTE, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse. Adicionalmente de manera expresa se autoriza a Usted para que, en caso de que se presente en dicha Asamblea la propuesta respectiva, en nuestro nombre y representación apruebe la venta de acciones representativas del capital social de INMOBILIARIA CONFINAMINA, S.A. DE C.V., que pretende realizar la accionista VALORES ECOLOGICOS, S.A. DE C.V. en favor SARP INDUSTRIES MEXICO, S.A. DE C.V., y para que renuncie de manera irrevocable al derecho que nos corresponda para adquirir las citadas acciones que se pretenden transmitir.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Sincerely,

Atentamente,

MINERA LA FE DEL NORTE, S.A. DE C.V.

By/Por: ING. HECTOR VARGAS GARZA
Position/Cargo: Sole Administrator/Administrador Unico

Testigo/Witness

Testigo/Witness

**(TRANSLATION FOR INFORMATION PURPOSES ONLY)**

**INMOBILIARIA CONFINAMINA, S.A. DE C.V.**
**MINUTE OF THE GENERAL ORDINARY SHAREHOLDERS' MEETING**
**NOVEMBER 14, 2000**

In the City of San Pedro Garza García, N.L., corporate domicile of INMOBILIARIA CONFINAMINA, S.A. DE C.V. being the 12:00 hours of November 14, 2000 the representatives of the shareholders, whose names and signatures appear in the Attendance List prepared and certified by the appointed Tellers whose original is attached to the file of the duplicate of this minute, gathered in Lázaro Cárdenas 2400 Edificio Losoles Office PB-5 in order to hold a General Ordinary Shareholders' Meeting to which the aforesaid were duly called. There were also present Messrs. ING., ABELARDO RAUL CAVAZOS GARZA, Sole Administrator of the Corporation, C.P. RAUL SALINAS GARZA, Examiner of the Corporation.

The Meeting was presided by MR. ING. ABELARDO RAÚL CAVAZOS GARZA, as Sole Administrator of the Corporation, and MR. HECTOR VARGAS GARZA was appointed as Secretary by the unanimous vote of the Meeting according to the By-laws.

Due to the proposal of the President, by unanimous vote the Meeting appointed Mr. ARQ. GUILLERMO VARGAS AGUIRRE and LIC. HECTOR VARGAS AGUIRRE as Tellers who accepted those positions and proceeded to verify the corresponding Attendance List, the Registry of Shares, and the Proxies that were shown, certifying that the 3,270,500 Shares in which the total corporate stock of the Corporation is divided were legally represented and consequently the quorum referred by the By-laws in order to legitimately declare installed a Meeting, distributed as follows:

| SHAREHOLDERS | SHARES | |
|---|---|---|
| | SERIES A FIXED | SERIES B VARIABLE |
| VALORES ECOLOGICOS, S.A. DE C.V. | 495 | |
| MINERA LA FE DEL NORTE, S.A. DE C.V. | 5 | |
| VALORES ECOLOGICOS, S.A. DE C.V. | | 3,270,000 |
| TOTALS | 500 | 3,270,000 |
| TOTAL CAPITAL STOCK | 3,270,500 | |

As a consequence of the certification of the tellers regarding the representation of 100% of the shares that form the total subscribed and paid capital stock of the Corporation, the President declared the meeting legally installed and able to treat and resolve the issues that originated it, even though there was no publication of a previous Call, according to the By-laws.

Afterwards, the Secretary read the following:-

CGEA0041266

## AGENDA:

I.- PRESENTATION OF THE REPORT OF THE SOLE ADMINISTRATOR, INCLUDING THE FINANCIAL REPORTS REGARDING THE PARTIAL CORPORATE YEAR COMPRISED BETWEEN JANUARY 1 TO OCTOBER 31 2000, ITS DISCUSSION AND APPROVAL, IF APPLICABLE, AFTER REVIEWING THE EXAMINER'S REPORT.

II.- RATIFICATION, IF APPLICABLE, OF ALL THE ACTS AND AGREEMENTS TAKEN BY THE CURRENT SOLE ADMINISTRATOR DURING THE PARTIAL CORPORATE YEAR COMPRISED BETWEEN JANUARY 1 AND OCTOBER 31, 2000.

III.- PRESENTANTION OF THE PROPOSAL TO SELL SHARES ISSUED BY THE CORPORATION.

IV.- PRESENTATION OF THE RESIGNATION OF THE CURRENT SOLE ADMINISTRATOR AND EXAMINER OF THE CORPORATION.

V.- APPOINTMENT OF THE BOARD OF DIRECTORS AND EXAMINER WHOSE APPOINTMENTS WILL BE EFFECTIVE BEGINNING ON THIS DATE AND DETERMINATION OF THEIR FEE.

VI.- APPOINTMENT OF SPECIAL DELEGATE OR DELEGATES TO FORMALIZE THE RESOLUTIONS ADOPTED, IF APPLICABLE.

I. Regarding the FIRST POINT of the Agenda, the Secretary read the Report of the sole Administrator regarding the situation and activities of the Corporation during the Partial Corporate Year comprised between January 1 and October 31 2000, and also submitted to the Shareholders the General Accounts of the Corporate Year that is being revised and the Financial Reports of the Corporation.-

Following, the Examiner read his report.

After listening to the Report of the Sole Administrator, the Examiner's Report and after revising the Financial Reports of the Corporation, the Meeting by unanimous vote adopted the following RESOLUTIONS:

FIRST: The Report of the Sole Administrator about the situation and activities of the Corporation during the Partial Corporate Year comprised between January 1 and October 31 of the year 2000 is approved without any reserve.

SECOND. Based upon the report of the Examiner the General Accounts of the Corporate Year comprised between January 1 and October 31 of the year 2000, as well as the Financial Reports of the Corporation that correspond to the referred period are approved without any reserve. The aforementioned documents shall be attached to the file of this Minute.

II.- Regarding the SECOND POINT of the AGENDA, the Meeting by unanimous vote adopted the following RESOLUTION:

THIRD: All the acts and agreements adopted and performed by the Sole Administrator of the Corporation performed while performing his functions during the referred Corporate Year, and he is released from any responsibility that could originate from them.

III. Regarding the THIRD POINT contained in the Agenda, the Secretary read a proposal submitted to this Meeting to sell 5 shares issued by this Corporation owned by the Shareholder MINERA LA FE DEL NORTE, S.A. DE C.V. in favor of the company COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. since that benefits their interests.

The representative of the Shareholder VALORES ECOLOGICOS, S.A. DE C.V. expressed that it irrevocably waives its preferential right to acquire such shares:

The Secretary read a proposal submitted to this Meeting to sell 3,270,495 shares issued by this Corporation owned by the Shareholder VALORES ECOLOGICOS, S.A. DE C.V., in favor the company SARP INDUSTRIES MEXICO, S.A. DE C.V. since that benefits their interests.

The representative of the Shareholder MINERA LA FE DEL NORTE, S.A. DE C.V. expressed the irrevocable withdrawal by such company of its preemption right to acquire such shares' package.

After discussing the aforesaid proposals, the Meeting by unanimous vote adopted the following RESOLUTIONS:

FOURTH: It is hereby approve the sale of 5 shares issued by this Corporation owned by MINERA LA FE DEL NORTE, S.A. DE C.V. in favor of COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A.

FIFTH. It is hereby accepted the irrevocable waiver of the Shareholder VALORES ECOLOGICOS, S.A. DE C.V. to its preferential right to acquire the 5 shares mentioned in the previous RESOLUTION.

SIXTH: It is hereby authorized the sale of 3,270,495 shares issued by this Corporation owned by VALORES ECOLOGICOS, S.A. DE C.V. in favor of SARP INDUSTRIES MEXICO, S.A. DE C.V.

SEVENTH. It is hereby accepted the irrevocable waiver of the Shareholder MINERA LA FE DEL NORTE, S.A. DE C.V. to its preferential right to acquire the 3,270,495 shares mentioned in the previous RESOLUTION is accepted.

IV. Regarding the FOURTH POINT of the Agenda, the Secretary read the letters of resignation of the Sole Administrator and the Examiners.

Following, the Meeting by unanimous vote adopted the following RESOLUTIONS:

EIGHT: The resignation of the Sole Administrator, the Secretary and the current Examiner are hereby accepted and the Meeting gave thanks to them for the work that they performed during their period.

V.- Regarding the FIFTH POINT of the Agenda the Secretary informed the Shareholders that in the terms of the By-laws, it is necessary to appoint a Board of Directors and the Examiners that shall hold those positions beginning on this date, as well as the determination of their fees.

Following, the Secretary read the proposal that a Shareholder submitted for the consideration of the Meeting regarding the Board of Directors and the Examiners that shall hold those positions beginning on this date.

CGEA0041268

After discussing the aforesaid proposal, as well as the determination of the corresponding fees, the Meeting by unanimous vote adopted the following RESOLUTIONS:

NINTH: The following Board of Directors and Examiners whose positions will be effective beginning on this date are appointed:

## BOARD OF DIRECTORS

| DIRECTOR | | ALTERANTES |
|---|---|---|
| JEAN ALAIN JULLIEN | PRESIDENT | VACANT |
| PASCAL GAUTHIER | MEMBER | VACANT |
| JEAN JACQUES GRIMAUX | MEMBER | VACANT |
| PIERRE RELLET | MEMBER | VACANT |

LIC. LUIS SANTOS THERIOT     SECRETARY (BUT NOT DIRECTOR)

MR. ALBERTO VAZQUEZ     EXAMINER

TENTH: The Board of Directors appointed according to the previous RESOLUTION shall have the power, authority, and obligations contained in the by-laws. Similarly the appointed Examiners of the Corporation shall have the obligations and attributions contained in the by-laws and this Assembly takes note of the Directors' and Examiners' decision to waive their right to receive any fee for the performance of their position is accepted, same that is thanked to them by this Meeting.

ELEVENTH: The amount of $1,000.00 is hereby established as the amount of the guarantee that must be granted by the Directors and Examiners in order to secure their performance in the terms of the law.-

It is hereby certified that the Directors and Examiners have granted the guarantee set forth in this RESOLUTION.

VI. Regarding the FIFTH and last POINT of the Agenda, the Meeting by unanimous vote, adopted the following RESOLUTION:

TWELFTH. Messrs. LIC. HECTOR VARGAS AGUIRRE and LIC. GUILLERMO VARGAS AGUIRRE are appointed as SPECIAL DELEGATES of this Meeting so that in a joint or separate form they appear before the Notary public of their choice in order to protocolize the required parts of this Minute and in general to perform the required procedures in order to file the corresponding Public Deed of the aforesaid protocolization in the Public Registry of Property and Commerce, in case that would be necessary or convenient, formalizing the adopted Resolutions.

Without any other issue to deal with, this Meeting finished after being suspended by the proper time so that the Secretary could draft this Minute; following the Secretary read it and it was approved by unanimous vote, and was signed by the President, the Secretary and the Examiner according to the By-laws and Article 194 of the General Law of Commercial Corporations.

It is herein set forth that all the representatives of the shareholders were present since the beginning of this Meeting until it finished, as well as in the moment of taking each and every one of the adopted RESOLUTIONS.

A copy of this Minute in simple paper, the shown proxies, the Attendance List signed by the Attendants and duly certified by the appointed examiners and the other documents shown in the Meeting are added as attachments of this Minute. The aforesaid forms the file of this Meeting that is kept in the files of the Secretary.

The Meeting was adjourned at the 13:00 hours of the day, month, and year mentioned at the beginning.

ING. ABELARDO RAUL CAVAZOS
GARZA
PRESIDENT

ING. HECTOR VARGAS GARZA
SECRETARY

VALORES ECOLOGICOS, S.A. DE C.V.
represented by ING. HECTOR VARGAS
AGUIRRE

MINERA LA FE DEL NORTE, S.A. DE
C.V. represented by LIC. GUILLERMO
VARGAS AGUIRRE

C.P. RAUL SALINAS GARZA
EXAMINER

CGEA0041270

# ATTENDANCE LIST

TO THE GENERAL ORDINARY SHAREHOLDERS' MEETING OF INMOBILIARIA
CONFINAMINA S.A. DE C.V. THAT TOOK PLACE AT THE 12:00 HOURS OF
NOVEMBER 14, 2000 IN LAZARO CARDENAS 2400 OFFICE PB-5, SAN PEDRO
GARZA GARCIA, N.L. CORPORATE DOMICILE.

| SHAREHOLDERS | SHARES | | |
|---|---|---|---|
| | SERIES A FIXED | SERIES B VARIABLE | SIGNATURES |
| VALORES ECOLOGICOS, S.A. DE C.V. represented by ING. HECTOR VARGAS AGUIRRE | 495 | | _____ |
| MINERA LA FE DEL NORTE, S.A. DE C.V. represented GUILLERMO VARGAS AGUIRRE | 5 | | _____ |
| VALORES ECOLOGICOS, S.A. DE C.V. represented by ING. HECTOR VARGAS AGUIRRE | | 3,270,000 | _____ |
| | | | ████████ |
| TOTALS | 500 | 3,270,000 | |
| TOTAL CAPITAL STOCK | | 3,270,500 | |

The undersigned appointed as Tellers in order to verify the Attendance Quorum of this
Meeting, CERTIFY that, after revising the Stock Registry Book, the submitted proxies, and
the Attendance List the totality of the 3,270,500 shares of the Total Capital Stock of
INMOBILIARIA CONFINAMINA, S.A. DE C.V., that represents 100% of the subscribed
and paid capital stock of the Corporation, are represented.

LIC. GUILLERMO VARGAS AGUIRRE
TELLER

LIC. HECTOR VARGAS AGUIRRE
TELLER

### INMOBILIARIA CONFINAMINA, S.A. DE C.V.
### GENERAL ANNUAL ORDINARY SHAREHOLDERS' MEETING
### NOVEMBER 14, 2000

**DEAR SHAREHOLDERS**

According to the attributions and obligations that the By-laws of the Corporation grant me, as well as articles 164, 166, 169 and other relatives of the General Law of Commercial Corporations I proceeded to perform an examination of the operations of the Corporation regarding the Partial Corporate Year of the year 2000 that covers from January 1 to October 31, 2000.

Based upon such examination, I inform the Meeting the following:

I. I revised the existence of the guarantees referred by article 152 of the General Law of Commercial Corporations.
II. Every month I received from the Board of Directors sufficient information about the Financial Situation Sheet, as well as of the Gain and Loss Sheet..
III. I personally performed and exam of the operations, documentation and registries that the company has, to my judgment with the required extension to comply with the obligation of surveying the operations of the company.
IV. In my opinion the policies, accounting criteria and of information followed by the Corporation are adequate and sufficient.
V. In my opinion the report rendered by the Board of Directors to this Meeting is accurate and gives sufficient information about the operations of the company.
VI. As a consequence of all the above expressed and based upon the Financial Statements issued by the Corporation as of October 31, 2000 I recommend to this honorable Meeting the approval of the report rendered by the Sole Administrator as well as the ratification of all the acts and agreements taken by the Sole Administrator during the mentioned period.

**ATTENTIVELY**

**C.P. RAUL SALINAS GARZA**
**EXAMINER**

CGEA0041272

**INMOBILIARIA CONFINAMINA, S.A. DE C.V.**
**ACTA DE ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS**
**NOVIEMBRE 14, 2000**

En la ciudad de San Pedro Garza García, N.L., domicilio social de **INMOBILIARIA CONFINAMINA, S.A. DE C.V.** siendo las (14:00) horas del día (14) de noviembre del (2000) se reunieron en Lázaro Cárdenas 2400 Edificio Losoles Despacho PB-5, los representantes de accionistas cuyos nombres y firmas aparecen en la Lista de Asistencia al efecto preparada y certificada por el Escrutador designado, de la cual el original se agrega al expediente del duplicado de la presente Acta, con el objeto de celebrar una Asamblea General Ordinaria de Accionistas a la cual fueron debidamente citados.- Se encontraron presentes los Señores SR. JEAN ALAIN JULLIEN, eb sy calidad de Presidente del Consejo de Administración de la Sociedad, Sr. ALBERTO VAZQUEZ, Comisario de la Sociedad y, en calidad de invitados los señores LIC. HECTOR VARGAS AGUIRRE y LIC. GUILLERMO VARGAS AGUIRRE.-

Presidio la Asamblea el Sr. JEAN ALAIN JULLIEN, en su calidad de Presidente del Consejo de la Sociedad y actúo como Secretario el LIC. LUIS SANTOS THERIOT en calidad de Secretario del Consejo de Administración, esto de conformidad con los Estatutos Sociales.

A propuesta del Presidente, por unanimidad de votos la Asamblea designó Escrutadores a los Señores LIC. HECTOR VARGAS AGUIRRE y LIC. GUILLERMO VARGAS AGUIRRE, quienes aceptaron sus cargos y procedieron a verificar la correspondiente Lista de Asistencia, el Registro de Acciones y las Cartas Poder exhibidas, certificando que en la Asamblea de relación se encontraron legalmente representadas las 3,270,500 Acciones en que se encuentra dividido el capital social total de la Sociedad y por ende el quórum a que se refieren los Estatutos Sociales para declarar legítimamente instalada la Asamblea, distribuidas de la siguiente manera:

| ACCIONISTAS | ACCIONES PARTE FIJA SERIE A |
|---|---|
| SARP INDUSTRIES MEXICO, S.A. DE C.V. | 495 |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. | 5 |
| TOTAL CAPITAL MINIMO FIJO | 500 |

| ACCIONISTAS | ACCIONES PARTE VARIABLE SERIE B |
|---|---|
| SARP INDUSTRIES MEXICO, S.A. DE C.V. | 3,270,000 |
| TOTAL CAPITAL VARIABLE | 3,270,000 |
| TOTAL CAPITAL SOCIAL | 3,270,500 |

CGEA0041273

En virtud de la certificación de los Escrutadores respecto de haberse encontrado representado el 100% de las acciones representativas del Capital Social total suscrito y pagado de la Sociedad, el Presidente declaró legalmente instalada la Asamblea y apta para tratar y resolver los asuntos que la motivan, a pesar de no haberse publicado Convocatoria previa, de conformidad con lo dispuesto por los Estatutos Sociales.

Acto seguido, el Secretario dio lectura, a la siguiente:-

### ORDEN DEL DIA:

I.- RATIFICACION DEL NOMBRAMIENTO DEL CONSEJO DE ADMINISTRACION Y COMISARIOS Y DETERMINACION DE SUS EMOLUMENTOS.-

II.- REVOCACION DE PODERES OTORGADOS POR LA SOCIEDAD

III.- NOMBRAMIENTO DE DIVERSOS FUNCIONARIOS DE LA SOCIEDAD Y OTORGAMIENTO DE PODERES A FAVOR DE DIVERSAS PERSONAS.-

IV.- NOMBRAMIENTO DE DELEGADO O DELEGADOS ESPECIALES PARA FORMALIZAR LOS ACUERDOS ADOPTADOS, EN SU CASO.

I.- Con respecto al desahogo del PRIMER PUNTO contenido en la Orden del Día, el Secretario informó a los Señores Accionistas que se había presentado una propuesta para la ratificación del nombramiento del Consejo de Administración y los Comisarios, así como la determinación de sus emolumentos.

Discutida que fue la proposición anterior, así como la determinación de los emolumentos correspondientes, la Asamblea por unanimidad de votos tomó los siguientes ACUERDOS:

PRIMERO:    Se ratifica la designación del Consejo de Administración y Comisario de la Sociedad, de modo que que dichos órganos de administración y vigilancia quedan designados como sigue:

CGEA0041274

## CONSEJO DE ADMINISTRACION

| PROPIETARIOS | | SUPLENTES |
|---|---|---|
| JEAN ALAIN JULLIEN | PRESIDENTE | VACANTE |
| PASCAL GAUTHIER | CONSEJERO | VACANTE |
| JEAN JACQUES GRIMAUX | CONSEJERO | VACANTE |
| PIERRE RELLET | CONSEJERO | VACANTE |

LIC. LUIS SANTOS THERIOT       SECRETARIO NO CONSEJERO

COMISARIO

SR. ALBERTO VAZQUEZ

**SEGUNDO:** El Consejo de Administración designado conforme al ACUERDO precedente tendrá los poderes, facultades y obligaciones contenidos en los Estatutos Sociales. Asi mismo el Comisario de la Sociedad designado tendrá, las obligaciones y atribuciones contenidas en los Estatutos Sociales y se acepta la renuncia de los Consejeros y el Comisario a percibir remuneración alguna por el desempeño de sus funciones, lo cual les es agradecido plenamente por la presente Asamblea.-

**TERCERO:** Se establece la cantidad de $1,000.00 como el monto de la garantía que deberán otorgar los Consejeros y Comisario para caucionar su función en los términos de los Estatutos Sociales.-

Se hace constar que los Consejeros y Comisario han otorgado la garantía establecida en el presente ACUERDO.

II.- Con respecto al desahogo del SEGUNDO PUNTO contenido en la Orden del Día, la Asamblea por unanimidad de votos, tomó el siguiente ACUERDO:

**CUARTO:** Se revocan todas las designaciones y poderes otorgados por la Sociedad hasta esta fecha.

CGEA0041275

III.- Con respecto al desahogo del TERCER PUNTO contenido en la Orden del Día, la Asamblea por unanimidad de votos, salvando el suyo los interesados, tomó los siguientes ACUERDOS:

QUINTO: Se otorgan y confieren al Señor Jean-Alain Jullien como Presidente del Consejo de esta Sociedad los siguientes poderes y facultades:

a) **Poder General para Actos de Administración**, de acuerdo con lo previsto en el segundo párrafo del artículo 2,448 (dos mil cuatrocientos cuarenta y ocho) del Código Civil del Estado de Nuevo León, su correlativo párrafo segundo del artículo 2,554 (dos mil quinientos cincuenta y cuatro) del Código Civil Federal y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos.

b) **Poder General para Actos de Administración Laboral**, de acuerdo con lo previsto en los numerales 11 (once), 786 (setecientos ochenta y seis) y 787 (setecientos ochenta y siete) de la Ley Federal del Trabajo; incluyendo expresamente, pero sin que ello sea limitativo, facultades para actos de administración en materia laboral tales como la ocupación y distribución de trabajadores, la determinación de las tareas que corresponden a cada puesto o área de trabajo y su remuneración y, en su caso, la desocupación o promoción de todo tipo de trabajadores, pudiendo, por ende, negociar, celebrar, terminar o rescindir toda clase de contratos o convenios de trabajo; proponer arreglos conciliatorios, absolver posiciones para desahogar la prueba confesional y representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, de naturaleza judicial, administrativa o del trabajo, sean de la especie y de la denominación que fueren y frente a todo tipo de personas morales y físicas, para cualquier trámite y/o procedimiento laboral administrativo y, en general, obligar a la Sociedad en materia laboral en todo aquello que competa a la administración.

c) **Poder General Cambiario** en los términos de los artículos 9 (noveno) fracción I y 85 (ochenta y cinco) de la Ley General de Títulos y Operaciones de Crédito, que incluye, entre otras, facultades para suscribir, emitir, endosar, aceptar, protestar, avalar, presentar para aceptación y pago y, en general, para negociar títulos de crédito, así como para abrir y cerrar cuentas bancarias a nombre de la Sociedad, girar cheques en contra de dichas cuentas y retirar fondos de ellas.

d) d) **Poder General para Pleitos y Cobranzas**, que se le concede con todas las facultades generales y las especiales que requieran cláusula especial, de acuerdo con lo previsto en los artículos 2,448 (dos mil cuatrocientos cuarenta y ocho) párrafo primero y 2,481 (dos mil cuatrocientos ochenta y uno) del Código Civil del Estado de Nuevo León, sus correlativos los artículos 2,554 (dos mil quinientos cincuenta y cuatro) párrafo primero y 2,587 (dos mil quinientos ochenta y siete) del Código Civil Federal, y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, estando facultado, por consiguiente, entre otras cosas, para representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, sea de la especie y de la denominación que fueren, y frente a todo tipo de personas morales y físicas; para presentar toda clase de demandas; contestarlas, desistirse de ellas cuando en su opinión fuere conveniente y seguirlas en todas sus instancias; para interponer recursos o defensas; para ofrecer y desahogar pruebas; para interrogar o tachar testigos; para renunciar a términos o a plazos, para



renunciar a competencias o jurisdicciones cuando sea permitido por la ley; para comprometer en árbitros o someterse a procedimientos arbitrales; para absolver y articular posiciones; para impugnar o recusar jueces, para recibir pagos; para presentar denuncias, acusaciones o querellas de naturaleza penal y para desistirse de ellas; para convertirse en tercero coadyuvante en el ejercicio de la acción penal y conceder perdones; para presentar demandas de amparo y desistirse de ellas cuando convenga a los intereses de la poderdante; para representar a la Sociedad conforme y para los efectos de los artículos (11) once, (46) cuarenta y seis, (47) cuarenta y siete, (134) ciento treinta y cuatro fracción (III) Tercera, (523) quinientos veintitrés, (692) seiscientos noventa y dos, fracciones (I, II y III) Primera, Segunda y Tercera, (786) setecientos ochenta y seis, (787) setecientos ochenta y siete, (873) ochocientos setenta y tres, (874) ochocientos   setenta y cuatro, (876) ochocientos setenta y seis, (878) ochocientos setenta y ocho, (880) ochocientos ochenta, (883) ochocientos ochenta y tres, (884) ochocientos ochenta y cuatro y demás relativos de la Ley Federal del Trabajo, para comparecer ante las Juntas de Conciliación y Arbitraje con la representación patronal y la representación legal de la empresa para todos los efectos de acreditar la personalidad y la capacidad en juicio o fuera de él, con facultades para articular y absolver posiciones, para desahogar la prueba confesional en todas sus partes; para comparecer con toda la representación legal bastante y suficiente a la audiencia de conciliación, de demanda y excepciones y de ofrecimiento y admisión de pruebas, así como para acudir a la audiencia de desahogo de pruebas; asimismo con facultades para proponer arreglos conciliatorios, celebrar transacciones, para tomar toda clase de decisiones para negociar y suscribir convenios laborales y en general, para incoar procesos y acciones de naturaleza civil, mercantil, penal, laboral, administrativa o de cualesquiera otras especies, entendiéndose que la enumeración de facultades contenida en este inciso es de carácter ejemplificativo y de ninguna manera limitativo.

e) Los poderes otorgados en los incisos a), b), c) y d) anteriores tendrán como limitaciones: a) la venta y gravamen de los activos de la Sociedad, b) la toma de decisiones respecto de la venta y gravamen de participaciones en acciones o partes sociales que la Sociedad tenga en otras empresas y c) el endeudamiento de la Sociedad en cualquier forma. La facultad para realizar las actividades antes precisadas estará expresamente reservada al Consejo de Administración o a la Asamblea de Accionistas.

f) El Sr. Jean-Alain Jullien tendrá facultades para otorgar poderes generales o especiales concediendo facultades y poderes de entre los señalados en los incisos a), b), c) y d) arriba precisados, con o sin facultades de substitución, así como para revocar los poderes que hayan sido otorgados; lo anterior, siempre con apego a las limitaciones señaladas en el inciso e) de esta resolución.

7. Se otorga a los señores Jean-Alain Jullien y/o Pascal Gauthier y/o Jean-Jacques Grimaux y/o Pierre Rellet poder cambiario especial con la finalidad de que en nombre de Inmobiliaria Confinamina, S.A. de C.V. puedan llevar a cabo las acciones conducentes para abrir cuentas bancarias en cualquier institución de crédito mexicana o extranjera, autorizar a otras personas para que con su firma puedan disponer de los recursos depositados en las cuentas, efectuar depósitos de cualquier tipo, hacer retiros, librar cheques, dar instrucciones para que se efectúen transferencias electrónicas de fondos y, en general, girar instrucciones relativas a la disposición de las cantidades depositados en la cuenta o cuentas de la Sociedad en México y/o en el extranjero.

8. Se otorgan a los señores Pascal Gauthier, Jean-Jacques Grimaux y Pierre Rellet los siguientes poderes para que los ejerzan de forma conjunta o separada:

a) **Poder General para Pleitos y Cobranzas,** que se le concede con todas las facultades generales y las especiales que requieran cláusula especial, de acuerdo con lo previsto en los artículos 2,448 (dos mil cuatrocientos cuarenta y ocho) párrafo primero y 2,481 (dos mil cuatrocientos ochenta y uno) del Código Civil del Estado de Nuevo León, sus correlativos los artículos 2,554 (dos mil quinientos cincuenta y cuatro) párrafo primero y 2,587 (dos mil quinientos ochenta y siete) del Código Civil Federal, y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos, estando facultado, por consiguiente, entre otras cosas, para representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, sea de la especie y de la denominación que fueren, y frente a todo tipo de personas morales y físicas; para presentar toda clase de demandas; contestarlas, desistirse de ellas cuando en su opinión fuere conveniente y seguirlas en todas sus instancias; para interponer recursos o defensas; para ofrecer y desahogar pruebas; para interrogar o tachar testigos; para renunciar a términos o a plazos, para renunciar a competencias o jurisdicciones cuando sea permitido por la ley; para comprometer en árbitros o someterse a procedimientos arbitrales; para absolver y articular posiciones; para impugnar o recusar jueces, para recibir pagos; para presentar denuncias, acusaciones o querellas de naturaleza penal y para desistirse de ellas; para convertirse en tercero coadyuvante en el ejercicio de la acción penal y conceder perdones; para presentar demandas de amparo y desistirse de ellas cuando convenga a los intereses de la poderdante; para representar a la Sociedad conforme y para los efectos de los artículos (11) once, (46) cuarenta y seis, (47) cuarenta y siete, (134) ciento treinta y cuatro fracción (III) Tercera, (523) quinientos veintitrés, (692) seiscientos noventa y dos, fracciones (I, II y III) Primera, Segunda y Tercera, (786) setecientos ochenta y seis, (787) setecientos ochenta y siete, (873) ochocientos setenta y tres, (874) ochocientos setenta y cuatro, (876) ochocientos setenta y seis, (878) ochocientos setenta y ocho, (880) ochocientos ochenta, (883) ochocientos ochenta y tres, (884) ochocientos ochenta y cuatro y demás relativos de la Ley Federal del Trabajo, para comparecer ante las Juntas de Conciliación y Arbitraje con la representación patronal y la representación legal de la empresa para todos los efectos de acreditar la personalidad y la capacidad en juicio o fuera de él, con facultades para articular y absolver posiciones, para desahogar la prueba confesional en todas sus partes; para comparecer con toda la representación legal bastante y suficiente a la audiencia de conciliación, de demanda y excepciones y de ofrecimiento y admisión de pruebas, así como para acudir a la audiencia de desahogo de pruebas; asimismo con facultades para proponer arreglos conciliatorios, celebrar transacciones, para tomar toda clase de decisiones para negociar y suscribir convenios laborales y en general, para incoar procesos y acciones de naturaleza civil, mercantil, penal, laboral, administrativa o de cualesquiera otras especies, entendiéndose que la enumeración de facultades contenida en este inciso es de carácter ejemplificativo y de ninguna manera limitativo.

g)  b) **Poder General para Actos de Administración Laboral,** de acuerdo con lo previsto en los numerales 11 (once), 786 (setecientos ochenta y seis) y 787 (setecientos ochenta y siete) de la Ley Federal del Trabajo; incluyendo expresamente, pero sin que ello sea limitativo, facultades para actos de administración en materia laboral tales como la ocupación y distribución de trabajadores, la determinación de las tareas que corresponden a cada puesto o área de trabajo y su remuneración y, en su caso, la desocupación o promoción de todo tipo de trabajadores, pudiendo, por ende, negociar, celebrar, terminar o rescindir toda clase de contratos o convenios

de trabajo; proponer arreglos conciliatorios, absolver posiciones para desahogar la prueba confesional y representar a la Sociedad frente a todo tipo de autoridades, dependencias, entidades y organismos federales, estatales o municipales, de naturaleza judicial, administrativa o del trabajo, sean de la especie y de la denominación que fueren y frente a todo tipo de personas morales y físicas, para cualquier trámite y/o procedimiento laboral administrativo y, en general, obligar a la Sociedad en materia laboral en todo aquello que competa a la administración.

c) Los poderes precisados en los incisos a) y b) anteriores se otorgan en el entendido de que los apoderados contarán con facultades de delegación.

**SEXTO:** Se otorgan a los señores Lic. HECTOR VARGAS AGUIRRE, LIC. ANDRES GONZALEZ SANDOVAL y LIC. RUBEN ALEJANDRO RODRIGUEZ PADILLA un Poder General Para Pleitos y Cobranzas sin facultades de delegación para que lo ejerzan de forma conjunta o separada al tenor de las siguientes facultades:

a) **Poder General para Pleitos y Cobranzas,** que se le concede con todas las facultades generales y las especiales que requieran cláusula especial, de acuerdo con lo previsto en los artículos 2,448 (dos mil cuatrocientos cuarenta y ocho) párrafo primero y 2,481 (dos mil cuatrocientos ochenta y uno) del Código Civil del Estado de Nuevo León, sus correlativos los artículos 2,554 (dos mil quinientos cincuenta y cuatro) párrafo primero y 2,587 (dos mil quinientos ochenta y siete) del Código Civil Federal, y los artículos correlativos de los Códigos Civiles de las demás entidades federativas de los Estados Unidos Mexicanos. En consecuencia se confiere sin limitación alguna, con facultades para representar a la Sociedad ante particulares y ante toda clase de autoridades de cualquier fuero, sean federales, estatales o municipales, administrativas, judiciales, legislativas, o militares, incluyendo juntas de conciliación y arbitraje, juntas de conciliación, en general todo tipo de autoridades del trabajo. El presente poder incluye facultad para desistir, para transigir, para comprometer en arbitros, para absolver y articular posiciones, para recusar, para recibir pagos, para desistirse del juicio de Amparo, para presentar denuncias, querellas, desistirse de las mismas, coadyuvar con el Ministerio Público y otorgar perdón, así como para promover medios preparatorios de juicio, actos de jurisdicción voluntaria, en general cualquier tipo de acción o procedimiento, en juicio o fuera de él.

El presente Poder tendrá la limitación que los Apoderados designados solamente podrán llevar a cabo cesión de bienes si cuentan con la aprobación previa por escrito del Consejo de Administración de la Sociedad.

**SEPTIMO:** Se otorga al Doctor JUAN ANTONIO CUELLAR LOPEZ Poder Especial para actos de administración y de dominio, suficiente y cumplido en cuanto a derecho proceda, para que pueda transferir mediante permuta a favor de Residuos Industriales Multiquim, S.A. de C.V. una superficie de hasta 700 hectáreas que forman parte de las 1,625 hectáreas que integran el Lote identificado como "Parcela No. 39" ubicado en el municipio de Mina, N.L. que Inmobiliaria Confinamina S.A. de C.V. adquirió en propiedad mediante escritura pública No. 8906 de fecha 17 de octubre del 2000 otorgada ante el Notario Público licenciado Héctor Villegas Olivares con ejercicio en la ciudad de

Monterrey, N.L. e inscrita en el Registro Público de la Propiedad bajo los siguientes datos: Bajo el No. 417, Volumen 39, Libro 5, Sección Propiedad, Unidad Mina, N.L., el 31 de octubre del 2000, a cambio de recibir de Residuos Industriales Multiquim, S.A. de C.V. una superficie equivalente que forme parte del predio colindante que esta última tiene autorizado para operar como confinamiento de residuos peligrosos pero que, por las condiciones sinuosas de parte de dicho predio, no utiliza en la actualidad dicha parte para el citado fin. El Apoderado queda tambien autorizado para gestionar y obtener de las autoridades competentes los permisos o autorizaciones que sean necesarios para los efectos aquí previstos. Del uso de este poder el apoderado deberá informar al Consejo de Administración.

IV.- Con respecto al desahogo del CUARTO y último PUNTO contenido en la Orden del Día, la Asamblea por unanimidad de votos tomó el siguiente ACUERDO:

OCTAVO:    Se designan a los Señores Lic. LUIS SANTOS THERIOT y Lic. JOSE GUADALUPE GONZALEZ MERAZ como DELEGADOS ESPECIALES de la presente Asamblea, a fin de que en forma conjunta o separada ocurran ante el Notario Público de su elección a protocolizar en lo conducente el Acta que se levante de la presente Asamblea, revocar las designaciones y poderes e instituir a los funcionarios y apoderados designados, otorgarles los poderes y facultades en los términos acordados en esta Asamblea, y en general para gestionar la inscripción en el Registro Público de la Propiedad y del Comercio, correspondiente del Testimonio que de dicha protocolización se expida, en caso de así considerarse necesario o conveniente, formalizando los Acuerdos adoptados.-

No habiendo otro asunto que tratar, se dio por terminada la presente Asamblea que se suspendió por el término prudente para que el Secretario procediera a levantar la presente Acta por duplicado; acto seguido el Secretario dio lectura a la misma, y por unanimidad de votos se aprobó, firmándose por el Presidente, el Secretario de la Asamblea, todos los representantes de los accionistas y el Comisario, de conformidad con lo dispuesto por los Estatutos Sociales y Artículo 194 de la Ley General de Sociedades Mercantiles.-

Se hace constar que todos los representantes de accionistas estuvieron presentes desde el inicio de la presente Asamblea hasta su total terminación, así como en el momento de tomarse todos y cada uno de los ACUERDOS adoptados.-

Se agrega al Apéndice de la presente Acta, un ejemplar de la misma en papel simple, adjuntándose a esta última las Cartas Poder exhibidas, la Lista de Asistencia suscrita por los Asistentes y debidamente certificada por los Escrutadores designados y demás documentos presentados en la

CGEA0041280

Asamblea. Todo ello forma el expediente de esta Asamblea que se conserva en el archivo de la Secretaría.-

Se concluyó la Asamblea a las 15:00 horas del día, mes y año al principio señalados.-

_____
. SR. JEAN ALAIN JULLIEN
PRESIDENTE

_____
SR. LIC. LUIS SANTOS THERIOT
SECRETARIO

_____
SARP INDUSTRIES MEXICO, S.A. DE C.V.

_____
COMPAGNIE GENERALE
D'ENTREPRISES AUTOMOBILES, S.A.

Representada por el LIC. LUIS SANTOS
THERIOT

Representada por el Sr. KEN LEVINE

_____
SR. ALBERTO VAZQUEZ
Comisario

CGEA0041281

## LISTA DE ASISTENCIA

A LA ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS DE INMOBILIARIA CONFINAMINA, S.A. DE C.V. CELEBRADA A LAS 14:00 HORAS DEL DIA 14 DE NOVIEMBRE DEL 2000, EN LAZARO CARDENAS 2400 DESPACHO PB-5, SAN PEDRO GARZA GARCIA, N.L., DOMICILIO SOCIAL.-

| ACCIONISTAS | ACCIONES PARTE FIJA SERIE A | FIRMAS |
|---|---|---|
| SARP INDUSTRIES MEXICO, S.A. DE C.V. Representada por el Lic. LUIS SANTOS THERIOT | 495 | |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. Representada por el SR. KEN LEVINE | 5 | |

| ACCIONISTAS | ACCIONES PARTE VARIABLE SERIE B | FIRMAS |
|---|---|---|
| SARP INDUSTRIES MEXICO, S.A. DE C.V. Representada por el Lic. LUIS SANTOS THERIOT | 3,270,000 | |

TOTAL CAPITAL SOCIAL          **3,270,500**

Los suscritos designados ESCRUTADORES para verificar el Quórum de Asistencia a la Asamblea de relación, HACEMOS CONSTAR que, habiendo revisado el Libro de Registro de Acciones, las Cartas Poder exhibidas y esta Lista de Asistencia, se encuentran representadas la totalidad de las 3,270,500 acciones del Capital Social Total de INMOBILIARIA CONFINAMINA, S.A. DE C.V., mismas que representan el 100% del capital social suscrito y pagado de la Sociedad

LIC. HECTOR VARGAS AGUIRRE
ESCRUTADOR

LIC. GUILLERMO VARGAS AGUIRRE
ESCRUTADOR

CGEA0041282

**⌒ CGEA**

**PROXY/CARTA PODER**

San Pedro Garza García, N.L.

November/Noviembre 8, 2000

MR.(SR.) LUIS SANTOS THERIOT

Present./Presente.

Dear sir:

Muy señor nuestro:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you attend the General Ordinary Shareholders' Meeting of INMOBILIARIA CONFINAMINA, S.A. DE C.V. that will take place November 14, 2000 representing 495 Series "A" shares and 3,270,000 Series "B" shares issued by the company INMOBILIARIA CONFINAMINA, S.A. DE C.V. and owned by SARP INDUSTRIES MEXICO, S.A. DE C.V. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting.

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada INMOBILIARIA CONFINAMINA, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 495 acciones Serie "A" y 3,270,000 acciones Serie "B" emitidas por la citada sociedad INMOBILIARIA CONFINAMINA, S.A. DE C.V., propiedad de SARP INDUSTRIES MEXICO, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Sincerely,

Atentamente,

SARP INDUSTRIES MEXICO, S.A. DE C.V.

By/Por: JEAN-ALAIN JULLIEN
Position/Cargo: President of the Board of Directors/
Presidente del Consejo de Administración

Testigo/Witness

Testigo/Witness

CGEA0041283

 **CGEA**

**PROXY/CARTA PODER**

San Pedro Garza García, N.L.

November/Noviembre 7 , 2000

MR.(SR.) KEN LEVINE

Present./Presente

| Dear sir: | Muy señor nuestro: |
|---|---|
| Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you attend the General Ordinary Shareholders' Meeting of INMOBILIARIA CONFINAMINA, S.A. DE C.V. that will take place on November 14, 2000 representing 5 Series "A" shares issued by the company INMOBILIARIA CONFINAMINA, S.A. DE C.V. and owned by COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting. | Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada INMOBILIARIA CONFINAMINA, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 5 acciones Serie "A" emitidas por la citada sociedad INMOBILIARIA CONFINAMINA, S.A. DE C.V., propiedad de COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse. |
| Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy. | Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder. |
| Sincerely, | Atentamente, |

COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A.

By/Por: _____
Position/Cargo: _____

Testigo/Witness

Testigo/Witness

CGEA0041284

## (TRANSLATION FOR INFORMATION PURPOSES ONLY)

**INMOBILIARIA CONFINAMINA, S.A. DE C.V.**
**MINUTE OF THE GENERAL ORDINARY SHAREHOLDERS' MEETING**
**NOVEMBER 14, 2000**

In the City of San Pedro Garza García, N.L., corporate domicile of INMOBILIARIA CONFINAMINA, S.A. DE C.V. being the 14:00 hours of November 14, 2000 the representatives of the shareholders, whose names and signatures appear in the Attendance List prepared and certified by the appointed Tellers whose original is attached to the file of the duplicate of this minute, gathered in Lázaro Cárdenas 2400 Edificio Losoles Office PB-5 in order to hold a General Ordinary Shareholders' Meeting to which the aforesaid were duly called. There were also present Messrs. JEAN-ALLAIN JULLIEN, President of the Board of Directors, MR. ALBERTO VAZQUEZ, Examiner of the Corporation, and as guests Messrs. ING. HECTOR VARGAS GARZA and LIC. GUILLERMO VARGAS AGUIRRE.

The Meeting was presided by MR. JEAN-ALAIN JULLIEN, as Chairman of the Board of Directors, and MR. LUIS SANTOS THERIOT, as Secretary of the Board, acted with that same position in this Meeting according to the By-laws.

Due to the proposal of the President, by unanimous vote the Meeting appointed MR. HECTOR VARGAS AGUIRRE and LIC. GUILLERMO VARGAS AGUIRRE as Tellers who accepted those positions and proceeded to verify the corresponding Attendance List, the Registry of Shares, and the Proxies that were shown, certifying that the 3,270,500 Shares in which the total corporate stock of the Corporation is divided were legally represented and consequently the quorum referred by the By-laws in order to legitimately declare installed a Meeting, distributed as follows:

| SHAREHOLDERS | SHARES | |
| --- | --- | --- |
| | SERIES A FIXED | SERIES B VARIABLE |
| SARP INDUSTRIES MEXICO, S.A. DE C.V. | 495 | |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. | 5 | |
| SARP INDUSTRIES MEXICO, S.A. DE C.V | | 3,270,000 |
| TOTALS | 500 | 3,270,000 |
| TOTAL CAPITAL STOCK | 3,270,500 | |

As a consequence of the certification of the tellers regarding the representation of 100% of the shares that form the total subscribed and paid capital stock of the Corporation, the President declared the meeting legally installed and able to treat and resolve the issues that originated it, even though there was no publication of a previous Call, according to the By-laws.

Afterwards, the Secretary read the following:-

CGEA0041285

## AGENDA:

I.- RATIFICATION OF THE APPOINTMENT OF THE BOARD OF DIRECTORS AND EXAMINER AND DETERMINATION OF THEIR FEE.

II.- REVOCATION OF THE POWERS GRANTED BY THE CORPORATION.

III.- APPOINTMENT OF SEVERAL OFFICERS OF THE CORPORATION AND GRANTING OF POWERS IN FAVOR OF SEVERAL PERSONS.

IV.- APPOINTMENT OF SPECIAL DELEGATE OR DELEGATES TO FORMALIZE THE RESOLUTIONS ADOPTED, IF APPLICABLE.

I.- Regarding the FIRST POINT of the Agenda the Secretary informed to the Shareholders that a proposal regarding the ratification of the Board of Directors and the Examiner as well as the determination of their fees was submitted to this Meeting.

Following, the Secretary read the proposal that a Shareholder submitted for the consideration of the Meeting regarding the Board of Directors and the Examiners that shall hold those positions beginning on this date.

After discussing the aforesaid proposal, as well as the determination of the corresponding fees, the Meeting by unanimous vote adopted the following RESOLUTIONS:

FIRST: The following Board of Directors and Examiners whose positions will be effective beginning on this date are appointed:

### BOARD OF DIRECTORS

| DIRECTOR | | ALTERANTES |
|---|---|---|
| JEAN ALAIN JULLIEN | PRESIDENT | VACANT |
| PASCAL GAUTHIER | MEMBER | VACANT |
| JEAN JACQUES GRIMAUX | MEMBER | VACANT |
| PIERRE RELLET | MEMBER | VACANT |

LIC. LUIS SANTOS THERIOT    SECRETARY (BUT NOT DIRECTOR)

MR. ALBERTO VAZQUEZ    EXAMINER

SECOND: The Board of Directors appointed according to the previous RESOLUTION shall have the power, authority, and obligations contained in the by-laws. Similarly the appointed Examiners of the Corporation shall have the obligations and attributions contained in the by-laws and this Assembly takes note of the Directors' and Examiners' decision to waive their right to receive any fee for the performance of their position is accepted, same that is thanked to them by this Meeting.

THIRD: The amount of $1,000.00 is hereby established as the amount of the guarantee that must be granted by the Directors and Examiners in order to secure their performance in the terms of the Corporate By-laws.

CGEA0041286

It is hereby certified that the Directors and Examiners have granted the guarantee set forth in this RESOLUTION.

II. Regarding the SECOND POINT of the Agenda, the Meeting by the unanimous vote of the present adopted the following RESOLUTION:

FOURTH: All the appointments and powers granted by the Corporation up to this date are revoked

III. Regarding the THIRD POINT of the Agenda, the Meeting by unanimous vote adopted the following RESOLUTIONS:

FIFTH: The following powers and authority are granted and conferred to the persons mentioned below:

—Mr. Jean-Alain Jullien, as President of the Board of Directors of this Corporation, is granted with the following powers of attorney:

a) General Power of Attorney for acts of Administration. In the terms of the second paragraph of Article 2448 of the Civil Code in force in the State of Nuevo Leon, its correlative second paragraph of Article 2,554 of the Civil Code for the Federal District, and the corresponding provisions of the other civil codes in effect in the whole territory of the Mexican Republic.

b) General Power of Attorney for Acts of Labor Administration, pursuant to that foreseen in articles 11 (eleven), 786 (seven hundred and eighty six) and 787 (seven hundred and eighty seven) of the Federal Labor Law, including expressly, but without being limited to, authorities to perform administration acts on labor matters such as the hiring and distribution of employees, the establishment of the duties that correspond to each position or labor areas and their compensation and, if applicable, the firing or promotion for all kind of workers and being able, as a consequence, to negotiate, execute, terminate and rescind all kind of labor contracts or agreements, to propose conciliatory settlements, to answer interrogatories in order to carry out depositions in all their parts and to represent the Corporation before all kinds of federal, state or municipal authorities, bureaus, entities and organisms, either judicial, administrative or of Labor nature, notwithstanding their kind and name that they might have and before any type of entity and individual, for any procedure and/or labor administrative proceeding and, in general, to bind the Corporation on labor matters in everything that concerns its administration.

c) General Power of Attorney for Negotiable Instruments. In the terms of Articles 9 and 85 of the General Law of Negotiable Instruments and Credit Operations, including, among others, the power to subscribe, issue, endorse, accept, be surety, guarantee and present for acceptance and payment, and, in general, to negotiate with all types of negotiable instruments as well as to open and close bank accounts on behalf of the Corporation, write or draw checks against such accounts or withdraw funds from them.

d) General Power of Attorney for Lawsuits and Collections, which is conferred with all the general and special powers which must be expressly granted, as provided in Articles 2,448 (two thousand four hundred and forty eight), first paragraph and 2,481 (two thousand four hundred and eighty one) of the Civil Code for the State of Nuevo Leon, and their corresponding Articles 2,554 (two thousand five hundred and fifty four), first paragraph, and 2,587 (two thousand five hundred and eighty seven) of the Civil Code for the Federal District and the correlative articles of the other civil codes of the federal states of the United Mexican States; being authorized, consequently and among other powers, to represent the Corporation before all kinds of authorities, bureaus, legal entities and organisms of federal, state or municipal level, notwithstanding their kind and name that they might be, and before any kind of individual or legal entity; to file all kinds of suits, answer

them and voluntarily dismiss them whenever it be considered convenient and pursue them in all their instances; to file appeals or remedies; to offer and carry out evidence; to interrogate witnesses and disqualify them; to waive terms or times; to waive any jurisdiction or competence whenever permitted by Law; to compromise and submit to arbitral proceedings; to make and answer interrogatories; to challenge or object judges; to receive payments; to make assignment of assets; to file denouncements, accusations or complaints of criminal nature and to dismiss them; to assist the Government Attorney as a co-party in criminal proceedings and to grant pardons; to file habeas corpus ("amparo") suits and dismiss them whenever convenes the Principal's interests; to represent the Corporation pursuant to and for the effects of the articles (11) eleven, (46) forty six, (47) forty seven, (134) one hundred and forty four section (III) three, (523) five hundred and twenty three, (692) six hundred and ninety two, sections (I, II, and III) First, Second and Third, (786) seven hundred and eighty six, (787) seven hundred and eighty seven, (873) eight hundred and seventy three, (874) eight hundred and seventy four, (876) eight hundred and seventy six, (878) eight hundred and seventy eight, (880) eight hundred and eighty and other corresponding of the Federal Labor Law, to appear before the Local Board of Settlement and Arbitration with the employer's representation and the legal representation of the corporation for all the effect to establish the legal status and capacity in trial or out of it, with powers to make and answer interrogatories and carry out the interrogatories in all its parts; to appear with the entire and sufficient legal representation to the hearing of settlement, suit and remedies and offering of evidence, as to appear to the hearing for the carrying out of evidence; likewise, with powers to propose settlements, to make transactions, to negotiate and sign labor agreements and, in general, to initiate proceedings and actions of civil, commercial, criminal, labor, administrative or any other nature, being understood that the powers contained in this section are merely descriptive and not limited under any circumstance.

e) The powers of attorney granted on sections a), b), c), and d) above will have as limitations: a) the sale or encumbrance of the assets of the Corporation, b) adopting decisions regarding the sale or encumbrance of shares or quotas that the Corporation has with other companies, and c) the assumption of debts on behalf of the Corporation in any form. The authority to perform the aforesaid activities will be expressly reserved to the Board of Directors or the Shareholders' Meeting.

f) The attorney is granted with the authority to grant general or special powers of attorney, granting powers or authorities from among the above stated on a), b), c), and d) sections, with or without substitution, and to revoke those powers so granted; the aforesaid, limited to the content of subsection e) of this resolution.

--Messrs Jean-Alain Jullien and/or Pascal Gauthier and/or Jean-Jacques Grimaux and/or Pierre Rellet are granted with a special power of attorney so that they can perform the required actions in order to open bank accounts on behalf of Inmobiliaria Confinamina, S.A. de C.V. in any Mexican or foreign credit institution, authorize other persons so that with their signature they can dispose of the amounts deposited in the accounts, make deposits of any type, make withdrawals, to issue checks, give instructions so that wire transfers are made, and, in general, to give instructions regarding the disposal of the amounts deposited in the account or accounts of the Corporation in México and/or abroad.

-- Messrs. Pascal Gauthier, Jean-Jacques Grimaux, and Pierre Rellet are granted with the following powers of attorney that they will be able to exercise jointly or separately:

a) **General Power of Attorney for Lawsuits and Collections**, which is conferred with all the general and special powers which must be expressly granted, as provided in Articles 2,448 (two thousand four hundred and forty eight), first paragraph and 2,481 (two thousand four hundred and eighty one) of the Civil Code for the State of Nuevo Leon, and their corresponding Articles 2,554 (two thousand five hundred and fifty four), first paragraph, and 2,587 (two thousand five hundred and eighty seven) of the Civil Code for the Federal District and the correlative articles of the other civil codes of the federal states of the United Mexican States; being authorized, consequently and among other powers, to represent the Corporation before all kinds of authorities, bureaus, legal entities and organisms of federal, state or municipal level, notwithstanding their kind

and name that they might be, and before any kind of individual or legal entity; to file all kinds of suits, answer them and voluntarily dismiss them whenever it be considered convenient and pursue them in all their instances; to file appeals or remedies; to offer and carry out evidence; to interrogate witnesses and disqualify them; to waive terms or times; to waive any jurisdiction or competence whenever permitted by Law; to compromise and submit to arbitral proceedings; to make and answer interrogatories; to challenge or object judges; to receive payments; to make assignment of assets; to file denouncements, accusations or complaints of criminal nature and to dismiss them; to assist the Government Attorney as a co-party in criminal proceedings and to grant pardons; to file habeas corpus ("amparo") suits and dismiss them whenever convenes the Principal's interests; to represent the Corporation pursuant to and for the effects of the articles (11) eleven, (46) forty six, (47) forty seven, (134) one hundred and thirty four section (III) three, (523) five hundred and twenty three, (692) six hundred and ninety two, sections (I, II, and III) First, Second and Third, (786) seven hundred and eighty six, (787) seven hundred and eighty seven, (873) eight hundred and seventy three, (874) eight hundred and seventy four, (876) eight hundred and seventy six, (878) eight hundred and seventy eight, (880) eight hundred and eighty and other corresponding of the Federal Labor Law, to appear before the Local Board of Settlement and Arbitration with the employer's representation and the legal representation of the corporation for all the effect to establish the legal status and capacity in trial or out of it, with powers to make and answer interrogatories and carry out the interrogatories in all its parts; to appear with the entire and sufficient legal representation to the hearing of settlement, suit and remedies and offering of evidence, as to appear to the hearing for the carrying out of evidence; likewise, with powers to propose settlements, to make transactions, to negotiate and sign labor agreements and, in general, to initiate proceedings and actions of civil, commercial, criminal, labor, administrative or any other nature, being understood that the powers contained in this section are merely descriptive and not limited under any circumstance.

b) **General Power of Attorney for Acts of Labor Administration**, pursuant to that foreseen in articles 11 (eleven), 786 (seven hundred and eighty six) and 787 (seven hundred and eighty seven) of the Federal Labor Law, including expressly, but without being limited to, authorities to perform administration acts on labor matters such as the hiring and distribution of employees, the establishment of the duties that correspond to each position or labor areas and their compensation and, if applicable, the firing or promotion for all kind of workers and being able, as a consequence, to negotiate, execute, terminate and rescind all kind of labor contracts or agreements, to propose conciliatory settlements, to answer interrogatories in order to carry out depositions in all their parts and to represent the Corporation before all kinds of federal, state or municipal authorities, bureaus, entities and organisms, either judicial, administrative or of Labor nature, notwithstanding their kind and name that they might have and before any type of entity and individual, for any procedure and/or labor administrative proceeding and, in general, to bind the Corporation on labor matters in everything that concerns its administration.

c) The powers of attorney mentioned on subsections a) and b) above are granted to the referred attorneys with authority so that they can delegate them.

SIXTH: It is hereby agreed to grant Messrs. Andrés González Sandoval, Héctor Vargas Aguirre, and Rubén Alejandro Rodriguez Padilla a General Power of Attorney without authority to delegate according to the following terms:

**General Power of Attorney for Lawsuits and Collections** with all the general authority and special that requires a special clause according to the law, in the terms of articles 2448m first paragraph and 2481 of the Civil Code of the State of Nuevo León, as well as the articles 2554, 2587 of the Federal Civil Code and the corresponding ones from the civil codes of the other states of the country. Consequently, it is granted without any limitation, with authority to represent the corporation before individuals and before all type of authorities of any jurisdiction, whether federal, state, or municipalities, administrative, judicial, legislative or militaries, including labor boards and in general all type of courts and labor authorities. This power of attorney includes

CGEA0041289

the authority to desist, to transact, to submit to arbitral proceedings, to make and answer interrogatories, to challenge or object judges; to receive payments, to dismiss the amparo, to file denouncements, accusations or complaints of criminal nature and to dismiss them; to assist the Government Attorney as a co-party in criminal proceedings and to grant pardons as well as to submit preparatory remedies, acts of voluntary jurisdiction and in general any type of action or proceeding, in trial or outside court.

This power will be limited so that the appointed attorneys can only make assignment of property if they have a previous approval in writing form the Board of Directors of the Corporation.

SEVENTH: Dr. JUAN ANTONIO CUELLAR LOPEZ is granted with a Special Power for acts of management and disposal of property, sufficient and complied under law as may be necessary, so that he is able to transfer through a change in favor of Residuos Industriales Multiquim, S.A. de C.V. a surface of up to 700 hectares that form part of the 1,625 hectares that form the surface area identified as "Parcela No. 39" located in the municipality of Mina, N.L. that Inmobiliaria Confinamina, S.A. de C.V. acquired in property through the public deed number 8906 dated as of October 17, 200 granted before the Notary Public Mr. Héctor Villegas Olivares with exercise in the City of Monterrey, N.L. and filed before the Public Registry of Property under number 417, volume 39, book 5, Section of Property, Section Mina, N.L. on October 31, 2000 in exchange of receiving from Residuos Industriales Multiquim, S.A. de C.V. an equivalent surface that forms part of the property that borders it in which such company holds an authorization to operate as confinement of dangerous wastes that due to the difficult conditions of such property, it does not currently use for such purpose. The attorney us also authorized in order to perform any action and obtain from the competent authorities the permits or authorization that could be necessary for the effects herein mentioned. The attorney shall inform about the use of this power to the Board of Directors.

IV. Regarding the FOURTH and last POINT of the Agenda, the Meeting by unanimous vote, adopted the following RESOLUTION:

SEVENTH: Messrs. LIC. LUIS SANTOS THERIOT and LIC. JOSE GUADALUPE GONZALEZ MERAZ are appointed as SPECIAL DELEGATES of this Meeting so that in a joint or separate form they appear before the Notary public of their choice in order to protocolize the required parts of this Minute, revoke the appointments and powers referred above, institute the appointed officers and attorneys, grant them the authority and powers agreed by this Meeting, and in general to perform the required procedures in order to file the corresponding Public Deed of the aforesaid protocolization in the Public Registry of Property and Commerce, in case that would be necessary or convenient, formalizing the adopted Resolutions.

Without any other issue to deal with, this Meeting finished after being suspended by the proper time so that the Secretary could draft this Minute; following the Secretary read it and it was approved by unanimous vote, and was signed by the President, the Secretary of the Meeting, all the representatives of the shareholders and the Examiner according to the By-laws and Article 194 of the General Law of Commercial Corporations.

It is herein set forth that all the representatives of the shareholders were present since the beginning of this Meeting until it finished, as well as in the moment of taking each and every one of the adopted RESOLUTIONS.

A copy of this Minute in simple paper, the shown proxies, the Attendance List signed by the Attendants and duly certified by the appointed examiners and the other documents shown in the

Meeting are added as attachments of this Minute. The aforesaid forms the file of this Meeting that is kept in the files of the Secretary.

The Meeting was adjourned at the 15:00 hours of the day, month, and year mentioned at the beginning.

| | |
|---|---|
| MR. JEAN-ALAIN JULLIEN<br>PRESIDENT | LIC. LUIS SANTOS THERIOT<br>SECRETARY |
| SARP INDUSTRIES MEXICO, S.A. DE C.V. represented by MR. LUIS SANTOS THERIOT | COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. represented by MR. KEN LEVINE |

C.P. ALBERTO VAZQUEZ
EXAMINER

CGEA0041291

Meeting are added as attachments of this Minute. The aforesaid forms the file of this Meeting that is kept in the files of the Secretary.

The Meeting was adjourned at the 15:00 hours of the day, month, and year mentioned at the beginning.

| MR. JEAN-ALAIN JULLIEN | LIC. LUIS SANTOS THERIOT |
|---|---|
| PRESIDENT | SECRETARY |

| SARP INDUSTRIES MEXICO. S.A. DE C.V. represented by MR. LUIS SANTOS THERIOT | COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES. S.A. represented by MR. KEN LEVINE |
|---|---|

C.P. ALBERTO VAZQUEZ
EXAMINER

Meeting are added as attachments of this Minute. The aforesaid forms the file of this Meeting that is kept in the files of the Secretary.

The Meeting was adjourned at the 15:00 hours of the day, month, and year mentioned at the beginning.

| MR. JEAN-ALAIN JULLIEN | LIC. LUIS SANTOS THERIOT |
|---|---|
| PRESIDENT | SECRETARY |

| SARP INDUSTRIES MEXICO, S.A. DE C.V. represented by MR. LUIS SANTOS THERIOT | COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. represented by MR. KEN LEVINE |
|---|---|

C.P. ALBERTO VAZQUEZ
EXAMINER

CGEA0041293

## ATTENDANCE LIST

TO THE GENERAL ORDINARY SHAREHOLDERS' MEETING OF INMOBILIARIA CONFINAMINA S.A. DE C.V. THAT TOOK PLACE AT THE 14:00 HOURS OF NOVEMBER 14, 2000 IN LAZARO CARDENAS 2400 OFFICE PB-5, SAN PEDRO GARZA GARCIA, N.L. CORPORATE DOMICILE.

| SHAREHOLDERS | SHARES | | |
|---|---|---|---|
| | SERIES A FIXED | SERIES B VARIABLE | SIGNATURES |
| SARP INDUSTRIES MEXICO, S.A. DE C.V. represented by MR. LUIS SANTOS THERIOT | 495 | | _____ |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES represented by MR. KEN LEVINE | 5 | | _____ |
| SARP INDUSTRIES MEXICO, S.A DE C.V. represented by MR. LUIS SANTOS THERIOT | | 3,270,000 | _____ |
| | | | ████████ |
| TOTALS | 500 | 3,270,000 | |
| TOTAL CAPITAL STOCK | 3,270,500 | | |

The undersigned appointed as Tellers in order to verify the Attendance Quorum of this Meeting, CERTIFY that, after revising the Book of Registry of Shares, the submitted proxies, and this Attendance List the totality of the 3,270,500 shares of the Total Capital Stock of INMOBILIAIRIA CONFINAMINA, S.A. DE C.V. that represent 100% of the subscribed and paid capital stock of the Corporation are represented.

_____          _____
LIC. HECTOR VARGAS GARZA              LIC. GUILLERMO VARGAS AGUIRRE
        TELLER                                   TELLER

CGEA0041294

## ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS DE
## SARP INDUSTRIES MEXICO, S.A. DE C.V.

En San Pedro Garza García, Nuevo León, siendo las 9:00 horas del día 14 de noviembre del 2:000, se reunieron los representantes de accionistas, cuyos nombres y firmas aparecen en la Lista de Asistencia al efecto preparada y certificada por los Escrutadores designados, de la cual el original se agrega al expediente del duplicado de la presente Acta, con el objeto de celebrar una Asamblea General Ordinaria de Accionistas de SARP INDUSTRIES MEXICO, S.A. DE C.V. Asistió también el Presidente del Consejo de Administración Sr. JEAN-ALAIN JULLIEN.

Presidió la Asamblea el Sr. JEAN-ALAIN JULLIEN y actuó como Secretario el Sr. LIC. LUIS SANTOS THERIOT, quienes respectivamente fungen como Presidente y Secretario del Consejo de Administración de esta Sociedad.

El Presidente designó como Escrutadores a los Sres. KEN LEVINE y LIC. LUIS SANTOS THERIOT quienes después de aceptar sus cargos y examinar el número de acciones legalmente representadas elaboraron la Lista de Asistencia respectiva, misma que se agregará al expediente que se forme con motivo de esta Asamblea. En la mencionada Lista de Asistencia los Escrutadores certifican que se encuentra representada en esta Asamblea la totalidad de las acciones en que se divide el capital social de SARP INDUSTRIES MEXICO, S.A. DE C.V., como sigue:

| ACCIONISTAS | ACCIONES SERIE "F" | CAPITAL |
|---|---|---|

| | | |
|---|---|---|
| SICO, S.A., representada por el Sr. KEN LEVINE | 499 | $49,900.00 |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A., representada por el Sr. LIC. LUIS SANTOS THERIOT | 1 | $ 100.00 |
| TOTALES: | 500 | $50,000.00 |

Por consecuencia, el Presidente declaró legalmente instalada la Asamblea y con aptitud para tratar y resolver los diversos asuntos que la motivan, no obstante haberse omitido la publicación de la convocatoria, con fundamento en lo establecido por el artículo 188 de la Ley General de Sociedades Mercantiles.

La Asamblea, por unanimidad de votos de los representantes de los accionistas aprobó la declaratoria del Presidente y procedió a tratar los asuntos contenidos en el siguiente:

### ORDEN DEL DÍA

I.      Presentación, deliberación y, en su caso, aprobación de una propuesta para adquirir acciones representativas del capital social de RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. y de INMOBILIARIA CONFINAMINA, S.A. DE C.V. Adopción de las resoluciones pertinenentes.

II.     Presentación, deliberación y, en su caso, aprobación de una propuesta para otorgar un Poder Especial.

III.    Designación de Delegado o Delegados que se encarguen de formalizar las resoluciones que se adopten.

Dichos asuntos fueron tratados y resueltos de la siguiente manera:

I. El Presidente de la Asamblea informó que existe la posibilidad de que SARP INDUSTRIES MEXICO, S.A. DE C.V., adquiera las siguientes acciones:

a)    4,800 acciones que representan el 60% del capital social de RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. , y

b)    3'270,495 acciones que representan el 99.9999% del capital social de INMOBILIARIA CONFINAMINA, S.A. DE C.V.

Respecto de lo anterior, el Presidente informa que para poder llevar a cabo la mencionada adquisición de acciones era conveniente y necesario aprobar la referida adquisición y otorgar los poderes que resulten necesarios para tal efecto.

Los accionistas comentaron ampliamente lo expuesto por el Presidente de la Asamblea y, por unanimidad de votos adoptaron los siguientes ACUERDOS:

PRIMERO: Se aprueba que SARP INDUSTRIES MEXICO, S.A. DE C.V., celebre los contratos respectivos para adquirir las siguientes acciones:

a) 4,800 acciones que representan el 60% del capital social de RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. , y

b) 3'270,495 acciones que representan el 99.9999% del capital social de INMOBILIARIA CONFINAMINA, S.A. DE C.V.

SEGUNDO: Para poder llevar a cabo la adquisición de acciones mencionada en el ACUERDO que antecede, se autoriza a la Sociedad a adquirir y asumir, mediante la cesión de derechos y obligaciones correspondiente o bien por medio de los Contratos, Convenios o documentos

diversos que sean necesarios o convenientes, los derechos y obligaciones que le derivan a Compagníe Générale D'Entreprises Automobiles, S.A. y a Sarp Industries, S.A. de los Convenios denominados "Agreement for the Purchase of Stock of Residuos Industriales Multiquim, S.A. de C.V.", que, para los efectos de adquisición de las referidas acciones tiene celebrados las dos últimas empresas mencionadas por una parte, con el Sr. Ing. Héctor Vargas Garza y la empresa Valores Ecológicos, S.A. de C.V. y por la otra parte con la empresa Chemical Waste Management Inc. Asimismo, se aprueba y autoriza que SARP INDUSTRIES MEXICO, S.A. DE C.V., negocie y asuma el cumplimiento de otras obligaciones de pago que de los referidos Contratos resulten, ya sea de contado o diferida y para que, en este último caso, asuma dichas obligaciones mediante la suscripción de los Títulos de Crédito que resulten necesarios, incluyendo, en su caso, los denominados "Pagarés".

TERCERO: Se otorga en favor de los Sres. JEAN-ALAIN JULLIEN y PASCAL GAUTHIER, un Poder Especial para Actos de Administración y Cambiario, pero tan amplio cumplido y suficiente como en derecho sea necesario para que en nombre y representación de SARP INDUSTRIES MEXICO, S.A. DE C.V., conjuntamente o cualesquiera de ellos realicen todo tipo de gestiones, negociaciones y operaciones, para adquirir las acciones mencionadas en el ACUERDO PRIMERO de esta Asamblea y para tal efecto, se les autoriza a asumir, mediante la firma de los Contratos, Convenios o documentos que sean necesarios o convenientes, los derechos y obligaciones derivados de tal adquisición, así como para que asuman cualquier obligación de pago por las citadas acciones, ya sea de contado o diferida y para que, en este último caso, contraigan a nombre de la Sociedad dichas obligaciones mediante la suscripción de los Títulos de Crédito que resulten necesarios, incluyendo, en su caso, los denominados "Pagarés"..

II. El Presidente de la Asamblea informó que también se había presentado una propuesta sobre la necesidad de que esta Sociedad proceda

CGEA0041298

al otorgamiento de un Poder Especial para atender asuntos fiscales y firmar los documentos respectivos.

La propuesta presentada fue ampliamente comentada por los presentes quienes por unanimidad de votos adoptaron el siguiente ACUERDO:

**CUARTO:** Se otorga al Sr. ALBERTO VAZQUEZ un Poder Especial pero tan amplio cumplido y suficiente para que en nombre y representación de SARP INDUSTRIES MEXICO, S.A. DE C.V., realice todo tipo de gestiones y trámites de carácter fiscal, proceda a la elaboración, firma y presentación de todo tipo de declaraciones, avisos, solicitudes y demás documentos de carácter fiscal que deba presentar la Sociedad respecto de contribuciones propias o de terceros, que conforme a las leyes aplicables deba retener o recaudar, ante todo tipo de Autoridades, Departamentos, Dependencias y Oficinas fiscales, tanto federales, estatales o municipales, sea cual fuere su denominación.

**III.** Por lo que toca al tercer punto del Orden del Día, se propuso la designación de Delegados que se encarguen de formalizar las resoluciones adoptadas.

La Asamblea comentó la propuesta presentada y, por unanimidad de votos se adoptó el siguiente ACUERDO:

**QUINTO:** Se designan a los Señores Lic. LUIS SANTOS THERIOT, Lic. JOSE GUADALUPE GONZALEZ MERAZ, Lic. MARIO ALBERTO ZAMBRANO ABREGO y Lic. EDUARDO ANCIRA LARTIGUE como DELEGADOS de la presente Asamblea, a fin de que en forma conjunta o separada ocurran ante el Notario Público de su elección a protocolizar en lo conducente el Acta que se levante de la presente Asamblea, e instituir a los

CGEA0041299

apoderados designados y otorgarles los poderes y facultades en los términos acordados en esta Asamblea, y en general para gestionar la inscripción en el Registro Público de la Propiedad y del Comercio, correspondiente del Testimonio que de dicha protocolización se expida, en caso de así considerarse necesario o conveniente.

No habiendo otro asunto que tratar, se dio por terminada la presente Asamblea que se suspendió por el término prudente para que el Secretario procediera a levantar la presente Acta por duplicado; acto seguido el Secretario dio lectura a la misma, y por unanimidad de votos se aprobó, firmándose por el Presidente y el Secretario de la Asamblea.

Se hace constar que todos los representantes de los accionistas estuvieron presentes desde el inicio de la presente Asamblea hasta su total terminación, así como en el momento de tomarse todos y cada uno de los ACUERDOS adoptados.-

Se agrega al Apéndice de la presente Acta, un ejemplar de la misma en papel simple, adjuntándose a esta última las Cartas Poder exhibidas, la Lista de Asistencia suscrita por los Asistentes y debidamente certificada por los Escrutadores designados y demás documentos presentados en la Asamblea. Todo ello forma el expediente de esta Asamblea que se conserva en el archivo de la Secretaría.-

Se concluyó la Asamblea a las 10:15 horas del día, mes y año al principio señalados.-


SR. JEAN-ALAIN JULLIEN
PRESIDENTE

LIC. LUIS SANTOS THERIOT
SECRETARIO

CGEA0041300

## LISTA DE ASISTENCIA

**A LA ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS DE SARP INDUSTRIES MEXICO, S.A. DE C.V. , CELEBRADA A LAS 9:00 HORAS DEL DIA 14 DE NOVIEMBRE DEL 2000.**

| ACCIONISTAS | ACCIONES SERIE "F" | FIRMA |
|---|---|---|
| SICO, S.A., representada por el Sr. KEN LEVINE | 499 | |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A., representada por el Sr. LIC. LUIS SANTOS THERIOT | 1 | |
| TOTALES: | 500 | |

Los suscritos designados ESCRUTADORES para verificar el Quórum de Asistencia a la Asamblea de relación, HACEMOS CONSTAR que, habiendo revisado el Libro de Registro de Acciones, las Cartas Poder exhibidas y esta Lista de Asistencia se encuentran representadas la totalidad de las 50.000 acciones del Capital Social Total de SARP INDUSTRIES MEXICO, S.A. DE C.V., mismas que representan el 100% del capital social suscrito y pagado de la Sociedad.

SR. KEN LEVINE
ESCRUTADOR

LIC. LUIS SANTOS THERIOT
ESCRUTADOR

CGEA0041301


**CGEA**

## PROXY/CARTA PODER

San Pedro Garza Garcia, N.L.

November/Noviembre 9, 2000

MR.(SR.) KEN LEVINE

Present./Presente

Dear sir:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you can attend the General Ordinary Shareholders' Meeting of SARP INDUSTRIES MEXICO, S.A. DE C.V. that will take place on November 14, 2000 representing 499 Series "F" shares issued by the company SARP INDUSTRIES MEXICO, S.A. DE C.V. and owned by SICO, S.A. and so that thereat you may hear, discuss, and vote regarding all the issues to be dealt with at such Meeting.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Sincerely,

Muy señor nuestro:

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada SARP INDUSTRIES MEXICO, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 499 acciones Serie "F" emitidas por la citada sociedad SARP INDUSTRIES MEXICO, S.A. DE C.V. propiedad de SICO, S.A. y para que oiga, opine y vote sobre todos los asuntos que en dicha Asamblea hayan de tratarse.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Atentamente,

SICO, S.A.

By/Por: _Richard GONZALO_
Position/Cargo: _Member_

Testigo/Witness                    Testigo/Witness

**Compagnie Générale d'Entreprises Automobiles**
Société anonyme au capital de 105 064 768 euros • Siret 572 221 034 00778 • R.C.S 572 221 034 Nanterre
... • 163 avenue Georges Clemenceau • 92735 Nanterre Cedex
...

VIVENDI

CGEA0041302

 **CGEA**

## PROXY/CARTA PODER

San Pedro Garza García, N.L.

November/Noviembre 3, 2000

MR.(SR). LUIS SANTOS THERIOT

Present./Presente

Dear sir:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you can attend the General Ordinary Shareholders' Meeting of SARP INDUSTRIES MEXICO, S.A. DE C.V. that will take place on November 14, 2000 representing 1 Series "F" share issued by the company SARP INDUSTRIES MEXICO, S.A. DE C.V. and owned by COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. and so that thereat you may hear, discuss, and vote regarding all the issues to be dealt with at such Meeting.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Muy señor nuestro:

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada SARP INDUSTRIES MEXICO, S.A. DE C.V., que se celebrará el día 14 de noviembre del 2000, representando 1 acción Serie "F" emitida por la citada sociedad SARP INDUSTRIES MEXICO, S.A. DE C.V. propiedad de COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. y para que oiga, opine y vote sobre todos los asuntos que en dicha Asamblea hayan de tratarse.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Sincerely,

Atentamente,

COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A.

By/Por: Pascal GAUTHIER

Position/Cargo: Vice President

Testigo/Witness

Testigo/Witness

Compagnie Générale d'Entreprises Automobiles
Société anonyme au capital de 105 064 768 euros • Siret 572 221 034 00778 • R.C.S 572 221 034 Nanterre
Adresse Postale : 168 rue de Georges Clemenceau • 92735 Nanterre Cedex • www.cgea.com

**VIVENE**
Environnement

CGEA0041303

**(TRANSLATION FOR INFORMATION PURPOSES ONLY)**

### GENERAL SHAREHOLDERS' MEETING OF
### SARP INDUSTRIES MEXICO, S.A. DE C.V.

In the City of San Pedro Garza García, N.L. at being the 9:00 hours of November 14, 2000 the representatives of the shareholders, whose names and signatures appear in the Attendance List prepared and certified by the appointed Tellers whose original is attached to the file of the duplicate of this minute, gathered in order to hold a General Ordinary Shareholders' Meeting of SARP INDUSTRIES MEXICO, S.A. DE C.V. The President of the Board of Directors, Mr. JEAN-ALAIN JULLIEN was also present.

The Meeting was presided by Mr. JEAN-ALAIN JULLIEN and Mr. LUIS SANTOS THERIOT, who is the Secretary of the Board, acted with that same character in the Meeting.

The President appointed Messrs. KEN LEVINE and LUIS SANTOS THERIOT as Tellers, who after accepting that position and verifying the number of shares legally represented, prepared the corresponding Attendance List, same that will be attached to the file that is formed as a consequence of this Meeting. In the foregoing Attendance List the Tellers certify that all the shares of the Capital Stock of SARP INDUSTRIES MEXICO, S.A. DE C.V. are represented in this Meeting as follows:

| SHAREHOLDERS | SHARES SERIES F | CAPITAL |
|---|---|---|
| SICO, S.A. represented by MR. KEN LEVINE | 499 | $49,900.00 |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. represented by MR. LUIS SANTOS THERIOT | 1 | $100.00 |
| TOTALS | 500 | $50,000.00 |

As a consequence the President declared the Meeting legally installed and able to treat and resolve the issues that originated it, even though there was no publication of a previous Call, the aforesaid according to content of article 188 of the General Law of Commercial Corporations.

Afterwards, the Secretary read the following:

### AGENDA:

I.- Presentation, discussion, and, if applicable, approval of a proposal to acquire shares representative of the capital stock of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. and of INMOBILIARIA CONFINAMINA, S.A. DE C.V. Adoption of the pertinent resolutions.

II.- Presentation, discussion and, if applicable, approval of a proposal to grant a Special Power of Attorney.

CGEA0041304

III.- Appointment of Delegate or Delegates in charge of formalizing the adopted resolutions.

I. The President of the Meeting informed that the possibility exists that SARP INDUSTRIES MEXICO, S.A. DE C.V. acquires the following shares:

a) 4.8000 shares that represent 60% of the capital stock of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. and

b) 3'270.495 shares that represent 99.9999% of the capital stock of INMOBILIARIA CONFINAMINA, S.A. de C.V.

·Regarding the aforesaid, the President informed that in order to make the previous acquisition of shares it would be convenient and necessary to approve such acquisition and to grant the required powers of attorney for that effect.

The shareholders discussed what was mentioned by the President of the Meeting and, by unanimous vote adopted the following RESOLUTIONS:

FIRST: It is hereby approved that SARP INDUSTRIES MEXICO, S.A. DE C.V. executes the corresponding agreements to acquire the following shares:

a) 4.8000 shares that represent 60% of the capital stock of RESIDUOS INDUSTRIALES MULTIQUIM, S.A. DE C.V. and

b) 3'270.495 shares that represent 99.9999% of the capital stock of INMOBILIARIA CONFINAMINA, S.A. de C.V.

SECOND: In order to make the acquisition of shares mentioned in the previous RESOLUTION, the Corporation is authorized to acquire and assume, through the corresponding assignment of rights and obligations or through the agreements, covenants, or diverse documents that would be necessary or convenient, the rights and obligations that originate to Compagnie Générale D'Entreprises Automobiles, S.A. and to Sarp Industries, S.A. from the Covenants named "Agreement for the Purchase of Stock of Residuos Industriales Multiquim, S.A. de C.V." that, for the effects of acquisition of the referred shares the last two companies have executed on the one hand with Mr. Ing. Héctor Vargas Garza and the company Valores Ecológicos, S.A. de C.V. and on the other with the company Chemical Waste Management, Inc. Similarly, it is hereby approved and authorized that SARP INDUSTRIES MEXICO, S.A. DE C.V. negotiates and assumes the compliance of other payment obligations than the ones that result from the Agreements, whether paid in a direct or deferred form, and in this last case, assuming such obligations through the subscription of the Negotiable Instruments that would result necessary, including, if applicable, the ones named "Promissory Notes".

THIRD: It is hereby approved to grant in favor of Messrs. JEAN-ALAIN JULLIEN and PASCAL GAUTHIER, a Special Power of Attorney for Acts of Management and to Sign Negotiable Instruments, as ample, complied, and sufficient as may be necessary under Law so that in the name and representation of SARP INDUSTRIES MEXICO, S.A. DE C.V. in a joint or separate form any of them may make every type of procedures, negotiations, and operations in order to acquire the shares mentioned in the FIRST RESOLUTION of this Meeting and for that effect, they are authorized to assume, through the execution of the Agreements, Covenants or documents that are necessary or convenient, the rights and obligations that originate from such

CGEA0041305

acquisition, and so that they may assume any payment obligation for the mentioned shares, whether paid directly or in a deferred form and so that in the last case they may obtain in the name of the Corporation such obligations through the subscription of the Negotiable Instruments that would result necessary including, if applicable, the ones names "Promissory Notes".

II. The President of the Meeting informed that a proposal regarding the grant of a Special Power of Attorney to attend tax issues and to sign the corresponding documents due to the requirements of the Corporation was also submitted.

The proposal submitted was widely discussed by the present who, by unanimous vote, adopted the following RESOLUTION:

FOURTH: It is hereby approved to grant Mr. ALBERTO VAZQUEZ with a Special Power of Attorney as ample, complied, and sufficient so that in the name and representation of SARP INDUSTRIES MEXICO, S.A. DE C.V. he makes all type of procedures and proceedings of tax nature, proceeds to prepare, sign and submit all type of tax returns, notices, requests and other documents of tax nature that the Corporation shall submit regarding contributions from itself or from third parties, that it shall withdraw or retain according to the laws, before all type of Authorities, Departments, and tax Offices, from the federal, state or municipal level, whichever their name may be.

III. Regarding the THIRD point of the Agenda, the appointment of Delegates in charge of formalizing the adopted resolutions was proposed.

The Meeting by unanimous vote, adopted the following RESOLUTION:

FIFTH: Messrs. Lic. LUIS SANTOS THERIOT, Lic. JOSE GUADALUPE GONZALEZ MERAZ, Lic. MARIO ALBERTO ZAMBRANO ABREGO, and Lic. EDUARDO ANCIRA LARTIGUE are appointed as DELEGATES of this Meeting so that in a joint or separate form they appear before the Notary public of their choice in order to protocolize the required parts of this Minute, to appoint the referred attorneys and grant them the powers defined above and to perform the required procedures in order to file the corresponding Public Deed of the aforesaid protocolization in the Public Registry of Property and Commerce, in case that would be necessary or convenient, formalizing the adopted Resolutions.

Without any other issue to deal with, this Meeting finished after being suspended for the proper time so that the Secretary could draft this Minute; following, the Secretary read it and it was approved by unanimous vote, and was signed by the President and the Secretary of the Meeting and the Examiner.

It is herein set forth that all the shareholders and representatives of shareholders were present since the beginning of this Meeting until it finished, as well as in the moment of taking each and every one of the adopted RESOLUTIONS.

A copy of this Minute in simple paper, the shown proxies, the Attendance List signed by the Attendants and duly certified by the appointed tellers and the other documents shown in the Meeting are added as attachments of this Minute. The aforesaid forms the file of this Meeting that is kept in the files of the Secretary.

The Meeting was adjourned at the 10:15 hours of the day, month, and year mentioned at the beginning.

CGEA0041306

MR. JEAN-ALAIN JULLIEN
PRESIDENT

LIC. LUIS SANTOS THERIOT
SECRETARY

CGEA0041307

## ATTENDANCE LIST

TO THE GENERAL ORDINARY SHAREHOLDERS' MEETING OF SARP INDUSTRIES MEXICO, S.A. DE C.V. THAT TOOK PLACE AT BEING THE 9:00 HOURS OF NOVEMBER 14, 2000.

| SHAREHOLDERS | SHARES SERIES F | SIGNATURES |
|---|---|---|
| SICO, S.A. represented by MR. KEN LEVINE | 499 | _____ |
| COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. represented by MR. LUIS SANTOS THERIOT | 1 | _____ |
| TOTALS | 500 | |

The undersigned appointed as Tellers in order to verify the Attendance Quorum of this Meeting, CERTIFY that, after revising the Book of Registry of Shares, the proxies submitted and this Attendance List the totality of the 500 shares of the Total Capital Stock of SARP INDUSTRIES MEXICO, S.A. DE C.V., that represent 100% of the subscribed and paid capital stock of the Corporation, are represented.


MR. KEN LEVINE                              MR. LUIS SANTOS THERIOT
TELLER                                              TELLER

CGEA0041310

**MINERA LA FE DEL NORTE, S.A. DE C.V.**
**ACTA DE ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS**
**OCTUBRE 27, 2000**

En la ciudad de Monterrey, N.L., domicilio social de **MINERA LA FE DEL NORTE, S.A. DE C.V.** siendo las (9:30) horas del día (27) de octubre del (2000) se reunieron, los representantes de accionistas cuyos nombres y firmas aparecen en la Lista de Asistencia al efecto preparada y certificada por los Escrutadores designados, de la cual el original se agrega al expediente del duplicado de la presente Acta, con el objeto de celebrar una Asamblea General Ordinaria de Accionistas a la cual fueron debidamente citados. Estuvieron también presentes los Señores Ing. HECTOR VARGAS GARZA y C.P. AMEL CIENFUEGOS PECINO, Administrador Unico y Comisario de la Sociedad, respectivamente.

Presidió la Asamblea el Sr. Ing. HECTOR VARGAS GARZA, en su calidad de Administrador Unico de la Sociedad y por unanimidad de votos de los accionistas actuó como Secretario el Sr. LIC. HECTOR VARGAS AGUIRRE, esto de conformidad con los Estatutos Sociales.-

propuesta del Presidente, por unanimidad de votos la Asamblea designó Escrutadores a los Señores LIC. HECTOR VARGAS AGUIRRE y Lic. GUILLERMO VARGAS AGUIRRE quienes aceptaron sus cargos y procedieron a verificar la correspondiente Lista de Asistencia, el Registro de Acciones y las Cartas Poder exhibidas, certificando que en la Asamblea de relación se encontraron legalmente representadas las 1,140 Acciones en que se encuentra dividido el capital social total de la Sociedad y por ende el quórum a que se refieren los Estatutos Sociales para declarar legítimamente instalada la Asamblea, distribuidas de la siguiente manera:

| ACCIONISTAS | ACCIONES PARTE FIJA SERIE A |
|---|---|
| VALORES ECOLOGICOS, S.A. DE C.V. Representada por el LIC. HECTOR VARGAS AGUIRRE | 99 |
| SERVICIOS ADMINISTRATIVOS ORVA, S.A. DE C.V. Representada por el LIC. GUILLERMO VARGAS AGUIRRE | 1 |
| TOTAL CAPITAL FIJO | 100 |

| ACCIONISTAS ACCIONES PARTE VARIABLE SERIE B | |
|---|---|
| VALORES ECOLOGICOS, S.A. DE C.V. Representada por el LIC. HECTOR VARGAS AGUIRRE | 1,040 |
| TOTAL CAPITAL VARIABLE | 1,040 |
| TOTAL CAPITAL SOCIAL | 1,140 |

CGEA0041311

En virtud de la certificación de los Escrutadores respecto de haberse encontrado representado el JO% de las acciones representativas del Capital Social total suscrito y pagado de la Sociedad, el Presidente declaró legalmente instalada la Asamblea y apta para tratar y resolver los asuntos que la motivan, a pesar de no haberse publicado Convocatoria previa, de conformidad con lo dispuesto por los Estatutos Sociales.

Acto seguido, el Secretario dio lectura, a la siguiente:-

### ORDEN DEL DIA:

I.- PRESENTACION DE LA PROPUESTA PARA VENDER ACCIONES EMITIDAS POR LA SOCIEDAD INMOBILIARIA CONFINAMINA, S.A. DE C.V.-

II.- NOMBRAMIENTO DE DELEGADO O DELEGADOS ESPECIALES PARA FORMALIZAR LOS ACUERDOS ADOPTADOS, EN SU CASO.

I.- Con respecto al desahogo del PRIMER PUNTO contenido en la Orden del Día, el Secretario dio lectura a la propuesta presentada a esta Asamblea para enajenar la totalidad de las 5 acciones emitidas por la Sociedad Inmobiliaria Confinamina, S. A. de C.V. de las que es propietaria Minera la Fe del Norte, S.A. de C.V. -

Discutida que fue la proposición anterior, la Asamblea por unanimidad de votos tomó el siguiente ACUERDO:

PRIMERO:    Se autoriza la enajenación del total de las 5 acciones emitidas por la Sociedad Inmobiliaria Confinamina, S.A. de C.V. que representan el 0.001% del capital social de dicha Sociedad, propiedad de MINERA LA FE DEL NORTE, S.A. de C.V. a favor de COMPANIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A., en los términos que se consideren más convenientes para la Sociedad.

SEGUNDO:    Se autoriza al Ing. HECTOR VARGAS GARZA para que, en el ejercicio de los poderes y facultades que ya tiene como Administrador Unico de esta Sociedad celebre y firme el Contrato de Compraventa respectivo y todos los demás actos jurídicos que sean necesarios para llevar a cabo la transacción mencionada en el ACUERDO anterior, y se ratifican los actos previos que para ese mismo efecto hubiere realizado.

II.- Con respecto al desahogo del SEGUNDO y último PUNTO contenido en la Orden del Día, la Asamblea por unanimidad de votos, tomó el siguiente ACUERDO:

**TERCERO:** Se designan a los Señores LIC. HECTOR VARGAS AGUIRRE Y LIC. GUILLERMO VARGAS AGUIRRE como DELEGADOS ESPECIALES de la presente Asamblea, a fin de que en forma conjunta o separada ocurran ante el Notario Público de su elección a protocolizar en lo conducente el Acta que se levante de la presente Asamblea y gestionar la inscripción en el Registro Público de la Propiedad y del Comercio, correspondiente del Testimonio que de dicha protocolización se expida, en caso de así considerarse necesario o conveniente, formalizando los Acuerdos adoptados.-

No habiendo otro asunto que tratar, se dió por terminada la presente Asamblea que se suspendió por el término prudente para que el Secretario procediera a levantar la presente Acta por duplicado; acto seguido el Secretario dió lectura a la misma, y por unanimidad de votos se aprobó, firmándose por el Presidente y el Secretario de la Asamblea, todos los representantes de los accionistas y el Comisario. -

Se hace constar que todos los representantes de los accionistas estuvieron presentes desde el inicio de la presente Asamblea hasta su total terminación, así como en el momento de tomarse todos y cada uno de los ACUERDOS adoptados.-

Se agrega al Apéndice de la presente Acta, un ejemplar de la misma en papel simple, adjuntándose a esta última las Cartas Poder exhibidas, la Lista de Asistencia suscrita por los Asistentes y debidamente certificada por los Escrutadores designados y demás documentos presentados en la Asamblea. Todo ello forma el expediente de esta Asamblea que se conserva en el archivo de la Secretaria.-

Se concluyó la Asamblea a las 10:30 horas del día, mes y año al principio señalados.-


ING. HECTOR VARGAS GARZA
PRESIDENTE

LIC. HECTOR VARGAS AGUIRRE
SECRETARIO


VALORES ECOLOGICOS, S.A. DE C.V.
Representada por el LIC. HECTOR VARGAS AGUIRRE

SERVICIOS ADMINISTRATIVOS ORVA, S.A. DE C.V.
Representada por el LIC. GUILLERMO VARGAS AGUIRRE


C.P. AMEL CIENFUEGOS PECINO
COMISARIO

CGEA0041313

## LISTA DE ASISTENCIA

A LA ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS DE MINERA LA FE DEL NORTE, S.A. DE C.V. CELEBRADA A LAS 9:30 HORAS DEL DIA 27 DE OCTUBRE DEL 2000, EN MONTERREY, N.L. DOMICILIO SOCIAL.-

| ACCIONISTAS | ACCIONES PARTE FIJA SERIE A | FIRMAS |
|---|---|---|
| VALORES ECOLOGICOS, S.A. DE C.V. Representada por el LIC. HECTOR VARGAS AGUIRRE | 99 | |
| SERVICIOS ADMINISTRATIVOS ORVA, S.A. DE C.V. Representada por el LIC. GUILLERMO VARGAS AGUIRRE | 1 | |
| TOTAL CAPITAL FIJO | 100 | |

| ACCIONISTAS | ACCIONES PARTE VARIABLE SERIE B | FIRMAS |
|---|---|---|
| VALORES ECOLOGICOS, S.A. DE C.V. Representada en por el LIC. HECTOR VARGAS AGUIRRE | 1,040 | |

Los suscritos designados ESCRUTADORES para verificar el Quórum de Asistencia a la Asamblea de relación, HACEMOS CONSTAR que, habiendo revisado el Libro de Registro de Acciones, las Cartas Poder exhibidas y esta Lista de Asistencia, se encuentran representadas la totalidad de las 1,140 acciones del Capital Social Total de MINERA LA FE DEL NORTE, S.A. DE C.V., mismas que representan el 100% del capital social suscrito y pagado de la Sociedad.

LIC. HECTOR VARGAS AGUIRRE
ESCRUTADOR

LIC. GUILLERMO VARGAS AGUIRRE
ESCRUTADOR

CGEA0041314

## PROXY/CARTA PODER
### San Pedro Garza García, N.L.
#### October/Octubre 16, 2000

MR.(SR). HECTOR VARGAS AGUIRRE

Present./Presente

Dear sir:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you can appear before the General Ordinary Shareholders' Meeting of MINERA LA FE DEL NORTE, S.A. DE C.V. that will take place on October 27, 2000 representing 99 Series "A" shares and 1,040 Series "B" shares, all of them issued by the company MINERA LA FE DEL NORTE, S.A. DE C.V. and owned by VALORES ECOLOGICOS, S.A. DE C.V. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Sincerely,

Muy señor nuestro:

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada MINERA LA FE DEL NORTE, S.A. DE C.V., que se celebrará el día 27 de octubre del 2000, representando 99 acciones Serie "A" y 1,040 acciones Serie "B", todas emitidas por la citada sociedad MINERA LA FE DEL NORTE, S.A. DE C.V. propiedad de VALORES ECOLOGICOS, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Atentamente,

VALORES ECOLOGICOS, S.A. DE C.V

By/Por: ING. HECTOR VARGAS GARZA
Position/Cargo: Sole Administrator/Administrador Unico

Testigo/Witness

Testigo/Witness

CGEA0041315

# PROXY/CARTA PODER

San Pedro Garza García, N.L.

October/Octubre 24, 2000

**MR.(SR). GUILLERMO VARGAS AGUIRRE**

Present./Presente.

Dear sir:

Muy señor nuestro:

Through this letter we grant you a SPECIAL PROXY, as broad, complied, and sufficient as may be necessary under law, so that you attend the General Ordinary Shareholders' Meeting of MINERA LA FE DEL NORTE, S.A. DE C.V. that will take place on October 27, 2000 representing 1 share issued by the company MINERA LA FE DEL NORTE, S.A. DE C.V. and owned by SERVICIOS ADMINISTRATIVOS ORVA, S.A. DE C.V. and so that thereat you may hear, discuss, and vote regarding the issues to be dealt with at such Meeting.

Por medio de la presente otorgamos a Usted un PODER ESPECIAL, tan amplio, cumplido y suficiente, cuanto en derecho sea necesario para asistir a la Asamblea General Ordinaria de Accionistas de la sociedad denominada MINERA LA FE DEL NORTE, S.A. DE C.V., que se celebrará el día 27 de octubre del 2000, representando 1 acción emitida por la citada sociedad MINERA LA FE DEL NORTE, S.A. DE C.V., propiedad de SERVICIOS ADMINISTRATIVOS ORVA, S.A. DE C.V. y para que oiga, opine y vote sobre los asuntos que en dicha Asamblea hayan de tratarse.

Of course we bind ourselves to be and pass through everything that you perform within the limits of this proxy.

Desde luego nos obligamos a estar y pasar por todo lo que usted realice dentro de los límites del presente poder.

Sincerely,

Atentamente,

SERVICIOS ADMINISTRATIVOS ORVA, S.A. DE C.V.

By/Por: ING. HECTOR VARGAS GARZA
Position/Cargo: Sole Administrator/Administrador Unico

Testigo/Witness

Testigo/Witness

CGEA0041316