# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT    MUSCAT
HOUSTON      NEWARK
LONDON       PARIS
MEXICO CITY  STAMFORD
             WASHINGTON

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
VOICE MAIL 212-696-6028
E-MAIL info@cm-p.com
INTERNET www.cm-p.com

WRITER'S DIRECT:
TELEPHONE 212-696-6046
E-MAIL bkingham@cm-p.com

→ Briana

## FAX TRANSMISSION

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, YOUR USE, RETENTION AND DISSEMINATION OF THIS COMMUNICATION ARE STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE. THANK YOU.

**PLEASE DELIVER these 5 page(s), including this page:**

| | | | |
|---|---|---|---|
| TO | : Lucy McGrath, Esq. | FAX NO.: | 011-33-1-49-53-57-80 |
| CC | : Jan Paulsson, Esq.<br>Joseph A. Huse, Esq. | : | 011-33-1-44-56-44-00 |
| FROM | : T. Barry Kingham | DATE | : June 13, 2002 |
| FILE NO.: | 080597-000001 | RE | : Case. No. 12 125/JNK |

**REMARKS:**

Please see the attached two letters.

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

FRANKFURT   MUSCAT
HOUSTON    NEWARK
LONDON     PARIS
MEXICO CITY STAMFORD
MILAN      WASHINGTON

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
VOICE MAIL 212-696-6028
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TELEPHONE 212-696-6046
E-MAIL BKINGHAM@CM-P.COM

June 13, 2002

**VIA FACSIMILE**

Lucy McGrath, Esq.
Assistant Counsel
Secretariat
ICC International Court of Arbitration
International Chamber of Commerce
38, Cours Albert 1er
75008 Paris, France

Re: <u>CGEA ONYX, et al. v. VALORES ECOLOGICOS
S.A. de C.V. et ano., No. 12 125/JNK</u>

Dear Ms. McGrath:

We are the attorneys for the respondents in this arbitration, Valores Ecologicos S.A. de C.V. and Hector Vargas Garza (collectively, "Valores"). I write in response to your letter dated June 6, 2002.

**Request for Extension:** pursuant to Article 5(2) of the ICC Rules we request an extension of time within which to file respondents' Answer. I understand that ICC records reflect that respondents received your letter of May 10, 2002 on May 14, 2002. Accordingly, the normal period within which to file an Answer would expire today, June 13, 2002. We request an extension of the time limit to thirty days after resolution of the consolidation issue referred to in your June 6 letter.

**Nomination of Arbitrator:** pursuant to Article 5(2) of the ICC Rules, we advise you that the agreement between claimants and Valores calls for the appointment of three arbitrators: one selected by Valores, one selected by the claimants and one selected by those two party-selected arbitrators. Valores hereby nominates as its arbitrator:

CURTIS MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Lucy McGrath, Esq.
June 13, 2002

Steven A. Hammond, Esq.
One Battery Park Plaza
New York, NY 10004-1482
Telephone: 212-837-6253
Facsimile: 212-422-4726
e-mail: hammond@hugheshubbard.com

Sincerely yours,

T. Barry Kingham

cc: Jan Paulsson, Esq.
    Joseph A. Huse, Esq.

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

FRANKFURT   MUSCAT
HOUSTON    NEWARK
LONDON     PARIS
MEXICO CITY STAMFORD
MILAN      WASHINGTON

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
VOICE MAIL 212-696-6028
E-MAIL INFO@CM-P.COM
INTERNET WWW.CM-P.COM

WRITER'S DIRECT:
TELEPHONE 212-696-6046
E-MAIL BKINGHAM@CM-P.COM

June 13, 2002

**VIA FACSIMILE**

Lucy McGrath, Esq.
Assistant Counsel
Secretariat
ICC International Court of Arbitration
International Chamber of Commerce
38 Cours Albert 1er
75008 Paris, France

> Re:   CGEA ONYX, et al. v. VALORES ECOLOGICOS
>       S.A. de C.V. et ano., No. 12 125/JNK

Dear Ms. McGrath:

We are the attorneys for the respondents in this arbitration, Valores Ecologicos S.A. de C.V. and Hector Vargas Garza.

Claimants have nominated Robert Abrams, Esq. of New York as their arbitrator. We understand that claimants have also nominated Mr. Abrams as their arbitrator in Case No. 12 124/JNK, a separate and distinct arbitration against Waste Management, Inc. and Chemical Waste Management, Inc. to which Valores is not a party. In their Request for Arbitration in the instant case, No. 12 125/JNK, claimants have detailed the interrelation and similarities they believe exist between Case No. 12 124/JNK and 12/125JNK. Claimants state, at page 9, "[t]he disputes are interrelated."

Fundamental fairness requires that the same person should not act as an arbitrator in separate proceedings raising similar issues, a principle recognized by distinguished commentators See, for example, Reymond, *Des Connaissance Personnelles de l'Arbitre a son Information Priviligee*, Revue de 'Arbitrage 1991, cited with approval in Craig/Park/Paulsson, International Chamber of Commerce Arbitration, 3rd Ed., 2000, p. 233, n. 64. Knowledge acquired by the arbitrator in one proceeding may impact upon the Arbitral Tribunal in the other proceeding: the arbitrator may feel compelled to withhold from his co-arbitrators information or

WD97-NY 446601.1

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Jennifer Kirby, Esq.
June 13, 2002

opinions that are pertinent to the formation of his decision; or, conversely, the arbitrator may share his information with the other arbitrators and cause the Tribunal to base its decision on confidential or other information not submitted by, or to, the parties. This would risk infringing the party's right to be informed of and confront any evidence used against him. Id.

Furthermore, should an award be rendered in one proceeding before termination of the other proceeding, the arbitrator, the Tribunal -- and the second award -- would be exposed to criticism and challenge on the basis that the second award was biased because it must have been influenced by the proceedings and award in the first case.

Under these circumstances, we do not believe it is appropriate for Mr. Abrams to act as arbitrator in both cases and accordingly must challenge his appointment in Case No. 12 125/JNK pursuant to Article 11(1) of the ICC Rules.

Sincerely yours,

T. Barry Kingham

cc: Jan Paulsson, Esq.
Joseph A. Huse, Esq.

WD97 NY 446601.1