Lawrence W. Newman
805 Third Avenue
29th Floor
New York, New York 10022

April 2, 2003

<u>VIA E-MAIL</u>

Joseph A. Huse, Esq.
Freshfields Bruckhaus Deringer
69 Boulevard Haussmann
75008 Paris
France
joseph.huse@freshfields.com

T. Barry Kingham
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178
bkingham@cm-p.com

> RE: ICC Arbitration – File No. 12 125/JNK:
> 1. CGEA ONYX, S.A., formerly known as COMPAGNIE GENERALE D'ENTREPRISES AUTOMOBILES, S.A. (France), 2. SARP INDUSTRIES, S.A. (France), 3. SARP INDUSTRIES MEXICO S.A. DE C.V. (Mexico) vs/ 1. MR. HECTOR VARGAS GARZA (Mexico) 2. VALORES ECOLOGICOS S.A. DE C.V. (Mexico)

Dear Sirs:

Procedural Order No. 5

  The parties' representatives and the arbitral tribunal met in New York, New York, on Monday, March 24, 2003, for the preparation and signing of Terms of Reference and for discussion of a timetable to be filed for the conduct of the arbitration. Pursuant thereto the Tribunal issues the following Procedural Order No. 5.

  1. Within 45 days of March 24, 2003, or no later than May 8, 2003, the parties will provide copies to one another of (a) all documents on which they intend to rely in this proceeding and (b) all documents, whether favorable or unfavorable, that

[NYC] 399361.1

Joseph A. Huse, Esq.
T. Barry Kingham
April 2, 2003
Page 2

concern issues raised by the parties in their contentions in the Terms of Reference in these arbitral proceedings. The term "documents" is intended to refer to writings of every kind, including both those kept in paper and electronic (*e.g.*, e-mail) form. The parties are urged to provide documents as they become available, rather than all at the end of the 45-day period.

2.   Disputes concerning the scope of discovery and compliance with this Procedural Order are to be resolved, to the extent possible, by agreement of the parties. If the parties are unable to agree, they shall, within 30 days after the end of the said 45-day period refer such disputes to the Tribunal for resolution.

3.   Within 60 days after receipt by the parties of data resulting from a study to be conducted by Mr. William Gaherty in ICC Case No. 12 124/JNK and expected to be concluded in September 2003, the parties will simultaneously deliver to one another and to the arbitrators memorials setting forth in detail their arguments and their evidence in support of their positions regarding the claims in this case, including all documents on which they intend to rely and detailed statements of all witnesses whom they wish to present. Within 30 days thereafter, the parties will deliver to one another and to the arbitrators their responses to the submissions of their adversaries, making presentations of the same nature in reply to the contentions and arguments made by their adversaries and in further support of their cases.

4.   Hearings will be held before the arbitrators in New York, New York, for one week beginning on each of the following dates:

> January 19, 2004
> February 9, 2004
> March 8, 2004

The first two weeks referred to above will be for the presentation by the parties of the testimony of their witnesses, whose direct testimony will be through the witness statements provided by the parties with their memorials referred to in paragraph 3 above. Expert witnesses presented by the parties will present their direct testimony through written reports that will be submitted to the arbitrators and the parties in advance of the hearings, as agreed to by the parties or, failing such agreement, as ordered by the arbitrators. The hearing beginning on March 8, 2004 will primarily be for the presentation by the parties of their final arguments. It is not contemplated that there will be post-hearing briefs.

### Interim Relief Requested

5.   The parties have raised certain issues regarding Section 1.5 of the Agreement for the Purchase of Stock of Residuos Industriales Multiquim, S.A. de C.V. dated August 26, 2000 (the "Agreement"). Within fifteen days of March 24, 2003, or no

[NYC] 399361.1

Joseph A. Huse, Esq.
T. Barry Kingham
April 2, 2003
Page 3

later than April 8, 2003, the Respondents will present their application for interim relief and arguments in support thereof. No later than 20 days thereafter, the Claimants will present their written responses thereto. The Respondents will have five business days thereafter to reply in writing to the Claimants' response.

6. Within 30 days of March 24, 2003, or no later than April 23, 2003, the Claimants will present in writing their application and arguments in support thereof with respect to certain promissory notes referred to in the Agreement and their present or future enforceability. The Respondents will have 30 days thereafter, or no later than May 23, 2003, to present their written responses and the Claimants will have five business days thereafter to reply to the Respondents.

7. The parties have a dispute concerning the non-compete agreement referred to in the Agreement and wish to present arguments to the Arbitral Tribunal concerning, *inter alia*, the enforceability of that non-compete agreement. Within 15 days of March 24, 2003, or no later than April 8, 2003, Respondents will present in writing their application with respect to this matter. Within 30 days thereafter, or no later than May 8, 2003, the Claimants will present their written responses thereto and the Respondents will have five business days thereafter to reply.

Lawrence W. Newman,
Chairman, for the Tribunal

LWN/lmv

cc:   Jennifer Kirby, Esq. (arb@iccwbo.org)
      Steven Hammond, Esq.
      Job Taylor III, Esq.

[NYC] 399361.1